Exhibit "7"

and other official actions. Every rule, determination, regulation, amendment or appeal thereof and every order, requirement and decision of the Board shall promptly be filed in the office of the Board and in the office of the Village Clerk.

## § 130-28. Powers and duties.

A.　General. The Board of Appeals shall have all of the powers and duties prescribed by the Village Law and by this chapter, which powers and duties are summarized and more particularly specified in the following, provided that none of the following sections shall be deemed to limit any of the powers of the Board of Appeals that are conferred by the Village Law. In passing upon any matter before it, the Board shall take into specific consideration the goals of this chapter.

B.　Rules and regulations. The Board of Appeals may adopt such rules and regulations as are necessary or proper to the performance of its powers and duties hereunder and may amend or repeal the same.

C.　Nonconforming uses. The Board of Appeals is authorized to extend the permitted period for cessation of a nonconforming use in accordance with the requirements of § 130-15B(5) of this chapter; to review and approve, approve with modifications or disapprove a plan for reconstruction of a nonconforming building in accordance with the requirements of § 130-15D(2) of this chapter; to permit the change of a nonconforming use to another nonconforming use in accordance with § 130-15E of this chapter; and to review and approve, approve with modifications or disapprove a plan for the improvement of a nonconforming use in accordance with § 130-15F of this chapter.

D.　Variances. On appeal from an order, requirement, decision or determination made by an administrative official charged with the enforcement of this chapter or on referral of an applicant to the Board by an approving agency acting pursuant to this chapter, the Board of Appeals is authorized to vary or modify the strict letter of this chapter where its literal interpretation would cause practical difficulties or unnecessary hardships, as defined in this subsection, in such manner as to observe the spirit of the chapter, secure public safety and welfare and do substantial justice.

　(1)　Use variances. Where, because of unnecessary hardship relating to the land, an applicant desires to utilize land for a use not allowed in the district in which the land is located, the Board may grant a variance in the application of the provisions of this chapter in the specific case, provided that as a condition to the grant of any such variance, the Board shall make each of the following findings:

　　(a) After considering all permitted uses, that the property in question cannot yield a reasonable return if used only for a purpose allowed in that district.

　　(b) That the plight of the owner is due to unique circumstances affecting the property which is the subject of the application and not to general conditions in the neighborhood.

(c) That the use to be authorized by the variance will not alter the essential character of the locality.

(d)      That the use to be authorized by the variance is in reasonable harmony with the intent of this chapter.

(e) That the unnecessary hardship claimed as a ground for the variance has not been created by the owner or by a predecessor in title. Mere purchase of the land subject to the restrictions sought to be varied shall not itself constitute a self-created hardship.

(f) That within the intent and purposes of this chapter the variance, if granted, is the minimum variance necessary to afford relief. To this end, the Board may permit a lesser variance than that applied for.

(2)    Area variances. Where, because of practical difficulty, an applicant requests a variance of the lot area or other dimensional requirements of this chapter, the Board may grant a variance in the application of the provisions of this chapter in the specific case, provided that as a condition to the grant of any such variance, the Board shall make a specific finding that the application of the requirements of this chapter to the land in question creates such practical difficulty. In making this determination, the Board shall make each and every one of the following findings:

(a) That the variation is not substantial in relation to the requirement.

(b) That the effect of any increased population density which may thus be produced upon available services and facilities is not significant.

(c) That a substantial change in the character of the neighborhood or a substantial detriment to adjoining properties will not be created.

(d)      That the difficulty cannot be alleviated by some method feasible for the applicant to pursue other than a variance.

(e) That, in view of the manner in which the difficulty arose and considering all of the above factors, the interests of justice will be served by allowing the variance.

(f) That the variation would not cause adverse aesthetic, environmental or ecological impacts on the property or on surrounding areas.

E.    Special use permits. [Added 2-28-1994 by L.L. No. 1-1994[101]]

(1)    General provisions. Special permit uses are listed in §§ 130-9C and 130-10D of the Pomona Village Code. Special permit uses for which conformance with additional standards is required by this chapter are deemed to be permitted uses

---

[101]. Editor's Note: This local law also provided for the relettering of former Subsections E and F as Subsections F and G, respectively.

in their respective districts, subject to the satisfaction of the requirements and standards set forth herein, in addition to all other requirements of this chapter. All such uses are declared to possess such unique and special characteristics of such unique and special forms that each specific permit shall be considered as an individual case.

(2)    Approving agency. The Zoning Board of Appeals shall be the approving agency for all special use permits, except those designated by §§ 130-9C and 130-10D and E to be approved by the Board of Trustees. [Amended 5-18-1998 by L.L. No. 2-1998]

(3)    Informal application. Applicants are encouraged to submit a preliminary, informal application and to discuss it with the appropriate permitting Board prior to formal submission of a complete and detailed special permit application. The informal application should include a schematic plan showing the general layout of the property and the proposed use. The schematic plan should be submitted to the appropriate Board not less than three weeks prior to the date of the Board meeting at which it is to be considered. At that meeting, the Board shall review the schematic plan and may schedule a field inspection of the site. The Board shall notify the applicant of any changes recommended prior to the preparation of a complete site plan.

(4)    Formal application.

(a) Submission. Formal application for a special permit shall be made in 12 copies to the Zoning Board or Board of Trustees, as the case may be. The formal application shall include the following items:

[1]    A completed special permit application form, including the name and address of the person, firm or corporation for whom the use is intended and the name and address of the property owner. If the applicant or owner is a firm or corporation, the full name and residence of the firm or principal officers of the corporation shall be shown;

[2]    A written statement describing the nature of the proposed use and how it will serve to implement the purposes of this chapter and the period of time for which the permit is requested;

[3]    Four copies of a site plan with the information required by § 118-32 of this chapter; and (41 Long environmental assessment form.

[4]    Long environmental assessment form.

(b) Referrals.

[1]    The permitting Board shall submit copies of the special permit application to the Code Enforcement Officer and Village Engineer and to other Village agencies or officials as it deems appropriate, all of whom shall inspect the premises and report their findings to the

Board, in writing, within 30 days of the date of forwarding. The Board may submit copies to the following agencies for information, review and comment regarding facilities under their jurisdiction and to any other county, state or federal agency with jurisdiction: the Rockland County Drainage Agency and the New York State Department of Transportation.

[2]   The permitting Board shall refer to the Rockland County Planning Board for its recommendation all matters within the provisions of Article 12-B, §§ 239-l and 239-m, of the General Municipal Law which includes real property lying within 500 feet of the boundary of any city, Village or town, or from the boundary of any existing or proposed county or state park or other recreation area, or from the right-of-way of any existing or proposed county or state parkway, thruway, expressway, road or highway or from the existing or proposed right-of-way of any stream or drainage channel owned by the county or for which the county has established channel lines, or from the existing or proposed boundary of any county- or state-owned land on which a public building or institution is situated, and any special permit affecting such use or property within a distance of 500 feet. If the Rockland County Planning Board fails to report within such period of 30 days or such longer period as has been agreed upon by it and the permitting Board, the permitting Board may act without such report. If the Rockland County Planning Board disapproves the proposal, or recommends modification thereof, the permitting Board shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action. Within seven days after final action by the Zoning Board or Board of Trustees, a report shall be filed of the final action it has taken with the County Planning Board which had made the recommendations, modifications or disapproval.

(c)  Board action.

[1]   The Zoning Board or Board of Trustees, as the case may be, shall hold a public hearing within 62 days after the receipt of a completed special permit application by the clerk of the appropriate permitting Board. Such hearing shall be advertised at least once in the official Village newspaper at least five days before such hearing; be noticed, by certified mail, return receipt requested, to each owner of the property within 500 feet of the perimeter of the subject property as indicated on the application for special permit approval and at least 10 days prior to the public hearing; and be advertised by the installation of four posters, furnished by the clerk to the appropriate permitting Board, on the four closest public roads in visible locations surrounding the proposed special permit at least 10 days prior to the public hearing.

The Zoning Board or Board of Trustees shall, thereafter, approve, with or without modification, or disapprove such special permit application within 62 days after the public hearing. The grounds for a modification or for disapproval shall be stated upon the record of the Board. Within five days of the decision of the Board, such decision shall be filed in the office of the Village Clerk, with a copy of the decision mailed to the applicant by regular mail. Notwithstanding the foregoing provisions, the time in which the Board must take action on the special permit application may be extended by mutual consent of the applicant and the permitting Board.

[2] In approving applications for special use permits, the Zoning Board of Appeals or Board of Trustees may impose such reasonable conditions and restrictions as are directly related to and incidental to the proposed special use permit. Upon granting of said special use permit, any such conditions must be met in connection with the issuance of any building permits by the Code Enforcement Officer.

[3] The Zoning Board of Appeals or Board of Trustees may, however, when reasonable and proper, waive any preestablished requirements of approval of a special use permit where such requirements are found not to be requisite in the interest of the public health, safety or general welfare or inappropriate to the particular special permit use.

[4] Where a proposed special use permit contains one or more features which do not comply with the Zoning Code, application may be made directly to the Zoning Board of Appeals for a variance without the necessity of a decision or determination of the Code Enforcement Officer. Said application may be taken up simultaneously with the special permit application.

(5)     Site plan application. Site plan approval under § 118-32 of this chapter is required for all special permit uses. Insofar as practicable, special use permit and site plan approval procedures shall run concurrently.

(6)     General standards. All special permit uses shall comply with the following standards, in addition to the site plan standards of this chapter. The permitting Board shall attach such additional conditions and safeguards to any special permit as are, in its opinion, necessary to ensure initial and continual conformance to all applicable standards and requirements.

(a) The location and size of the special permit use, nature and intensity of the operations involved in it or conducted in connection with it, the size of the site in relation to it and the location of the site with respect to streets giving access to it are such that it will be in harmony with the appropriate and orderly development of the area in which it is located.

(b) The location, nature and height of buildings, walls and fences and the nature

and extent of existing or proposed plantings on the site are such that the special permit use will not hinder or discourage the appropriate development and use of adjacent land and buildings.

(c) Operations in connection with any special permit use will not be more objectionable to nearby properties by reason of noise, traffic, fumes, vibration or other characteristics than would be the operations of permitted uses not requiring a special permit.

(d)     Parking and loading areas will be of adequate size for the particular special permit use, properly located and suitably screened from adjoining residential uses, and the entrance and exit drives shall be laid out so as to achieve maximum convenience and safety.

(e) The special permit use will not result in diminution of the value of property in the neighborhood or a change in the character of the neighborhood in which the use would be situated.

(7)     Expiration, temporary permits, inspection and change.

(a) A special permit shall be deemed to authorize only the particular use or uses specified in the permit and only for the original applicant and shall expire if said use shall cease for more than one year for any reason, or if substantial construction, in accordance with the special permit, has not been completed within one year from the date of issue or if all such required improvements are not maintained and all conditions and standards complied with throughout the duration of the special permit use.

(b) For a use intended to be temporary, the Zoning Board may issue a special permit for a specified period of time.

(c) In connection with issuance of a special permit, the Zoning Board or Board of Trustees may establish a schedule of inspections by the Code Enforcement Officer of a special permit use to determine continued compliance with this chapter.

(d)     Any change in use or reduction in lot size requires amendment to the special permit, following the application and review requirements of this section.

(8)     Existing violations. No permit shall be issued for a special use permit for a property where the Code Enforcement Officer has found a violation of this chapter and where such violation has not been corrected.

(9)     Fees. Application for a special use permit shall be accompanied by fee as listed in the fee schedule adopted by the Board of Trustees.[102]

---

[102]. Editor's Note: See Ch. 67, Fees.

F.   Other appeals. On appeal from an order, requirement, decision or determination made by an administrative official charged with the enforcement of this chapter or on request from any official, agency or board of the Village, the Board of Appeals is authorized to decide any question involving the interpretation of any provision of this chapter. Interpretations shall be made in accordance with the intent of the particular provision being interpreted.

G.   Conditions and safeguards. The Board of Appeals may prescribe such conditions or restrictions applying to the grant of a variance as it may deem necessary in each specific case, in order to minimize the adverse effects of such variance upon the character and property values of the neighborhood and to protect the public health, safety and welfare. Such conditions or restrictions shall be incorporated in the building permit and certificate of occupancy. Failure to comply with such conditions or restrictions shall constitute a violation of this chapter and may constitute the basis for denial or revocation of a building permit or certificate of occupancy and for all other applicable remedies.

## § 130-29. Procedures.

A.   Appeal or application. An appeal shall be taken within 60 days of the order, requirement, decision, interpretation or determination appealed from, by filing with the official or agency from whom the appeal is taken and with the Board of Appeals a notice of appeal, specifying the grounds thereof and the relief sought. The official or agency from whom the appeal is taken shall forthwith transmit to the Board all the papers constituting the record upon which the action appealed from was taken. A referral to the Board for a variance or a request for an interpretation may be made at any time. All such appeals and applications to the Board shall be made by the owner or agent duly authorized, in writing, and shall be on forms prescribed by the Board. Each appeal or application shall fully set forth the circumstances of the case, shall refer to the specific provision of the chapter involved and shall exactly set forth, as the case may be, the interpretation that is claimed or the details of the adjustment that is applied for and the grounds on which it is claimed that the same should be granted. [Amended 2-28-1994 by L.L. No. 1-1994]

B.   Review by other agencies.

(1)   Upon receipt of a completed appeal or application, the Board of Appeals shall forward copies for review and report to the Code Enforcement Officer, Village Engineer and Planning Board and to other such officials and agencies of the Village as it deems appropriate. All such agencies shall have 30 days from the date of forwarding to submit a report. If approval of a site plan or issuance of a special permit is involved, the Board of Appeals shall forward sufficient copies for review and report to the applicable approving agency and shall not act on the matter until it has received the report of the approving agency or 30 days have passed since such forwarding.

(2)   The Board of Appeals shall refer to the Rockland County Planning Board for its recommendation all matters within the provisions of Article 12-B, §§ 239-l and 239-m, of the General Municipal Law which include real property lying within