**EXHIBIT G**

# PROTOCOL FOR OPENING A COLLEGE IN NEW YORK STATE

## Introduction

In New York State establishing a college or university requires authorization from the Board of Regents to confer degrees. The Regents confer degree authority following a recommendation from the State Education Department following in-depth and comprehensive academic, fiscal, and planning reviews. The reviews determine whether the institution and its proposed programs meet the standards of quality for colleges set forth in Education Law, the Rules of the Board of Regents, and Commissioner's Regulations and whether adequate demand and need exists for the proposed college and its programs.

The State Education Department frequently receives inquiries from organizations seeking to start a new college or university (an institution authorized to award degrees) or from non-degree institutions seeking to acquire authority to confer degrees. The following sections review the standards, requirements, and processes for establishing a college and provide connections to appropriate sections of laws and regulations. Institutions seeking such authority should contact the Office of College and University Evaluation (OCUE) after reviewing this information. If, after reviewing the information about procedures and requirements and the regulatory context for establishing a college, the institution has a serious commitment to establishing a college, OCUE will schedule of meeting with the chief academic officers of the institution to discuss the requirements and the procedures in detail.

## Protocol

1. **Required Components of a Proposal to Establish a College**

   - **Institutional Self-Study (Word)**

   - **Report of the institution's external reviewers, selected in consultation with OCUE along with the institution's response to the reviews**

   - **Responses to all questions in the document entitled "Information Needed for Reviewing Proposals for Degree Authority"**

   - **Program Registration Procedures** The request for registration of a new program and planning sections of this document should be completed for each program being proposed.

   - **Certification of Continued Compliance of the Institution Applying for Permanent Authority to Grant Degrees**

   An organization wishing to establish a college that grants doctoral degrees should contact OCUE at (518) 474-1551 for information about additional requirements and protocols.

2. **Regulatory Context**

   - The **Statewide Plan for Higher Education 2004-2012,**

   - **Sections 3.47 and 3.50 of the Rules of the Board of Regents concerning earned degrees,**

   - **Section 3.58 of the Rules of the Board of Regents concerning proprietary college degree-conferring authority,**

   - **Excerpts from the Regulations of the Commissioner of Education,**

   - **Law Pamphlet 9 – Education Corporations.**

## Special Provisions for Proposed Proprietary Colleges

If an in-State, for-profit organization wishes to establish a for-profit (proprietary college), it must first apply to the **Bureau of Proprietary School Supervision** for licensure as a private school. It must also be able to demonstrate that it has been in successful operation as a licensed private school under the current ownership for a minimum of two years and has graduated at least one class in the curriculum for which degree authority and registration are sought. An out-of-state proprietary college that wishes to establish a campus in New York State does not need to meet this provision.

A proprietary institution seeking degree authority that has met the conditions in the previous paragraph must first receive provisional authority from the Board of Regents to confer degrees for a period of up to five years. At least 12 months prior to the end of the provisional authority period, such an institution must apply to OCUE for permanent authority to confer degrees. The Board of Regents will determine whether to grant permanent authority, or extend the provisional authority for an additional period of up to five years, or deny continuing degree authority past the term of the previously granted provisional authority.

*Section 3.58(c)(2) of the Rules of the Board of Regents sets forth the four areas in which the Department seeks evidence of a proprietary institution's capacity to operate a degree-granting institution in its review of a proposal for provisional authority to grant degrees.*

(a) evidence confirming the prospective owner's capacity to operate the institution in compliance with the Education Law, program registration standards set forth in Part 52 of this Title, other Rules of the Board of Regents and Regulations of the Commissioner of Education, other State statutes and regulations, and Federal statutes and regulations, relevant to the operation of degree-granting institutions;

(b) evidence confirming that the institution has sufficient financial resources to ensure satisfactory conduct of degree programs and achievement of the institution's stated educational goals;

(c) evidence that the individuals having ownership or control of the institution have experience operating an educational institution or other business or enterprise which demonstrates the prospective owner's capacity to operate a degree-granting institution;

(d) evidence that that the individuals having ownership or control of the institution have not engaged in fraudulent or deceptive practices. An institution that provides the information requested in item 1 above entitled "Required Components of a Proposal to Establish a College in will have submitted the evidence requested in the above citations of 3.58 However, the Department may request further information as clarification of the evidence provided.

## Applications Procedures and Review Protocols for All Proposed Colleges

All organizations (proprietary and not-for profit) seeking degree authority needs to submit a proposal (described in item 1) to OCUE. Please note only complete proposals are accepted. In addition, non-profit applicants need to submit a petition for a provisional charter to the **Education Department's Office of Counsel**; for-profit applicants who meet the conditions noted above need to submit a request to OCUE for Commissioner's consent to amendment of a certificate of incorporation to be filed with the **NYS Department of State**.

The Office of College and University Evaluation begins its comprehensive academic review consisting first of a review of written documents. The Office of Audit Services conducts a thorough financial review. When the reviews of written documents and financial data have been completed, OCUE will schedule visit(s) to existing and/or proposed sites by staff and peer reviewers with appropriate expertise. OCUE advises the applicant that at the time of the site visit, all elements of the degree-granting program(s) must be in place, including a core of full-time faculty. If this requirement of all elements being in place cannot be met, the applicant must provide an acceptable justification. If OCUE rejects the applicant's justification, the site visit will be deferred until such time that the applicant can comply.

OCUE sends the applicant written confirmation of the visit dates and announces the members of the proposed team, asking about any concerns with team members and requesting that team members be sent copies of the proposal materials. Any negative information received prior to the visit that affects the institution's current circumstances may delay the visit.

After the site visit, OCUE prepares and sends the applicant a draft site visit report of findings and recommendations, requesting a response from the institution with any comments and/or corrections of fact. Following the review of the institution's response, the Department will issue a final report.

The comprehensive review takes the following factors into consideration.

- status of any State or Federal audit disallowances of student aid funds;
- recent review findings by any governmental or accrediting agency;
- compliance of existing school(s), owner(s), and officers with State and Federal laws and requirements; record of felony convictions;
- extent to which proposed institution meets quality standards in rules and regulations (academic and financial).

**A negative finding concerning any of these factors will result in rejection or delay of the proposal.**

When all materials are in order, the academic and financial reviews have been completed, and it appears that all standards and requirements are met, OCUE conducts a planning review which includes a canvass of all colleges in the region for their comments on the proposed college and its programs. A potentially affected college may request a public hearing, scheduled by the Department and chaired by a member of the Board of Regents.

Upon completion of the planning review, the Deputy Commissioner forwards to the Commissioner a summary of the proposal and an analysis of comments received with a recommendation regarding degree-conferring authorization. The Commissioner's

office, in turn, forwards the recommendation to the Regents.

However, if, based on the full review—academic, financial, and planning—and the applicant's response to the draft report, the proposal does not meet registration standards, OCUE will inform the applicant that the proposal is rejected and registration is denied.

In accordance with section 52.1(l) of the Regulations of the Commissioner of Education, if initial registration is denied, OCUE will give written notice of the denial of registration with the specific reasons for the denial and advise of the right to appeal pursuant to section 52.24 of the Regulations. As specified in the regulation, the applicant has 15 days after receiving notice of denial of registration of proposed curricula to notify the Commissioner of Education in writing of its intention to appeal. Within 90 days of submitting its intention to appeal, the applicant must submit its appeal to the Commissioner, presenting all evidence and information pertinent to the case. The Commissioner will issue a determination on the appeal within 60 days of receipt.

If the Commissioner denies the applicant's appeal and affirms the denial of initial registration, any resubmission by the applicant will be treated as a new proposal. The date any new review will begin will be based on the order in which the new proposal was received in the office.

Recommendation to the Regents for approval of an institution for degree-granting authority indicates that there are no deficiencies; that any deficiencies identified during the review have been addressed to the satisfaction of the Commissioner. For a proprietary institution, the recommendation would be for provisional authority to grant degrees.

Upon approval by the Regents, the Deputy Commissioner advises the applicant of the Regents vote and OCUE registers the degree program(s).

The initial registration letter will advise that no major initiatives can be undertaken within two years of receiving degree authority. Major initiatives are defined as new programs, new degrees, new degree levels, and off-campus locations. Following notice of the registration of the programs, the new college may advertise the degree programs and admit students.

Within two years of the first offering of the registered programs, OCUE will conduct a follow-up visit to determine whether the college is meeting standards. No new programs may be registered until the follow-up review has judged the existing registered programs to be in compliance with regulatory standards.

The institution should contact OCUE to set up a meeting to discuss matters such as developing a standard of progress and obligations to be met, e.g. annual fiscal reports.

The institution will be asked to submit a report regarding progress after one year.

At the expiration of the period for which a provisional charter was issued to a non-profit college, it may petition the Regents to have its provisional charter made absolute. Until an absolute charter is granted, the Regents award the degrees to students completing the registered programs. As noted in the section above entitled "Special Provisions for Proposed Proprietary Colleges," a proprietary institution with provisional authority to grant degrees may apply to OCUE for permanent authority to grant degrees at least 12 months prior to the expiration of its provisional authority to confer degrees. (Typically, provisional authority is granted for five years.)

Section 3.58(d)(2)(i) of the Rules of the Board of Regents sets out the five areas in which the Department seeks evidence of compliance in its review of an application from a proprietary college for permanent authority to award degrees. The information in the document entitled "Certification of Continued Compliance of the Institution Applying for Permanent Degree Authority" (create link) sets out the specific areas of compliance that OCUE will review. As part of its application the institution must provide this certification. The institution should be prepared to provide evidence to OCUE to substantiate its compliance.

OCUE may follow-up its review of the application for permanent authority with one or more site visits and may request additional follow-up information.

Following its reviews, OCUE will make a recommendation to the Board of Regents concerning granting of permanent authority to grant degrees. The Regents will make a final determination on whether to grant permanent authority, or whether to extend provisional authority for an additional period of up to five years, or whether to deny continuing authority past the term of the preciously granted provisional authority.

January 25, 2007

SED Home | OHE Home | OQA Home | OCUE Home | Contact Us | Feedback