**EXHIBIT S**

LAW OFFICES OF

# PAUL SAVAD & ASSOCIATES

55 OLD TURNPIKE ROAD - SUITE 209

(Rt. 59 & THRUWAY EXIT 14)

FAX:     (845) 624-3821
e-mail:   paul@savadlaw.com

NANUET, NEW YORK 10954

(845) 624-3820

Catskills Office:
32 Diamond Road
Ellenville, New York 12428

Reply to: Nanuet

June 22, 2007

**Via Overnight Mail (UPS)**
Mayor Nick Sanderson
Village of Pomona
100 Ladentown Road
Pomona, New York 10970

Re:    Congregation Rabbinical College of Tartikov

Dear Mayor Sanderson:

On behalf of my client, the Congregation Rabbinical College of Tartikov Inc., I am writing to request that the Village of Pomona Board of Trustees exercise its authority under federal law to grant an exemption to a religious institution to allow for the construction of the Rabbinical College of Tartikov.

As you are aware, I have attempted to contact both you and the Village Attorney several times regarding this proposal. We have since sponsored a community forum, where many residents of Pomona and surrounding communities came to provide comments regarding this use. At that meeting, we stated that we would consider their opinions and concerns, and get back to the community with more definite plans.

In the interests of cooperation with the community and the Village, we have now decided to formally seek the ability to construct and operate a Rabbinical College and accessory housing for only 250 students and their families. We are willing to leave the subject of any additional future development to a later date, permitting the Village to review and decide on the public health and safety impacts of its first phase of development and any future use.

Although our proposed use is not permitted under the Village's Zoning Ordinance, federal law grants the Village Board of Trustees great latitude to exempt a religious institution from this restrictive zoning.  The Religious Land Use and Institutionalized

Persons Act <u>specifically grants the Village the authority to exempt the Congregation's use from its Zoning Ordinance</u>:

(e) Governmental discretion in alleviating burdens on religious exercise

<u>A government may avoid the preemptive force of any provision of this chapter by</u> changing the policy or practice that results in a substantial burden on religious exercise, by retaining the policy or practice and exempting the substantially burdened religious exercise, by <u>providing exemptions from the policy or practice for applications that substantially burden religious exercise</u>, or by any other means that eliminates the substantial burden.

42 U.S.C.A. § 2000cc-3(e) (emphasis added)

Please respond to our request by Monday, July 2nd.

Very truly yours,

PAUL SAVAD
PS/mv
CC:    Lisa Thorsen, Village Clerk
       Doris F. Ulman, Esq., Village Attorney (Via Overnight Mail)
       Alma Roman, Trustee
       Ian Banks, Trustee
       Brett Yagel, Trustee
       Rita Louie, Trustee
       Congregation Rabbinical College of Tartikov, Inc. (Via Email)

RCI corresp/ village/ sanderson2 letter 062207