**EXHIBIT V**

*Local Law Filing*

NEW YORK STATE DEPARTMENT OF STATE
41 STATE STREET, ALBANY, NY 12231

(Use this form to file a local law with the Secretary of State.)

Text of law should be given as amended. Do not include matter being eliminated and do not use italics or underlining to indicate new matter.

**County** ~~City~~ ~~Town~~ ~~Village~~ of ROCKLAND

Local Law No. #1 of the year 20 01.

A local law *(Insert)*

**A LOCAL LAW AMENDING §130-9, §130-10 AND RELATED SECTIONS REGARDING SPECIAL PERMIT USES AND STANDARDS FOR EDUCATIONAL INSTITUTIONS IN THE VILLAGE OF POMONA**

Be it enacted by the Board of Trustees of the

~~County~~ ~~City~~ ~~Town~~ **Village** of Pomona as follows:

WHEREAS, it has come to the attention of the Board of Trustees that the provisions in the Pomona Code relating to standards for the development of Educational Institutions within the village are inadequate; and

WHEREAS, the Board of Trustees has consulted with the planning consultants for the village and has reviewed various standards imposed by the State of New York and otherwise;

NOW, THEREFORE, on motion of Trustee, Nick Sanderson, duly seconded by Trustee, Ian Banks,

BE IT ENACTED by the Board of Trustees of the Village of Pomona, New York, as follows:

DOS-239 (Rev. 11/99)                    (1)

SECTION 1: §130-4, "Terms Defined", the definition for the term "School" is hereby amended to read:

> SCHOOL – An educational institution, public or private, giving regular instruction for grades between kindergarten and 12th grade at least five days a week for seven months or more in each year and having a curriculum approved by the Board of Regents or the New York State Education Department (but not including any institution with a dormitory).

<u>Section 2</u>: §130-4, "Terms Defined", is hereby amended by the addition of the following:

> EDUCATIONAL INSTITUTION – Any school or other organization or institution conducting a regularly scheduled comprehensive curriculum of academic and/or alternative vocational instruction similar to that furnished by kindergartens, primary or secondary schools and operating under the Education Law of New York State, and duly licensed by the State of New York.

<u>Section 3</u>: §130-10 of the Pomona Code is hereby amended to read:

The following uses are permitted in the R-40 District by special permit only, to be reviewed, approved, or disapproved by the board set forth in each subsection:

> A. By the Zoning Board of Appeals: Recreational facilities; playgrounds, swimming clubs, tennis courts and recreational buildings not conducted as a business enterprise, provided that no building, pool, spectator or active play area erected under the provisions of this subsection shall be so erected nearer than 50 feet to any lot line, and provided that the following operations shall be prohibited: ....

> B. By the Board of Trustees: Reservoirs on lots of three acres or more, and water towers and water tanks owned and operated by a public utility, which water tank or water tower is located at or above ground, on lots of three acres or more.

> C. By the Zoning Board of Appeals: Telephone exchanges and public utility substations, communications centers for emergency and ....(etc.., etc...)

Section 4: §130-10 of the Pomona Code is hereby amended by the addition of sub-section "F", which shall provide as follows:

F. Educational Institutions, as defined in §130-4 of this chapter, subject to special permit approval by the Village Board of Trustees, and site plan approval by the planning board, provided that all of the following standards and requirements apply:

(1) Minimum Net Lot Area

(a) The minimum lot area for an educational institution shall be 10 acres, plus an additional 0.05 acre for each pupil enrolled.

(b) No portion of any land under water shall be counted toward the minimum net lot area. Not more than one-fourth of any land which is defined as wetland by the U.S. Army Corps. of Engineers or which is within a 100 year frequency flood plain or within a utility or drainage easements or rights-of-way, shall be counted toward the minimum lot area.

(c) No portion of any land with unexcavated slopes over 35% shall be counted toward the minimum net lot area. Not more than one-fourth of any land with unexcavated slopes greater than 15% but less than 35% shall be counted toward the minimum lot area.

(2) Maximum Development Intensity.

(a) The total building coverage shall not exceed ten percent of the net lot area.

(b) The total floor area of the building(s) shall not exceed twenty percent of the net lot area.

(c) The total coverage of impervious surfaces (which includes all buildings and structures, parking areas, driveways, sidewalks and other areas covered in concrete, asphalt or packed stone) shall not exceed twenty-five percent of the net lot area.

(3) Required Road Frontage and Access – All educational institutions shall have at least 250 feet of frontage on a State or County Highway, and provide sufficient and safe access to that highway.

(4) Required Setbacks and Screening - All buildings, structures and other property use (including ballfields and other similar uses) shall be set back at least one hundred twenty five (125) feet from property lines. Such setback area shall include a buffer screening area at least 35 feet in width along every property line which contains such numbers, types, and arrangement of plantings, fencing or other buffer screening material, which in the judgment of the Planning Board, will be adequate to screen the use from adjoining properties and roadways.

(5) Required Parking.

(a) The following number of off-street parking spaces shall be provided:

1 space per employee plus 1 per each 8 students in the 12th grade, or 1 per 4 seats of public assembly area, whichever is greater.

(b) The applicant shall be permitted to forego the initial improvement of required parking spaces if it is proven, to the satisfaction of the Planning Board, that such spaces are not needed based on the parking demands of the proposed use. In such case, the approved site plan shall show the location(s) on the site where such unimproved spaces could be provided and will be reserved for improvement and use in the future. If determined necessary by the Planning Board, the reserved parking spaces shall be constructed in accordance with the approved site plan within 6 months after written notice is provided by Building Inspector to the property owner stating that the improvement of all or a portion of the reserved parking spaces is necessary. All unimproved parking spaces shall be used and maintained as landscaped grounds until used for parking.

(6) Noise and Exterior Lighting.

(a) The sources of exterior lighting shall be so shielded that they are not visible beyond the boundaries of the lot on which they are located.

(b) No outdoor public address systems shall be permitted.

(7) Signage - One monument sign, limited to 8 square feet in area and set back 10 feet from lot lines,

(8) Public Water and Sewer. The site shall be served by public water and sewer.

(9) Application procedure - An application for approval of a special permit for an educational institution shall be submitted on the relevant forms to the Board of Trustees for special use permit. The Board of Trustees shall refer the matter, as required by this subsection and the Code, to the planning board for site plan and other approval. In addition to planning board approvals set forth in subsection F. (4) and (5)(b) hereof, site development plan approval by the Village of Pomona Planning Board, in accordance with Chapter 119 and all other applicable provisions of this Code, shall be required.

(10) Additional special permit standards that may be imposed by the Village Board of Trustees which, in its opinion, would avoid or minimize traffic hazards, drainage and other environmental matters, impairment of the use or enjoyment of property in the surrounding area, or other impacts on surrounding areas.

<u>Section 5</u>: §130-9A. (4) and §130-9B of the Code of the Village of Pomona are hereby repealed.

<u>Section 6</u>: This Local Law shall take effect immediately upon its being filed in the office of the Secretary of State of the State of New York.

AYES: 3          NAYS: 0
ABSTENTIONS: 0   ABSENT: 1

ADOPTED AT A REGULAR MEETING OF THE BOARD OF TRUSTEES HELD THE 22nd DAY OF JANUARY, 2001.

5

(Complete the certification in the paragraph that applies to the filing of this local law and strike out that which is not applicable.)

1. (Final adoption by local legislative body only.)

I hereby certify that the local law annexed hereto, designated as local law No. **#1** of 20**01** of the (County)(City)(Town)(Village) of **Pomona** was duly passed by the **Board of Trustees** on **Jan 22**, 20**01**, in accordance with the applicable provisions of law.
(Name of Legislative Body)

2. (Passage by local legislative body with approval, no disapproval or repassage after disapproval by the Elective Chief Executive Officer*.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)(repassed after
(Name of Legislative Body)
disapproval) by the _____ and was deemed duly adopted on _____ 20____,
(Elective Chief Executive Officer*)
in accordance with the applicable provisions of law.

3. (Final adoption by referendum.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)(repassed after
(Name of Legislative Body)
disapproval) by the _____ on _____ 20____. Such local law was submitted
(Elective Chief Executive Officer*)
to the people by reason of a (mandatory)(permissive) referendum, and received the affirmative vote of a majority of the qualified electors voting thereon at the (general)(special)(annual) election held on _____ 20____, in accordance with the applicable provisions of law.

4. (Subject to permissive referendum and final adoption because no valid petition was filed requesting referendum.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20____ of the (County)(City)(Town)(Village) of _____ was duly passed by the _____ on _____ 20____, and was (approved)(not approved)(repassed after
(Name of Legislative Body)
disapproval) by the _____ on _____ 20____. Such local law was subject to
(Elective Chief Executive Officer*)
permissive referendum and no valid petition requesting such referendum was filed as of _____ 20____, in accordance with the applicable provisions of law.

---

* Elective Chief Executive Officer means or includes the chief executive officer of a county elected on a county-wide basis or, if there be none, the chairperson of the county legislative body, the mayor of a city or village, or the supervisor of a town where such officer is vested with the power to approve or veto local laws or ordinances.

(2)

5. (City local law concerning Charter revision proposed by petition.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20___ of the City of _____ having been submitted to referendum pursuant to the provisions of section (36)(37) of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of such city voting thereon at the (special)(general) election held on _____ 20___, became operative.

6. (County local law concerning adoption of Charter.)

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20___ of the County of _____ State of New York, having been submitted to the electors at the General Election of November _____ 20___, pursuant to subdivisions 5 and 7 of section 33 of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of the cities of said county as a unit and a majority of the qualified electors of the towns of said county considered as a unit voting at said general election, became operative.

(If any other authorized form of final adoption has been followed, please provide an appropriate certification.)

I further certify that I have compared the preceding local law with the original on file in this office and that the same is a correct transcript therefrom and of the whole of such original local law, and was finally adopted in the manner indicated in paragraph _____, above.

_____
Clerk of the County legislative body, City, Town or Village Clerk
or officer designated by local legislative body

(Seal)

Date: 1/24/01

(Certification to be executed by County Attorney, Corporation Counsel, Town Attorney, Village Attorney or other authorized attorney of locality.)

STATE OF NEW YORK
COUNTY OF ___Rockland___

I, the undersigned, hereby certify that the foregoing local law contains the correct text and that all proper proceedings have been had or taken for the enactment of the local law annexed hereto.

_____
Signature

___Village Attorney___
Title

County
City      of ___Pomona___
Town
Village

Date: January 24 2001

(3)