UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
CONGREGATION RABBINICAL COLLEGE OF            Case No. 07-CV6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI GERGELY            **PARTIES REVISED**
NEUMAN, RABBI MEILECH MENCZER,                **JOINT ESI PLAN**
RABBI JACOB HERSHKOWITZ, RABBI
CHAIM ROSENBERG, RABBI DAVID A.
MENCZER, and RABBI ARYEH ROYDE,

                                    Plaintiffs,

            -against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

                              Defendants.
------------------------------------------------------------------------------X


## PARTIES' REVISED JOINT PROTOCOL FOR EXCHANGE OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS

The parties submitted a joint protocol regarding the discovery of electronically stored

information ("ESI") and paper documents ("Hard Copy Documents") in the above-captioned

case on the Court-ordered deadline of June 3, 2013. There were a number of issues on which the

parties did not agree. After conferring on these matters, the Plaintiffs and the Defendants each

agree to the following revised protocol ("Revised Protocol"). To the extent this Revised

Protocol does not address certain issues, or the parties still disagree as to certain issues, those

issues remain open for resolution in a separate protocol, either negotiated by the parties or
ordered by the Court.

The parties agree that they will conduct their discovery electronically as set forth in the
Revised Protocol. For existing ESI, the parties agree to process and produce electronically rather
than as paper. For existing Hard Copy Documents, the parties agree to scan and produce
electronically rather than as paper.

The parties further agree that the primary objective of this Revised Protocol is to facilitate
fair and cost-effective discovery. Production of all ESI in native file format as agreed to herein
is the most cost efficient means of handling ESI, and eliminates the need for extensive, time
consuming processing to specific litigation support platforms. Each party shall bear the burden
of converting ESI received from the other party to its own litigation support software. They agree
that they will work together in good faith to resolve any differences and to work out reasonable
exceptions to the Revised Protocol as necessary and/or appropriate.

I.   **Definitions**

In addition to the Uniform Definitions in Discovery Requests provided by Local Rule of
Civil Procedure 26.3, the following definitions will apply in this Revised Protocol:

A.   **Production Number.**   Production Number means a unique alphanumeric
     identifier associated with every physical sheet of paper, electronically stored
     image, or native format electronic file, consisting of (1) a letter portion identifying
     the producing party and/or other characteristics of the production; and (2) a
     numerical portion incremented according to a scheme defined at the producing
     party's discretion to ensure that the alphanumeric identifier for each physical
     sheet of paper, electronically stored image, or native format electronic file is
     unique. For files produced in Native Format, the producing party shall develop an
     identification method that uniquely identifies the file, since it is not possible to
     stamp every page or division of a digital file without altering the contents of the
     file.

B.   **Emails and Attachments.**   These are files stored on a mail server (Exchange,
     Lotus Notes, etc.) in locally saved mailboxes (PST, NSF, etc.), or on the server of
     a third-party mail provider (Hotmail, Gmail, etc.). They may also comprise
     individually saved emails (MSF, EML, etc.). Emails are characterized by the
     presence of fielded headers (to, from, cc, bcc, sent, subject, etc.) which allow
     searching and sorting by field in addition to body text.

C.   **Electronic Documents.**   These comprise user-created electronic documents
     typically stored locally on a user's hard drive, on a file server, or on another
     digital media storage device (memory key, portable hard drive, CD, DVD, etc.).
     Common types include Microsoft Office files (Word, Excel, PowerPoint), PDFs,
     text documents, web pages, and similar formats. Electronic Documents can also
     include specialized file types such as engineering files or media files.

D.   **Scanned Documents.**   These are electronic images scanned from documents that
     originally existed in a physical form, as paper or hard copy.

- 3 -

E.    **Databases.**  A database is a collection of fielded data stored in one or more related tables.  The contents of a database are typically queried by a user to generate output that satisfies the query criteria.

F.    **Native Format.** Native Format means the associated file structure defined by the original application with which a file was created.  For example, the Native Format associated with a Microsoft Word 2007 file is the file structure that is ordinarily associated with the .docx extension, the Native File format associated with a Microsoft Outlook email message is a PST file, and the Native Format associated with an Adobe Photoshop file is the file structure that is ordinarily associated with the .psd extension.

G.    **Near Native Format.**  This refers to the production method used when a document cannot be viewed or produced without some form of conversion, such as emails.  Files are typically converted to a structured text format such as .html or xml.

H.    **Metadata.**  **File** Metadata means information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File.  System Metadata means information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system, and includes information such as filename, extension, folder, creation date, modified dates, etc.

I.    **Static Image(s).**  This means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems.  A Tagged Image File Format (TIFF) image is an example of a Static Image.

- 4 -

**II.**   **Scope of Electronic Discovery**

The parties agree that certain ESI has been forensically preserved and that such preserved material will be subject to discovery in this matter in accordance with the limitations and conditions described herein.  The parties agree that they will not be required to conduct any additional forensic preservation or restoration of archived repositories, such as back up tapes, unless discoverable ESI in such repositories or tapes was not preserved in any other format.

Defendants request that any additional forensic preservation or restoration of archived repositories, such as back up tapes only be conducted upon a specific showing of need.  Plaintiffs object to that request.

**III.**   **Identification of Key Custodians**

The parties agree that they will exchange lists of key custodians to guide the collection process.  The parties will include former, as well as current custodians, when appropriate. However, the parties agree not to limit the search of ESI by custodian as detailed below.

**IV.**   **Keywords and Filter Criteria**

Defendants will not apply any keyword searches to the ESI for the three 6 month timeframes indicated below for the select custodians agreed upon by the parties.  Instead,

Defendants will conduct a linear review of all documents created, received, viewed or modified during those time periods, for the select custodians, and will produce all responsive, non-privileged materials. Further, if a law was considered for longer than 5 months, Defendants will conduct a linear review of all documents for the select custodians for a period of time to include two months prior to the date the issue was first raised.

The relevant time periods are:

1.      April 27 2004 - October 27, 2004 (Custodians: mayor, deputy mayor and trustees who were in office during any part of consideration of Local Law No. 5 of 2004 and village attorney, deputy village attorney and all office staff, including clerk, assistant clerk and administrative assistant who were employed by Village during any part of consideration of Local Law No. 5 of 2004)

2.      August 22, 2006 - February 22, 2007 (Custodians: mayor, deputy mayor and trustees who were in office during any part of consideration of Local Law No. 1 of 2007 and village attorney, deputy village attorney and all office staff, including clerk, assistant clerk and administrative assistant who were employed by Village during any part of consideration of Local Law No. 1 of 2007)

3.      November 23, 2006 - May 23, 2007 (Custodians: mayor, deputy mayor and trustees who were in office during any part of consideration of Local Law No. 5 of 2007 and village attorney, deputy village attorney and all office staff, including clerk, assistant clerk and administrative assistant who were employed by Village during any part of consideration of Local Law No. 5 of 2007)

- 6 -

Note: For some or all time periods there might have been a change in elected officials and/or office staff during the time-period when a law was being considered. In such cases, the ESI of all officials and office staff will be reviewed for the full time-period, even if a specific custodian was not in office or employed for the full time-period.

As to all other ESI, the parties will create their review sets by running keyword searches. The parties will exchange a list of the terms that each would like the other to search. The parties will work together to develop a list of keywords and other filter criteria (date ranges, file types, etc.) that they believe will effectively cull the collected ESI to create review sets of potentially-responsive files. Their objective will be to identify criteria that are well-correlated with relevance, attempting to avoid both false positives (irrelevant hits) and false negatives (relevant misses). The parties agree that the filter criteria can be narrowed or broadened to improve effectiveness based on preliminary results. The parties will document and disclose to each other the final criteria used to create their review sets. The parties recognize and further agree that multiple refinements of keywords and other filter criteria may be necessary to complete the file identification process and agree to work together to define and apply such refinements. The keyword searches will not be limited by custodian.

Defendants request that each party will retain final authority over the keywords and other filter criteria used to create its review set. Plaintiffs object to that request.

- 7 -

V.     **Preservation and Collection**

The parties agree that they have taken and will continue to take reasonable steps to preserve repositories of ESI if those repositories are believed to contain potentially relevant ESI.

After the parties have identified key custodians, the parties will collect the following repositories for each custodian to the extent that such repositories exist:

A.     Email

B.     Network home directories

C.     Local repositories

D.     Group directories (but only those that are believed to contain potentially-responsive ESI)

E.     Paper documents

F.     Appropriate database reports

The parties agree that it would be unreasonably burdensome or otherwise inappropriate to collect, process, review, and/or produce certain forms of electronically stored information, and therefore have no obligation to do so.  These include:

A.     Random access memory

B.     Dynamic fields of databases or log files that are not stored or retained in the usual course of business

The defendants maintain that the following sources of ESI are not reasonably accessible because of undue burden or costs and object to collection or production on those grounds. The plaintiffs have objected and do not consent to such limitations.

A.     Voicemail messages;

B.     Instant Messages and Chats;

C.     Information from smart phones or other mobile devices;

D.     Backup systems whose full file contents are no indexed and selectively recoverable;

E.     Information created or copied during the routine, good faith performance of processes for the deployment, maintenance, retirement and disposition of computer equipment;

F.     Information stored in unallocated space in file systems on magnetic media.

G.     Backup systems for which hardware and software recovery tools are unavailable to the party from its own internal resources or at a reasonable cost.

Defendants propose that, in the event that either party determines that specific collection or production of any form of electronically stored information listed above is deemed reasonably necessary, the parties will meet and confer regarding whether such discovery should be had with the party seeking production bearing the costs associated with the production.

Plaintiffs agree to the meeting and conferring, but propose that the party producing bears the costs associated with the production.

- 9 -

VI.    **ESI Processing**

The parties have agreed that both parties will process ESI in a native file format with the following parameters:

A.    Global deduplication of email and electronic documents using industry-standard deduplication procedures including, without limitation, MD5, SHA-1 and/or SHA-180 hash code comparison;

B.    Preservation of family relationships; and

C.    Batch Coding to indicate custodians or source

VII.    **Hard Copy Processing**

The parties agree that Hard Copy Documents will be processed as followed:

A.    Scanned to 300 D.P.I.in searchable (OCR) PDF format by document (including any document attachments), with internal document pages individually Bates numbered

B.    Batch coding to indicate custodian or source

C.    Preservation of existing physical document boundaries

VIII.    **Review Protocol**

After processing, each party is entitled to review and code its own processed ESI to identify which documents will be produced or withheld on the grounds of applicable privileges or other protections.  The parties are only obligated to produce responsive and non-privileged

materials.  The parties may redact documents as necessary and the redaction shall be clearly marked and coded.

IX.     **Production Formats for ESI**

Documents that originated as ESI will be produced, as far as reasonably possible, in the following formats:

   A.     Emails will be produced Native Format such as .eml, .msg or .pst.   Any attachments to emails will be produced in Native Format, as attached to the original message.

   B.     Electronic Documents will be produced in Native Format.

   C.     Any Emails or Electronic Documents containing redactions will be produced as 300 D.P.I. Group IV compression single-page, searchable PDF format images.

   D.     Parent-child relationships (the association between an attachment and its parent document) must be preserved in such a way that a document and any attachments to that document are produced in the same production set and are identifiable.

   E.     All documents that originated as ESI will be produced in Native File format subject to IX.C.

   F.     The parties agree to a primarily Native Production.

Plaintiffs agree to produce documents, files, and email messages in native file formats and to provide generic delimited load files with the following objective coding fields to the extent such fields are available be provided:

   1.     Beginning Production Number

   2.     Ending Production Number

   3.     Beginning Attachment Number

   4.     Ending Attachment Number

- 11 -

5.      Source/Custodian

6.      Original File Name

7.      Original File Path

Defendants agree to produce in the following format:

1.      Documents and other files will be produced in native format and will include, to the extent such data is available, all applicable metadata, including custodian, file name, date sent or received, created or modified date. Defendants will name the files based on the native file name and production number.

2.      Email messages, whether produced as PST files or as individual messages, will have, in addition to the native file, the custodian data included with the load files. The load file will match up with the natively produced document messages (which will also contain all metadata).

## X.    Production Formats for Scanned Documents

The parties agree that documents that originated as Hard Copy Documents will be produced, as far as reasonably possible, in the following formats:

A.      All black & white Hard Copy Documents will be scanned and produced as searchable PDF images.  Images will be clearly labeled to show redacted, privileged material.

B.      Each image will have a unique file name and will be named with the Production Number assigned to it.

C.    In scanning Hard Copy Documents, distinct documents will not be merged into a single record, and single documents will not be split into multiple records (i.e., paper documents will be logically unitized).

D.    Parent-child relationships (the association between an attachment and its parent Hard Copy Document) must be preserved in such a way that a Hard Copy Document and any attachments to that Hard Copy Document are produced in the same production set and are identifiable.

E.    Images of all file labels, file headings, and file folders associated with any Hard Copy Document will be produced with that Hard Copy Document.

Defendants request that documents that originated as Hard Copy be produced with a generic, delimited industry standard load file and the following objective coding fields:

A.    Beginning Production Number
B.    Ending Production Number
C.    Source/Custodian

## XI.   Schedule

The parties recognize that the collection, processing, review and production of electronic data is a time-consuming process. Accordingly, the parties agree to work together to create a reasonable rolling production schedule for the production of ESI and Hard Copy Documents.

XII.   **Miscellaneous**

A.     All producing parties will maintain a list of all files that cannot be produced and
       or imaged because of technical issues ("Exception Files"), and a log that lists the
       file name, custodian and reason for Exception Files. A receiving party may
       request that a producing party provide a copy of the log of Exception Files. The
       producing party shall provide a copy of the log of Exception files within fourteen
       (14) days of receiving such a request. Each party shall retain the original
       electronic version of any ESI file or message produced in PDF format and
       produce any said file or its file or system metadata for cause shown.

B.     The parties agree to work together in good faith to establish protocols to govern
       the usage and handling of documents produced in Native or Near Native format in
       depositions, motion practice or at trial.

C.   The parties agree that this Revised Protocol governs the conduct of ESI and Hard
     Copy Document production with respect to the issues addressed in this Revised
     Protocol.  The parties may, by written agreement, amend or otherwise modify this
     Revised Protocol.  Nothing in this Revised Protocol is intended to, or does, waive
     any privileges or immunities or, except as specifically provided herein, impose
     obligations different than those contained in the Federal Rules of Civil Procedure
     and/or the Federal Rules of Evidence.  Further, Plaintiffs have not yet received
     what they consider to be full responses to their Interrogatory regarding ESI, as set
     forth in XII(D).  Plaintiffs reserve the right to revisit and withdraw their consent
     to this Revised Protocol if they deem it necessary based upon the full responses to
     the ESI Interrogatory.  The Defendants likewise have not received what they
     consider to be satisfactory responses to their Interrogatories regarding ESI, as as
     forth in XII(D).  Defendants reserve their rights to revisit and withdraw their
     consent to this Revised Protocol if they deem it necessary based upon the full
     responses to the ESI Interrogatories.

D.  The ESI items requested in Plaintiffs' letter of April 9, 2013 and in Defendants'
letter of May 17, 2013 will be contained in an Answer to an Interrogatory and
certified by the parties. Such requests were then served in one Interrogatory with
the necessary sub-parts (with neither party objecting to such Interrogatory as
compound).  Responses to that Interrogatory were due 21 days after the
Interrogatory was served.  Defendants have served their responses and objections.
Plaintiffs believe that the responses are deficient, and have sent Defendants a list
of such deficiencies.  Defendants will also be providing Plaintiffs with a list of
claimed deficiencies.  The parties are scheduled to meet and confer regarding the
deficiencies.  If the parties are unable to agree to the sufficiency of the responses
by August 1, 2013, the parties will seek the Court's intervention or assistance.

Submitted by:

Savad Churgin
Attorneys for Plaintiffs
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820
p.savad@savadchurgin.com

Robinson & Cole LLP
Attorneys for Defendants
1055 Washington Boulevard, 9th Floor
Stamford, CT 06901
(203) 462-7500
jpeloso@rc.com

Storzer & Greene, P.L.L.C.
Attorney for Plaintiffs
1025 Connecticut Avenue, NW
Suite 1000
(202) 857-9766
Storzer@storzerandgreene.com

The Law Office of Marci A. Hamilton
Attorney for Defendants
36 Timber Knoll Drive
Washington Crossing, PA 18977
(212) 353-8984
hamilton02@aol.com

Stepanovich Law, P.L.C.
Attorney for Plaintiffs
516 Baylor Court

- 16 -

Chesapeake, VA 23320
(757)-410-9696
john@stepanovichlaw.com

By: _____
SUSAN COOPER (SC5433)

By: _____

SO ORDERED:

_____
Hon. Magistrate Judge George A. Yanthis
U.S.D.J. Kenneth M. Karas

Dated: 8/8/13

- 17 -