<u>**Cong. Rabbinical College v. Village of Pomoma**</u>
07 Civ. 6304 (KMK)(JCM)

**MEMORANDUM ENDORSEMENT**

Application denied. The parties are reminded that pursuant to the Revised Scheduling Order, dated 10/29/13, discovery shall close on June 16, 2014 and there will be no more extensions of discovery. Any requests for extensions of the discovery deadline should be made to Judge Kenneth M. Karas.

Dated: May 7, 2014
       White Plains, New York

                                        SO ORDERED:

                                      *[signature]*
                                      **JUDITH C. McCARTHY, U.S.M.J.**

# CONDON & ASSOCIATES, PLLC

ATTORNEYS AT LAW
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
Telephone: (845) 627-8500
Facsimile: (845) 627-8507
www.condonlawoffices.com

Brian K. Condon [1]
Laura M. Catina [1]
Amy M. Witkowski [1]
Dawn Congiusti, Paralegal

[1] Admitted in New York and New Jersey

Email Address: brian@condonlawoffices.com

April 25, 2014

Filed via ECF

Hon. Paul E. Davidson
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

  Re: Cong. Rabbinical College of Tartikov ("Tartikov") v. Village of Pomona ("Pomona")
    <u>Southern District of New York - Docket No. 07 Civ. 6304 (KMK)</u>

Dear Honorable Sir:

  Our firm has been retained by Rubenstein Associates ("Rubenstein"), a non-party to the above referenced matter. My client was served with a Subpoena by the Village dated February 6, 2014 detailing "matters for examination and request for documents".

  I was retained by Rubenstein in late March to assist them with compliance of the subpoena. Counsel for the Plaintiff, Tartikov, and the Defendant, Village, entered into a schedule in which my firm would provide counsel for the Plaintiff with the documents I found to be responsive so that Tartikov's counsel could review the same for privilege. Thereafter, I asked my clients to forward me all appropriate documents. In today's computer age, my client provided me with electronic copies of all documents which were all e-mails with attachments. I was not provided hard copies of anything. I had to go through nearly 2,000 emails by pointing and clicking each e-mail with the attachment. Honestly, my going through hard copies would have been less time consuming.

  In short, due to the nature of the means the files were provided to me by my client, the intervening Passover/Easter holiday, and my litany of trials and motions I have taken longer than I originally had planned to comply with the subpoena. While our target date is still in June, 2014, Pomona's counsel, and correctly so, is concerned that my delay may necessitate the extension of the June deadline.

I fully expect to be able to provide Tartikov's counsel with my documents by early next week and thereafter, Tartikov will need time to go through those documents that I have produced. May I suggest a conference with the Court sometime after Wednesday so that we may be able to re-calibrate the schedule so that no party is prejudiced.

I thank the Court for its kind consideration.

Very truly yours,

CONDON & ASSOCIATES, PLLC

By: /s/ Brian K. Condon
Brian K. Condon