# ROBINSON & COLE LLP

JOHN F.X. PELOSO, JR.

1055 Washington Boulevard
Stamford, CT 06901-2249
Main (203) 462-7500
Fax (203) 462-7599
jpeloso@rc.com
Direct (203) 462-7503

June 20, 2014 **(BY ECF)**

The Honorable Judith C. McCarthy
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** *Congregation Rabbinical College of Tartikov, Inc., et al. v. Village of Pomona, et al.*, 7:07 CV 6304 (KMK) (JCM)

Dear Judge McCarthy:

Pursuant to the Court's order of June 9, 2014, Defendants submit this letter to address Plaintiffs' contention that certain communications between Plaintiffs and/or Plaintiffs' Counsel and Rubenstein Associates ("Rubenstein"), a third party public relations firm, are protected by the attorney-client privilege or work product doctrine. As described in its retention letter, Rubenstein was hired directly by Plaintiff Rabbinical College of Tartikov, Inc. ("Tartikov")—not its attorneys—to render public relations services, nothing more. As a result, neither communications between Rubenstein and Tartikov, nor between Rubenstein and Plaintiffs' counsel, are protected.

The law is clear that public relations advice does not fall within the attorney-client privilege, even when the publicist is retained by an attorney, which is not the case here. "A media campaign is not a litigation strategy. Some attorneys may feel it desirable at times to conduct a media campaign, but that decision does not transform their coordination of a campaign into legal advice." *Haugh v. Schroeder* 02 CIV 7955 (DLC), 2003 U.S.Dist. LEXIS 14586 (S.D.N.Y. Aug. 25, 2003). "The possibility that communications between [publicist and law firm] may help the latter formulate legal advice is not in itself sufficient to implicate the privilege; the privilege protects communications between a client and an attorney, not communications that prove important to an attorney's legal advice to a client." *Calvin Klein Trademark Trust v. Wachner*, 198 F.R.D. 53 (S.D.N.Y. Dec. 5, 2000).

Courts rejecting similar efforts to cloak communications with publicists with the privilege note that such extensions are in derogation of the policies underlying the privilege. "Nothing in the policy of privilege suggests that attorneys, simply by placing accountants, scientists, or investigators or, here, a public relations firm, on their payrolls should be able to invest all communications by clients to such persons with a privilege that the law has not seen fit to extend to when the latter are operating under their own steam." *Id.*



Here, Rubenstein was hired by Tartikov directly to "act as the Rabbinical College of Tartikov, Inc.'s public relations counsel, providing strategic advice and media relations services. . . ." Letter dated March 27, 2007, attached hereto at Ex. A. Specifically, Rubenstein agreed to: (1) "seek to project the Rabbinical College of Tartikov, Inc. and its activities through major media. . ." and (2) "provide [Tartikov] with public relations advice as it pertains to your community affairs efforts, providing guidance on identifying and addressing [Tartikov's] different constituencies." *Id.*

Plaintiffs have produced a 24-page privilege log claiming a privilege for many documents, few of which, if any, appear privileged.[1] While Defendants challenge the assertion of privilege generally, some of the more questionable entries include: "draft letter to the editor reflecting attorney input;" "draft website content reflecting attorney input and advice;" "draft press release reflecting attorney input and quotes," "correspondence regarding retaining Rubenstein," and "correspondence regarding news article reflecting attorney input and advice." Privilege Log attached hereto at Ex. B (Bates Nos. 989-990; 2566-2572; 917-919; 1724-1727; 871-872. Moreover, many of the 115 entries on the log do not even include an attorney as the author or recipient of a document. Ex. A (*See e.g.,* p. 12). In fact, some have no author at all. *Id.* (*See, e.g.,* p. 22).

Under these facts and law, it is difficult to conceive how there could be any privilege between Rubenstein and Plaintiffs or Rubenstein and Plaintiffs' counsel: (1) Rubenstein was retained directly by Tartikov, not its attorneys, (2) Rubenstein contracted with Tartikov to provide "ordinary public relations advice," (3) the privilege log entries confirm that Rubenstein was providing ordinary public relations advice by drafting press releases, preparing websites and commenting on media strategy.

Any claim to protection under the work-product doctrine must fail. Even if Plaintiffs establish that any of the materials in Rubenstein's possession are work product, Defendants have a substantial need for these materials to support their claim that Plaintiffs hired Rubenstein to create an atmosphere that might encourage residents of Pomona to speak out against the Plaintiffs' proposed rabbinical college. Defendants would be unable to obtain this information from any other source. *See* Calvin Klein, 48 F.R.D. at 55.

Accordingly, Defendants ask this Court to find that no privilege exists between Plaintiffs, Plaintiffs' Counsel and Rubenstein and to order production of all improperly withheld documents.

Respectfully submitted,

John F.X. Peloso, Jr.

cc: All Counsel of Record (by ECF)

---

[1] Despite the Court's order, Defendants have not yet received the entirety of Rubenstein's production of non-privileged documents or the complete privilege log from Plaintiff's counsel. Accordingly, Defendants reserve their right to supplement this letter as necessary upon receipt of the same.