UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
CONGREGATION RABBINICAL COLLEGE OF TARTIKOV, INC., RABBI MORDECHAI BABAD, RABBI WOLF BRIEF, RABBI HERMEN KAHANA, RABBI MEIR MARGULIS, RABBI GERGELY NEUMAN, RABBI MEILECH MENCZER, RABBI JACOB HERSHKOWITZ, RABBI CHAIM ROSENBERG, RABBI DAVID A. MENCZER, RABBI ARYEH ROYDE, and KOLEL BELZ OF MONSEY,

Plaintiffs,

-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON, AS MAYOR; IAN BANKS, ALMA SANDERS ROMAN, RITA LOUIE and BRETT YAGEL, AS TRUSTEES AND IN THEIR OFFICIAL CAPACITIES,

Defendants.
---------------------------------------------------x

**ORDER**

07 Civ. 6304 (KMK)(JCM)

On June 20, 2014, Defendants initiated the present discovery dispute, requesting the Court to order Plaintiffs to produce withheld communications among Plaintiffs, their attorneys, and Rubenstein Associates, a third-party public relations firm Plaintiffs retained prior to commencing this action. (Docket No. 114). Plaintiffs assert that these correspondences are protected from disclosure by the attorney-client and work product privileges. (Docket No. 115). On July 18, 2014, this Court ordered Plaintiffs to produce the withheld correspondences to the Court for *in camera* review. (Docket No. 125). The documents submitted for *in camera* review consist of correspondences among Plaintiffs, their attorneys, and Rubenstein Associates. The

documents include comments, edits, and discussions that reveal the attorneys' mental impressions, opinions, or legal theories.

The attorney-client privilege "protects from disclosure communications between a client and his attorney that were undertaken to elicit or provide legal advice or other legal services, and that were made and retained in confidence." *Bodega Investments, LLC ex rel. Kreisberg v. United States*, No. 08 Civ. 4065, 2009 WL 1456642, at *2 (S.D.N.Y. May 14, 2009). The work product privilege, codified at Rule 26(b)(3) of the Federal Rules of Civil Procedure, is "distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n. 11 (1975). It prescribes that:

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, . . . , or agent). But, subject to Rule 26(b)(4), those materials may be discoverable if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). The Rule continues:

> If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(B).

Thus, once the Court determines that a document is "prepared in anticipation of litigation," it must further decide whether the party seeking discovery has shown a "substantial need" for the document. Fed. R. Civ. P. 26(b)(3)(A)(ii). Even upon such a showing, however, the Court may still withhold disclosure if the document reveals "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning

the litigation." Fed. R. Civ. P. 26(b)(3)(B); *see also Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 02 Civ. 7955, 2003 WL 21998674, at *5 (S.D.N.Y. Aug. 25, 2003)).

The "strong public policy" underlying the work product privilege has been long recognized by the courts. *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) (citing *Nobles*, 422 U.S. at 236; *Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981)). The principle purpose of the work product privilege is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *Adlman*, 134 F.3d at 1196 (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). As such, a "heightened standard of protection must be accorded 'opinion' work product that reveals an attorney's mental impressions and legal theories." *Haugh*, No. 02 Civ. 7955, 2003 WL 21998674, at *5 (citing *Upjohn*, 449 U.S. at 401).

Having reviewed the withheld documents and the parties' submissions in this dispute (Docket Nos. 114, 115, 118), the Court determines that only a small proportion of the documents are protected by the attorney-client privilege. However, all withheld documents "are covered by the work product privilege, as they were all prepared by a party, [its] agent, attorney or consultant in anticipation of litigation." *See Haugh*, No. 02 Civ. 7955, 2003 WL 21998674, at *5. Furthermore, a significant portion of these documents are also entitled to the heightened protection available to documents that reflect the "'opinion' work product" of the attorneys. *Id.*

Defendants argue that they have a substantial need for documents that would support their defense of "unclean hands." (Docket No. 118). The documents submitted for *in camera* review do not address Defendants' stated need. Moreover, these documents clearly include Plaintiffs' attorneys' mental impressions and legal theories, which the courts have long protected

from disclosure. Accordingly, the Court **DENIES** Defendants' request that Plaintiffs produce the withheld correspondences among Plaintiffs, their attorneys, and Rubenstein Associates.

Dated: August 11, 2014
White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge