UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONGREGATION RABBINICAL COLLEGE OF
TARTIKOV, INC., *et al.,*

          Plaintiffs,

  -against-          **07 Civ. 6304 (KMK) (GAY)**

VILLAGE OF POMONA, NY; *et al.*,

          Defendants.

---

**DECLARATION OF KEVIN KINSER, Ed.D.**

Kevin Kinser declares as follows, pursuant to 28 U.S.C. § 1746:

1. I make this declaration on behalf of the Plaintiff Congregation Rabbinical College of Tartikov, Inc. to support my opinion that no New York State governmental entity can accredit the Congregation Rabbinical College of Tartikov's educational program of training rabbinical judges.

2. I am Chair and associate professor of the Department of Educational Administration and Policy Studies and Senior Researcher at the Institute for Global Education Policy Studies at the University at Albany, State University of New York. I am also a fellow at SUNY Rockefeller Institute for Government and a Collaborating Scholar with the Program for Research on Private Higher Education (PROPHE). Attached as **Exhibit A** is a copy of my curriculum vitae.

3. My research focuses on non-traditional and alternative higher education, particularly the public policies and organizational structures related to the development and success of private for-profit institutions and international cross-border higher education.

4. I am the author of more than 50 articles, chapters, and scholarly reports, and regularly present papers at conferences in the United States and abroad. I have published several articles and books chapters on accreditation and quality assurance, and have been a featured speaker at national and international meetings of the Council for Higher Education Accreditation.

5. For purposes of drafting this affidavit, I have reviewed: the Handbook Of Institutional Accreditation: New York State Board of Regents and the Commissioner of Education; US Department of Education: Accreditation in the United States (available: http://www2.ed.gov/admins/finaid/accred/index.html); Application for Registration of a New Program; New York Codes, Rules and Regulations, Title 8 (available: http://usny.nysed.gov/regulations.html); excerpted deposition testimony of Michael Tauber and Rabbi Mordechai Babad; Steven Resnicoff's Opinion Letter; and Professor Preston Green's Expert Witness Report.

**I.  The Congregation Rabbinical College of Tartikov, Inc. (the "Rabbinical College") Is Not Eligible for Accreditation by the New York State Education Department, the Board of Regents, or the Commissioner of Education.**

6. The only New York State entity that performs accreditation is the New York State Board of Regents ("Board of Regents").

7. The Board of Regents is recognized by the U.S. Department of Education as a national institutional accreditation agency.

2

8. The Board of Regents' accreditation process is controlled by the Commissioner of Education and managed by the State Education Department's Office of College and University Evaluation.

9. The New York State Education Department does not itself grant accreditation. Therefore, the policies of the Board of Regents for granting accreditation define eligibility of an educational institution in this case.

10. The "Handbook on Institutional Accreditation" (revised December 2009, and available at http://www.highered.nysed.gov/) emphasizes in its opening paragraph that:

> An application for initial accreditation can occur only after the Regents and the Commissioner, acting in their capacities as a State approval agency have conferred degree authority and registered the institution's program(s).

(Handbook, at page 1.) The key requirement is that applications must come from a degree-granting institution. Only such degree-granting institutions are eligible for accreditation from the Regents.

11. The restriction of accreditation to degree granting institutions is repeated throughout the Handbook, including in the statement of accreditation application process:

> A degree granting institution located in New York State that has met all the requirements of the Board of Regents and the Commissioner of Education, acting as a State approval agency, may apply to the Regents and the Commissioner for institutional accreditation by them, acting in their capacity as a nationally recognized institutional accrediting agency.

(Handbook, at 8.)

12. The Rules of the Board of Regents ("Rules") state that the applying institution "shall be authorized to confer at least one degree." (Handbook, at 11, Subpart 4-1.3.)

13. A "degree" is defined in the Handbook as "an academic award listed in section 3.50 of this Title." (Handbook, at 10, referring to the Rules).

14. Section (or subpart) 3.50 of the Handbook lists numerous degrees at all levels of study, none of which could apply to the outcome of the training provided by the Rabbinical College.

15. The Rabbinical College's curriculum is intended to provide the student with the knowledge to be granted a *Semichah*.

16. A *Semichah* is not a recognized academic award according to the Rules of the Board of Regents.

17. Furthermore, the *Semichah* itself would not be granted by the Rabbinical College, but would be given by a Rabbi.

18. Without awarding a degree, an institution cannot apply for, nor can it be granted, accreditation by the Board of Regents.

19. Therefore, for at least two independent reasons, the Rabbinical College's program does not qualify as a "degree" under New York State regulations.

20. Even if the Rabbinical College did apply for accreditation, such an application would not be considered or evaluated by the Board Regents.

21. Other educational institutions that train rabbis such as the Rabbi Isaac Elchanan Theological Seminary ("RIETS") may be accredited by the Board of Regents, but such accreditation is based on the fact that, unlike the Rabbinical College, those other institutions award degrees in <u>other</u> areas.

22. The Rabbinical College is <u>not</u> eligible for accreditation by the New York State Education Department, the Board of Regents, or the Commissioner of Education because it does not award degrees.

## II. Even If the Rabbinical College's Program Were Eligible for Accreditation, It Could Not Be Accredited Because It Lacks Facilities.

23. The Rules require an educational institution to have at least one degree and at least one existing program registered with the State of New York. A program means "the formal educational requirements necessary to qualify for certificates or degrees." (Handbook, page 10)

24. The process for registering a program is time-consuming and demands extensive documentation of the need for the program and the capacity of the institution to successfully deliver the program.

25. It would not be possible to register a program if the institution was lacking the facilities in which to deliver the instruction (see Application for Registration of a New Program, available: http://www.highered.nysed.gov/).

26. Even if, hypothetically, the barrier of a lack of facilities could be eliminated, the Rabbinical College would need to conduct a self-study report that evaluates the quality of the program against the New York State Regents standards for accreditation. (Handbook, at 13-25, 39-70.)

27. This self-study typically requires the institution to have graduates of its program in order to evaluate graduate rates and job placement statistics, as well as other markers of success.

28. If the institution does not have a graduating class, the Handbook states that the institution "must demonstrate how it will meet the Standards." (Handbook, at 8.)  However, no procedures are evident for how an institution would demonstrate this.  The standards as written and the documents suggested as evidence for meeting them all assume that students have successfully graduated from the program.

29. Other procedures also assume that the institution is in operation, including requirements for previous year budget, reports for 12 months of cash flow, and financial audits for the previous three years. (Handbook, at 58.)

30. Therefore, the Rabbinical College must be in operation to meet the standards of accreditation.

31. Furthermore, even if these insurmountable issues could be resolved, the process for gaining accreditation is not immediate.

32. The Handbook states that the "accreditation process may take at least 18 months." (Handbook, at 1.)

33. During the period of review, the institution would need to be in operation and have facilities available for review in order for a site visit to occur. Thus, it is impossible for the Rabbinical College to gain accreditation before it is operational.

34. The Rabbinical College therefore <u>cannot</u> be accredited by the Board of Regents prior to having a facility or being operational.

### III. There Is No Body That Can Determine Whether An Educational Institution Meets All Other Criteria (Except for the Lack of Facilities) for Accreditation.

35. An assessment of whether the Rabbinical College meets the standards for accreditation can only be made by the Board Regents on application by the institution for accreditation. There is no other body qualified to make that assessment.

36. Thus, it cannot be determined whether an educational institution would meet a subset of the criteria necessary for accreditation.

37. Even if it was eligible for accreditation, there is no path to accreditation, or partial determination of accreditation, before the Rabbinical College opens a facility and begins operation.

## IV. Conclusion.

38. For the foregoing reasons, neither the New York State Education Department, the Board of Regents, nor any other New York State body can accredit the Congregation Rabbinical College of Tartikov's educational program of training rabbinical judges.

39. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on:   January 16, 2015

_____
Kevin Kinser, Ed.D.