UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONGREGATION RABBINICAL COLLEGE :
OF TARTIKOV, INC., et. al., :
: 
: CIVIL NO. 07:CV 6304 (KMK)
Plaintiffs, :
V. :
:
:
VILLAGE OF POMONA, NY, et. al., :
:
:
Defendants. :

## AFFIDAVIT OF DORIS ULMAN, ESQ.

STATE OF NEW YORK         )
                          )  ss: Pomona
COUNTY OF ROCKLAND        )

I, Doris Ulman, being duly sworn hereby depose and state as follows:

1. I am over the age of eighteen and I understand the obligations of an oath.

2. I am an attorney duly admitted to practice law in the State of New York and the duly appointed Village Attorney of Defendant, The Village of Pomona, New York. I have served the Village in this capacity since July 2003.

3. Although I am not counsel of record, in my capacity as Village Attorney, I represent Defendants, The Village of Pomona, NY ("Village"); Board of Trustees of the Village of Pomona, NY ("Board of Trustees"); Nicholas Sanderson, as Mayor ("Sanderson"); Ian Banks as Trustee and in his official capacity ("Banks"), Alma Sanders Roman ("Roman") as Trustee and in her official capacity, Rita Louie as Trustee and in her official capacity ("Louie"), and

1

Brett Yagel, as Trustee and in his official capacity ("Yagel") (the Village, the Board of Trustees, the Mayor, and the Trustees are hereinafter collectively referred to as the "Village Defendants").

4. I submit this Affidavit in support of the Village Defendants' Motion for Summary Judgment filed herewith.

5. In my role as Village Attorney, I have personal knowledge of the facts stated herein.

6. In particular, in serving as Village Attorney, I have personal knowledge regarding the records and affairs of the Village of Pomona, the Village of Pomona Code, the Local Laws of the Village of Pomona, and laws of the State of New York and surrounding municipalities. My knowledge of the laws of the State of New York and surrounding municipalities is also based on my years of practice as a municipal attorney representing municipalities.

7. Attached as Exhibit 1 is a true and accurate copy of Local Law 1 of 2001.

8. Attached as Exhibit 2 is a true and accurate copy of Local Law 5 of 2004.

9. Attached as Exhibit 3 is a true and accurate copy of Local Law 1 of 2007.

10. Attached as Exhibit 4 is a true and accurate copy of Local Law 5 of 2007.

11. Attached as Exhibit 5 is a true and accurate copy of Village of Pomona Code § 126-3.

12. Attached as Exhibit 6 is a true and accurate copy of Village of Pomona Code § 130-2.

13. Attached as Exhibit 7 is a true and accurate copy of Village of Pomona Code § 130-4.

14. Attached as Exhibit 8 is a true and accurate copy of Village of Pomona Code § 130-5.

15. Attached as Exhibit 9 is a true and accurate copy of Village of Pomona Code § 130-9

16. Attached as Exhibit 10 is a true and accurate copy of Village of Pomona Code § 130-10.

17. Attached as Exhibit 11 is a true and accurate copy of Village of Pomona Code § 130-11.

18. Attached as Exhibit 12 is at true and accurate copy of Village of Pomona Code 130-28.

19. Attached as Exhibit 13 is a true and accurate copy of Village of Pomona Code §§ 130-35 – 130-45.

20. Attached as Exhibit 14 is a true and accurate copy of New York State Village Law § 3-301.

21. Attached as Exhibit 15 is a true and accurate copy of New York State Village Law § 7-712(b).

22. Attached as Exhibit 16 is a true and accurate copy of excerpts from New York State Environmental Conservation Law.

23. Attached as Exhibit 17 is a true and accurate copy of the Village of Pomona Master Plan Update (July 1997).

24. Attached as Exhibit 18 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated January 22, 2001.

25. Attached as Exhibit 19 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated August 23, 2004.

26.     Attached as Exhibit 20 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated September 7, 2004.

27.     Attached as Exhibit 21 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated September 27, 2004.

28.     Attached as Exhibit 22 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated December 18, 2006.

29.     Attached as Exhibit 23 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated January 22, 2007.

30.     Attached as Exhibit 24 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated February 26, 2007.

31.     Attached as Exhibit 25 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated March 26, 2007.

32.     Attached as Exhibit 26 is a true and accurate copy of the Village of Pomona Board of Trustees Meeting Minutes, dated April 23, 2007.

33.     Attached as Exhibit 27 is a true and accurate copy of a Memorandum from Frederick P. Clark Associates, Inc. to the Village Planning Board, dated January 14, 2000.

34.     Attached as Exhibit 28 is a true and accurate copy of a Memorandum from Frederick P. Clark Associates, Inc. to the Village Mayor and Board of Trustees, dated January 24, 2000.

35.     Attached as Exhibit 29 is a true and accurate copy of a Memorandum from myself to the Village Board of Trustees regarding proposed amendment to zoning law in relation to schools, dated September 7, 2004.

36.     Attached as Exhibit 30 is a true and accurate copy of the Rockland County Planning Department of Planning General Municipal Law Review of the Town of Ramapo Comprehensive Plan, dated December 22, 2003.

37.     Attached as Exhibit 31 is a true and accurate copy of the definition of dormitory published by Chestnut Ridge, New York.

38.     Attached as Exhibit 32 is a true and accurate copy of the definition of dormitory published by the Town of Ramapo, New York.

39.     I further state that the Village has opposed other high-intensity development.

40.     I further state that all facts regarding the proposed facilities, proposed number of students and proposed academic requirements of the proposed rabbinical college were learned through discovery.

41.     I further state that Tartikov or its representatives had a videographer videotape and a court reporter transcribe the January 22, 2007 Village public hearing and that they had never previously done so.

42.     I further state that I testified as Village of Pomona representative pursuant to FRCP 30(b)(6), Village of Pomona Board of Trustees representative pursuant to FRCP 30(b)(6), and in my personal capacity over a period of 5 days. (Village 30(b)(6) Dep., July 15, 2014, July 16, 2014, July 17, 2014, July 18, 2014, August 15, 2014).

43.     I further state that further inaccuracy and need for clarification in Village law was discovered during discovery. Village Code § 130-9 states: A. All uses listed hereunder are permitted in the R-40 District, all others not listed are prohibited, except as provided in §§ 130-10 and 130-11 . . . . (2) Houses of worship, subject to the requirements of Subsection C below

(Subsection C repealed).  However, Village Code § 130-10(G) lists houses of worship as a special permit use.

*[signature]*
Doris Ulman, Esq.

Sworn to and subscribed before me
this 22nd day of January, 2015.

*[signature]*
Notary Public
My Commission Expires: 6/30/18

JAN ULMAN
Notary Public, State of New York
No. 01UL4863148
Qualified in Rockland County
Commission Expires June 30, 20 18