# SAVAD | CHURGIN
### ATTORNEYS AT LAW

**Paul Savad**
<u>Joseph A. Churgin</u>

Susan Cooper
Donna Sobel

Of Counsel:
Mark F. Goodfriend
Andrew Cohen
James McEnroe

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820

mail@savadchurgin.com
Fax: (845) 624-3821
website: SavadChurgin.com

798 ROUTE 9, SUITE D1
FISHKILL, NY 12524

March 26, 2015
Hon. Kenneth M. Karas, USDJ- *Via ECF*
United States District Court, Southern District of New York
300 Quarropas Street, Room 533
White Plains, New York 10601

Re.   *Congregation Rabbinical College of Tartikov et al. v. Village of Pomona, et al.* Case
      <u>No. 07 CV 6304 (KMK)</u>

Your Honor:

    We represent the Plaintiffs in the above-captioned matter.  We write pursuant to Your Honor's Individual Rules of Practice and Local Rule 37.2 to request a pre-motion conference regarding a discovery dispute that has arisen.[1]  Although discovery closed in this case more than seven months ago and we are well into our briefing schedule for summary judgment, we have just been made aware of discovery which was not produced by Defendants but instead was destroyed by Defendants.

    In an effort to obtain evidence regarding Plaintiffs' challenges to an ongoing series of discriminatory acts and animus towards Orthodox/ Hasidic Jews stretching back to at least 1999 and continuing to have discriminatory effects against Plaintiffs, we requested "[a]ll documents including drafts of documents concerning statements made by or reviewed by members of the Village Board, members of the Village Planning Board, Village employees, agents and attorneys of the Village, and members of the public concerning Jews, including Hasidic Jews and Orthodox Jews, including, but not limited to, all blogs, on-line forums, statements at meetings of the Village of Pomona, statements at meetings of any group of residents, community or neighborhood group, civic association or nonprofit organization." *See* Exhibit A, Plaintiffs' Document Request No. 53.  Defendants stated objections to that request, but indicated that they would produce responsive documents. *See* Exhibit B, attached hereto, Defendants' Response.

---

[1] We address this request to Your Honor because we were informed via ECF on February 5 that because discovery is complete, the referral to the Magistrate Judge is closed.

1

As part of these responses, Defendants produced Facebook postings by Defendant Rita Louie regarding various matters from 2010 through the production date of 2013, including regarding the proposed Orthodox/ Hasidic development of Patrick Farm. *See* Exhibit C, attached hereto, a sampling of Ms. Louie's Facebook postings which were produced by Defendants.

Last week Defendant Mayor Yagel posted an on-line comment to a Rockland Times Article in which he made accusations about Defendant Louie. He accused her of having made inappropriate comments on Facebook regarding an all-male Hasidic gathering at a local ballpark in May of 2013.[2] Yagel also stated that he still had a copy of texts from Louie regarding the Facebook post. Specifically, he posted:

> "FACT: Rita Louie, while still a Trustee, posted on Facebook, inappropriately, about an 'ALL MALE gathering" at the Provident Bank Ballpark. Especially given the lawsuit which the Village of Pomona is involved with and the NATION IMPLICATIONS it could have. i.e., federal law potentially being struck down as unconstitutional, just as it's predecessor (RFA) was. Total lapse in reason and judgment. Here explanation (have the text still Rita), on medication and I've removed it. And if a vacancy should occur (post this village election), how could anyone in their right mind (i.e. New Mayor), consider this person as a viable candidate to fill an trustee unexpired (his), given their predisposition to making such blatant and inappropriate remarks." *See* Exhibit E, attached hereto.

Although this post and the text regarding it were responsive to Document Request No. 53, they were never produced by Defendants. Upon learning about the existence of the Facebook post and the texts regarding it, we demanded that Defendants' counsel produce them. After a delay, Defendants produced the texts between Defendants Yagel and Louie, but stated that they did not have a copy of the Facebook post itself. *See* Exhibit F, letter from counsel and Exhibit G, a copy of the May 10, 2013 texts between Defendants Yagel and Louie as produced to us yesterday.

The texts reveal that Defendant Yagel, the sitting mayor and Louie, a sitting trustee, texted one another regarding removing an on-line post that illustrated anti- Hasidic animus and expressed concern that the post could cause harm to them in this litigation. The texts state:

> Yagel: Is it your position to cause damage to the village? Someone just sent me a screenshot of your Facebook post! If it is your intent to jeopardize target (sic) then you are succeeding and may cause us to loose (sic). You should consider [remainder cut off][3].

---

[2] For background information regarding the all-male Hasidic gathering to discuss the internet, *see* Exhibit D, a News 12 article from May 10, 2013 reporting about the gathering, attached hereto.
[3] Defendants have indicated that they do not have a complete copy of this text. *See* Exhibit H, attached hereto.

Louie: A little over the top but I understand your anger. All taken down and I reviewed all my accounts to make sure there are no other unfortunate mistakes. But no, I don't think that I should consider resigning. Can we meet today and talk about this in person please?

Yagel: I am so angry now that my heads (sic) about to pop. Their lawyers will use everything. Remember he (sic) case in NJ where the federal judge ruled that comments made by a public official in a non official setting led him to decide potential prejudice even though there was no final ruling but based on prior witness testimony. We have too much riding on this case for you to jeopardize it. Everything is fair game in the lawsuit. Judge Karas is watching this case… publicly commenting on an all male gathering when it's related to a religious entity, is not good!

Louie: I was not thinking. Nothing else in my threads has anything like this. It is gone and I will try to stay more focused going forward. It was stupid. I've been sick all week, the medication may have clouded my judgment. You and I need to talk, are you around?

Yagel: I am but am in conference calls and have to I to wake later pm (sic)

Louie: Let me know when

*See* Exhibit G.   Not only did Defendants fail to produce the post and related texts, but the sitting mayor and a trustee actively conspired to conceal the post by taking it down. The only reason that we know about these documents is because we pursued the information when it became obvious that something had not been produced. But in this case where Defendants have engaged in a pattern of instructing others and one another to be careful about what they say, we must wonder what other evidence has been held back and even destroyed.[4]

Defendants' blatant bad faith destruction of evidence constitutes spoliation and warrants the imposition of sanctions. A spoliation sanction is appropriate here where (1) Defendants have control over the evidence and had an obligation to preserve it at the time it was destroyed; (2) the documents were destroyed with a "culpable state of mind" and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004).

Plaintiffs therefore request a pre-motion hearing so that we may move for sanctions due to Defendants' spoliation of evidence pursuant to Fed. R. Civ. P. 37. In light of the upcoming holiday of Passover during which we are unable to perform work on this case and the attendant

---

[4] There is other testimony which previously suggested that Defendants were sloppy in their preservation and retention efforts. However, in light of this new evidence of spoliation, there appears to be a deliberate pattern of deliberate deceit and spoliation.

travel associated therewith, we respectfully request that the conference occur on or after April 14, 2015.

Respectfully submitted,

PAUL SAVAD

PS/mc

cc:        All noticed counsel (via ECF)

4