UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CONGREGATION RABBINICAL COLLEGE OF　　　　Case No. 07-CV6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI GERGELY
NEUMAN, RABBI MEILECH MENCZER,
RABBI JACOB HERSHKOWITZ, RABBI
CHAIM ROSENBERG, RABBI DAVID A.
MENCZER, and RABBI ARYEH ROYDE,

　　　　　　　　　　　　　　　　　　Plaintiffs,
　　　-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

　　　　　　　　　　　　　　　　　　Defendants.
-------------------------------------------------------------------------X

**REPLY DECLARATION OF PAUL SAVAD IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

PAUL SAVAD, an attorney duly admitted to the Bar of this State and this Court, declares as follows, pursuant to 28 U.S.C. § 1746:

　　　1.　　I am a member of Savad Churgin, attorneys for Plaintiffs Congregation Rabbinical College of Tartikov, Inc. (the "Rabbinical College"), Rabbi Mordechai Babad, Rabbi Wolf Brief, Rabbi Hermen Kahana, Rabbi Meir Margulis, Rabbi Meilech Menczer, Rabbi Jacob Hershkowitz, Rabbi Chaim Rosenberg, and Rabbi David A. Menczer (collectively, the "Plaintiffs"). I submit this declaration in support of Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Summary Judgment.

1

2.  Attached hereto as Exhibit 414 is a chart entitled "Qualifications of Barbara Beall to address certain issues contained in her January 19, 2015 Declaration"

3.  Attached hereto as Exhibit 415 is a chart entitled "Paragraphs which Defendants claim are disputed but for which Defendants have not cited any new evidence, or Defendants have incorrectly recharacterized the cited evidence, or Defendants have impermissibly inserted irrelevant facts and/or legal arguments"

4.  Attached hereto as Exhibit 416 is a chart entitled "Opinions claimed by Defendants not to be supported by appropriate references" which lists Defendants' claims and the paragraphs and exhibits in expert declarations which support the references.

5.  Attached hereto as Exhibit 417 is a chart entitled "Opinions claimed by Defendants not to have been disclosed, or is different than disclosure, in expert reports" which lists Defendants' claims and the page numbers in expert reports which support the references.

6.  Attached hereto as Exhibit 418 is a true and correct copy of the expert report of Alan C. Weinstein, dated March 11, 2014, which is not submitted for the truth of the matter asserted, but is submitted in support of Exhibit 417 to illustrate what was disclosed in Mr. Weinstein's report.

7.  Attached hereto as Exhibit 419 is a true and correct copy of the rebuttal expert report of Alan C. Weinstein, dated May 13, 2014, which is not submitted for the truth of the matter asserted, but is submitted in support of Exhibit 417 to illustrate what was disclosed in Mr. Weinstein's rebuttal report.

8.  Attached hereto as Exhibit 420 is a true and correct copy of the expert report of Barbara Beall (without exhibits), dated March 12, 2014, which is not submitted for the truth of

the matter asserted, but is submitted in support of Exhibit 417 to illustrate what was disclosed in Ms. Beall's report.

9. Attached hereto as Exhibit 421 is a true and correct copy of the expert rebuttal report of Barbara Beall, dated May 13, 2014, which is not submitted for the truth of the matter asserted, but is submitted in support of Exhibit 417 to illustrate what was disclosed in Ms. Beall's rebuttal report.

10. Attached hereto as Exhibit 422 is a true and correct copy of the expert report of William D. Fitzpatrick, dated March 12, 2014, which is not submitted for the truth of the matter asserted, but is submitted in support of Exhibit 417 to illustrate what was disclosed in Mr. Fitzpatrick's report.

11. Attached hereto as Exhibit 423 is a true and correct copy of the pre-motion transcript before this Court on October 27, 2014.

12. Attached hereto as Exhibit 424 is a true and correct copy of Village of Pomona Code § 118-31 and n.1.

13. Attached hereto as Exhibit 425 is an Errata Sheet which corrects errors which were discovered in Plaintiffs' initial filings. Some deposition exhibits were mistakenly marked with the same Exhibit Number, and in some cases, we mistakenly attached the other exhibit which contained that number, rather than the one to which we were citing, to our initial filings. Additionally, due to a clerical error, we mistakenly attached a rough draft of one of the deposition transcripts and in one case, we attached the wrong exhibit. Those exhibits are corrected on the errata sheet and the correct exhibits are reattached hereto, as described below.

14.   Attached hereto as Exhibit 13 is a true and correct copy of the transcript of Defendants' 30(b)(6) deposition, Day 2, on July 16, 2014, to replace the Exhibit 13 that was filed with Plaintiffs' moving papers on January 22, 2015.

15.   Attached hereto as Exhibit 109 is a true and correct copy of Plaintiffs' Deposition Exhibit 186, which was previously marked at the deposition of Brett Yagel on May 8, 2014, to replace the Exhibit 109 that was filed with Plaintiffs' moving papers on January 22, 2015.

16.   Attached hereto as Exhibit 156 is a true and correct copy of Plaintiffs' Deposition Exhibit 329, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 156 that was filed with Plaintiffs' moving papers on January 22, 2015.

17.   Attached hereto as Exhibit 157 is a true and correct copy of Plaintiffs' Deposition Exhibit 330, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 157 that was filed with Plaintiffs' moving papers on January 22, 2015.

18.   Attached hereto as Exhibit 158 is a true and correct copy of Plaintiffs' Deposition Exhibit 331, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 158 that was filed with Plaintiffs' moving papers on January 22, 2015.

19.   Attached hereto as Exhibit 159 is a true and correct copy of Plaintiffs' Deposition Exhibit 332, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 159 that was filed with Plaintiffs' moving papers on January 22, 2015.

20.   Attached hereto as Exhibit 160 is a true and correct copy of Plaintiffs' Deposition Exhibit 333, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 160 that was filed with Plaintiffs' moving papers on January 22, 2015.

21. Attached hereto as Exhibit 161 is a true and correct copy of Plaintiffs' Deposition Exhibit 334, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 161 that was filed with Plaintiffs' moving papers on January 22, 2015.

22. Attached hereto as Exhibit 162 is a true and correct copy of Plaintiffs' Deposition Exhibit 335, which was previously marked at the deposition of Leslie Sanderson on July 7, 2014, to replace the Exhibit 162 that was filed with Plaintiffs' moving papers on January 22, 2015.

23. Attached hereto as Exhibit 255 is a true and correct copy of Plaintiffs' Deposition Exhibit 673, which was previously marked at Day 2 of the deposition of Robert Rhodes on August 12, 2014, to replace the Exhibit 255 that was filed with Plaintiffs' moving papers on January 22, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Nanuet, New York
       May 21, 2015

_____
PAUL SAVAD (PS 5358)