UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONGREGATION RABBINICAL COLLEGE   :
OF TARTIKOV, INC., et. al.,   :
  :
  :
  :   CIVIL NO. 07:CV 6304 (KMK)
  Plaintiffs,   :
  :
V.   :
  :
  :
VILLAGE OF POMONA, NY, et. al.,   :
  :   MAY 21, 2015
  :
  Defendants.   :

## DEFENDANTS' RESPONSE PURSUANT TO LOCAL RULE 56.1(b) TO PLAINTIFFS' SUPPLEMENTAL LOCAL RULE 56.1 STATEMENT OF FACTS

Pursuant to Local Rule 56.1(b), Defendants submit this response to Plaintiffs' Supplemental Local Rule 56.1 Statement of Facts Pursuant to Local Rule 56.1, specifically Plaintiffs' "additional material facts as to which . . . there exists a genuine issue to be tried." Local Rule 56.1(b).

  1.   The Plaintiffs specifically informed Defendants that § 130-9(A) was part of their challenge in response to a letter sent by Defendants' counsel dated July 28, 2014 requesting "a list of all code provisions that Tartikov is challenging." *See* Email from D. Sobel to J. Peloso (Aug. 6, 2014) ("The specific provisions of the Village Code that Tartikov is facially challenging are as follows: . . . Section 130-9(A) ...."). Savad Dec 2 Ex. 400.

**RESPONSE:**

**Admitted.** **However, as noted in Defendants' reply brief, Plaintiffs have never challenged single family zoning.**

2.     At deposition, the Village denied that there was any "clear cut" standard as to

what constitutes accessory use.  Savad Dec. Ex. 12 at 28:3-14.

**RESPONSE:**

**Admitted in part; Disputed in part.  Admitted that Doris Ulman, the Village representative, testified as such.  However, Defendants note that Paragraph 2 is an incomplete statement taken out of context.  Ms. Ulman stated: "That's one of the problems with zoning; the Courts never clearly defined in percentages when a primary use ceases to be primary and the secondary use becomes primary.  In carrying out responsibilities of the Code the Building Inspector or the Code Enforcement Officer, he's got to look at the entire use and then make a reasonable determination as to what proportion of the use is principal for residential and what proportion is not residential.  There is no clear cut; there never has been."**

3.     At the January 22, 2007 meeting during which the Village held hearings regarding

Local Law No. 1 of 2007 and Local Law No. 5 of 2004, and during which the Village mayor and

trustees passed Local Law No. 1 of 2007:

a.     Mayor Marshall called the meeting hostile, nasty and unruly.  Savad
       Dec. 1 Ex. 78 at 175:20-176:10; 229:7-230:4;

**RESPONSE:**

**Objection:  Defendants assert that the facts set forth in Paragraph 3 are not material to the claim set forth in the Plaintiffs' Motion for Summary Judgment, i.e. that the Local Laws at issue are unconstitutional on their face.  A material fact in the context of a Fed. R. Civ. P. 56 motion is identified by the substantive law applicable to the claim made and is defined as a fact that might affect the outcome of that claim. *E.g. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Factual disputes which are irrelevant or unnecessary will not be counted." *Id.* The essential elements necessary to determine whether the Local Laws are unconstitutional on their face are set forth in Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.  Given those elements, this statement would have virtually no impact on the outcome of the claim that the Local Laws are unconstitutional on their face and is therefore not material.**

**Additionally, for the reasons stated above, the factual propositions stated in Paragraph 3 are irrelevant and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402.[1]**

**To the extent the Court chooses to consider the statements contained in Paragraph 3(a) over the objection, <u>disputed.</u> Savad Dec. 1 Ex. 78 at 175:20-176:10; 229:7-230:4 is not a citation to the record. There are only 97 pages of testimony in Savad Decl. Ex. 78.**

      b.    Residents stated:

            i.    Tartikov would entirely change the character of the Village.  Savad Dec. 1 Ex. 78 at 10:9-11;

**<u>RESPONSE:</u>**

**<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statement contained in Paragraph 3(b)(i) over the objection, <u>admitted in part; disputed in part.</u> Admitted that the transcript states as such.  Disputed that the speaker was a resident of Pomona as the speaker did not identify his address or town residency.  Further disputed to the extent the cited testimony is an incomplete statement taken out of context.  Specifically, prior to the cited testimony, the speaker stated: "What I did come here to discuss was that if I read the paper correctly, the population of Pomona is 3200 residents.  I don't think its reasonable to say that one institution can, by virtue of the dormitory restriction or the dormitory permission, be allowed to have 4500 people."  Savad Dec. 1 Ex. 78 at 9:24-10:15.**

            ii.    "when the nature of the law says that we must make fair accommodations for religious practice, we don't have to make fair accommodations for a change in our government, for a change in our neighborhood, and for a change in everything that we moved to Pomona to get" and "I don't look forward to having blights on the landscape, and a change in the nature of the community".  Savad Dec. 1 Ex. 78 at 12:20-13:8;

**<u>RESPONSE:</u>**

**<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.\**

---

[1] Hereinafter, for the Court's ease, the aforementioned immateriality and irrelevancy objections will be simply stated as: "Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge."

To the extent the Court chooses to consider the statement contained in Paragraph 3(b)(ii) over the objection, <u>admitted in part; disputed in part</u>. Admitted that the transcript states as such. Disputed to the extent the cited testimony is an incomplete statement taken out of context. Specifically, prior to the cited testimony, the speaker stated: "The answer is, and I know this is going to get some gasps, but I welcome the Rabbinical College of Tartikov to the area. I think any religious institution should take advantage of the law, should use the law, and should be allowed to practice freely. What I don't think should be allowed, and nothing restricts the number of students. [sic]" Savad Dec. 1 Ex. 78 at 12:7-13:8.

      iii.    "I am a resident of Pomona. This is a disgrace. It is an absolutely (sic) disgrace. You are in the wrong, town, and the wrong, village." Savad Dec. 1 Ex. 78 at RC 14:10-13;

<u>RESPONSE:</u>

<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statement contained in Paragraph 3(b)(iii) over the objection, <u>admitted in part; disputed in part</u>. Admitted that the transcript states as such. Disputed to the extent the cited testimony is an incomplete statement taken out of context. Specifically, prior to the cited testimony, the speaker stated: "I did not bring my family to a college town, whether religious or secular. This village's infrastructure cannot handle, logistically, it is a matter of fact, the amount of students that would be at this college. It is a matter of fact. Not discussion or opinion. Our sewage lines cannot handle it. Our roads cannot handle it. Our entire social infrastructure cannot handle, whether it's a rabbinical college or a state university, or a private school." Savad Dec. 1 Ex. 78 at 14:10-15:7. Defendants note that Savad Dec. 1 Ex. 78 at RC 14:10-13 is also not a correct citation as Savad Dec. Ex. 78 encompasses RC1065-RC1173.

      iv.    "I believe these amendments are warranted." followed by questions about RLUIPA loopholes. Savad Dec. 1 Ex. 78 at 15:25-16:11;

<u>RESPONSE:</u>

<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(iv) over the objection, <u>admitted in part; disputed in part</u>. Admitted that the transcript states as such. Disputed that the speaker stated such in relation to Tartikov. The cited testimony

is an incomplete statement taken out of context. **Specifically, the speaker stated: "The village was created to have zoning of its own . . . . I have to live within the acre zoning for residential, others should have to live within whatever zoning a village gives to dorms."** Savad Dec. 1 Ex. 78 at 15:25-16:1.

> v.   "I mean to think of the concept of changing the entire neighborhood here to accommodate people who have the federal law on their side..." "it just seems unfair that the burden should be placed on the people who have lived in the village by other people who want to come in and change the whole nature of the village." Savad Dec. 1 Ex. 78 at 18:16-19; 19:10-14;

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(v) over the objection, <u>admitted in part; disputed in part</u>. **Admitted that the transcript states as such. Otherwise, disputed. Disputed that the speaker was a resident of Pomona. Further disputed to the extent the cited testimony is an incomplete statement taken out of context. Defendants note that, after the cited testimony, Mayor Herbert Marshall responded: "This is not the time to come up and talk about whether you want a project that we have gotten nothing on. There is no proposed project that exists for the Village of Pomona this time." Savad Dec. 1 Ex. 78 at 18:16-19; 19:10-22.**

> vi.   "Everyone should understand that this is not going to happen, and we're not going to let it happen. Let's stop it now." [Multiple shouts of 'Stop it now!] Their counsel is here to protect their interests. We're here, the people who live in this village, to protect our interests, okay." Savad Dec. 1 Ex. 78 at 21:16-22.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(vi) over the objection, <u>admitted in part; disputed in part</u>. **Admitted that the transcript states as such. Disputed that the speaker was a resident of Pomona as the speaker did not identify his name, address, or town residency. Further disputed to the extent that the cited testimony is an incomplete statement taken out of context. Defendants note that, after the cited testimony, Mayor Herbert Marshall responded: "Tonight's agenda includes five**

public hearings, and a significant amount of normal village business.  It does not include any discussion on the part of the board concerning any proposed development of the camp property located on Route 306 and Route 202."  Savad Dec. 1 Ex. 78 at 21:16-22:14.

<blockquote>

vii.   "we're here to tell you that we don't want to change."  Savad Dec. 1 Ex. 78 at 26:12-13.
</blockquote>

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(vii) over the objection, <u>admitted in part; disputed in part</u>.  Admitted that the transcript states as such.  The cited testimony is an incomplete statement taken out of context.  Specifically, immediately after the cited testimony, the speaker stated:  "We like our village the way it is.  This is not a religious thing, it's not a secular thing, it's a lifestyle thing."  Savad Dec. 1 Ex. 78 at 26:12-16.**

<blockquote>

viii.   "I think what everybody is trying to say is we would like to make it tougher for these projects to go on, rather than easier, so if you can tell us how we can vote for that."  Savad Dec. 1 Ex. 78 at 35:18-21;
</blockquote>

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(viii) over the objection, <u>admitted in part; disputed in part</u>.  Admitted that the transcript states as such.  Disputed that the speaker was a resident of Pomona.  Further disputed to the extent that the cited testimony is an incomplete statement taken out of context.  Defendants note that, after the cited testimony, Ms. Ulman responded:  "We have a law that we believe complies with state and case law, and if the applicant submits a proposal that is in compliance with our law, they will have the right to build."  Mr. Alan Lamer also responded:  "The proposed amendments to the regulations, and the inherent restrictions due to steep slopes, environmental concerns, as well as height restrictions, and area restrictions, are necessary to promote the public health, safety, and welfare of the village, and its residents.  And that's the reason why this proposal is before us today."  Savad Dec. 1 Ex. 78 at 35:18-37: 14.**

6

ix.   "It seems like you just make it easier for these projects to go on and we as the people are screaming out how can we make it harder." Savad Dec. 1 Ex. 78 at 37:2-4;

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(ix) over the objection, admitted in part; disputed in part. Admitted that the transcript states as such. Disputed that the speaker was a resident of Pomona. Further disputed to the extent that the cited testimony is an incomplete statement taken out of context. Defendants note that, after the cited testimony, Ms. Ulman responded: "We have a law that we believe complies with state and case law, and if the applicant submits a proposal that is in compliance with our law, they will have the right to build." Mr. Alan Lamer also responded: "The proposed amendments to the regulations, and the inherent restrictions due to steep slopes, environmental concerns, as well as height restrictions, and area restrictions, are necessary to promote the public health, safety, and welfare of the village, and its residents. And that's the reason why this proposal is before us today." Savad Dec. 1 Ex. 78 at 35:18-37: 14.

x.   "these changes are making it very easy for these people to move here, very easy - - you know what, I'm going to this school, and guess what, so are five of my kids and so is my wife. How are you going to help us make sure this doesn't, happen? How are you going, to enforce this law?" Savad Dec. 1 Ex. 78 at 39:19-25.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 3(b)(x) over the objection, admitted in part; disputed in part. Admitted that the transcript states as such. Disputed to the extent the cited testimony is an incomplete statement taken out of context. Specifically, prior to the cited testimony, the speaker stated: "How are you going to make sure families are not going to be moving in there, not just the students. How are you doing to enforce it? Thank you. How are you doing to enforce this? That it is not just going to be students. All of a sudden they are bringing in their families, and then instead of 45 hundred you're going to triple it. How are you doing to protect that from happening?" Savad Dec. 1 Ex. 78 at 39:6-25.

4.      The challenged laws were passed against the backdrop of anti-Orthodox/Hasidic

statements on-line and in the local press.  Village officials admitted that they reviewed local

press and on-line postings.  P. SOMF §§221, 252-253, 261.  Anti-Orthodox/Hasidic statements

on-line and in the press include:

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.  Defendants also object as this statement offers opinion as facts.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4 over
the objection, <u>disputed</u>.  Defendants incorporate herein by reference their responses to
Paragraphs 221, 252-253, and 261 in Defendants' Response Pursuant to Local Rule 56.1(b)
to Plaintiffs' Statement of Material Facts.  Defendants further dispute that this is an
"admission."**

a.      "I'm sick of this cult getting whatever they want" Savad Dec. 2 Ex. 383
(at RC 714)

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.  Defendants further assert that the fact or facts set forth in Paragraph 4(a) are
inadmissible pursuant to Fed. R. Evid. 901.  "To satisfy the requirement of authenticating
or identifying an item of evidence, the proponent must produce evidence sufficient to
support a finding that the item is what the proponent claims it is." Fed. R. Evid.
901.  Although Plaintiffs have submitted exhibits in support of their claim that no genuine
issues of material fact exist, the evidence is not in admissible form because it includes
statements made by unidentified individuals.  The exhibits are simply attached to plaintiffs'
counsel's affidavit, who does not purport to have personal knowledge of their contents or
assert that such exhibits are otherwise self-authenticating or admissible.  Fed. R. Civ. Proc.
56(e).**

**Additionally, for the reasons stated above, the factual propositions stated in Paragraph 4(a)
are inadmissible hearsay pursuant to Fed. R. Evid. 802.[2]**

---

[2]  Hereinafter, for the court's ease, the aforementioned inadmissibility and hearsay paragraph objections will be
simply stated as: "Defendants assert that this Paragraph is supported only by inadmissible evidence."

**To the extent the Court chooses to consider the statements contained in Paragraph 4(a) over the objection, <u>admitted</u> that the quoted language in Paragraph 4(a) appears in Savad Dec. 2 Ex. 383 (at RC 714). Defendants note that the writer is unidentified, posting on a website anonymously.**

      b.    how many Torah thumpers with 15 kids and no real income should one community have to support?  Savad Dec. 2 Ex. 382 (at RC 944)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(b) over the objection, <u>admitted</u> that the language in Paragraph 4(b) appears in Savad Dec. 2 Ex. 382 (at RC 944). Defendants note that the writer is unidentified, posting on a website anonymously.**

      c.    religious inbreeding produces nutty people Savad Dec. 2 Ex. 382 (at RC 945)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(c) over the objection, <u>disputed</u>.  Paragraph(c) is an incomplete statement.  The full quote is: "Any kind of religious inbreeding, no matter what the religion, is not good for the individual or for society.  It produces nutty people."  Defendants note that the writer is unidentified, posting on a website anonymously.  Savad Dec. 2 Ex. 382 (at RC 945)**

      d.    statements admonishing, Pomona Village residents for comments made at the January 22, 2007 meeting and stating, "We need to strategies as a community in private","  I know it is very hard to hold back, but we have to and do it right" and We have to play the game and do it right.  If we have to be tricky, fine, that's the legal system" and "I have seen many other plans fail here in the county.  Mostly because the Villages were able to hold them off and have endless meetings."  Savad Dec. 2 Ex. 385 (RC 614-621)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(d) over the objection, <u>disputed</u>.  Paragraph 4(d) contains inaccurate and incomplete statements taken out of context.  The statements are select portions of paragraphs of written correspondence between numerous individuals.  The Defendants further dispute Plaintiffs' argumentative characterization of the statements as "admonishing."  Defendants note that the writers are unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 385 (RC 614-621)**

> e.   "are these fake people?" and "I really hope that someone, someday can get inside this cult and expose what is really going on" Savad Dec. 2 Ex. 368 (at RC 636)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(e) over the objection, <u>disputed</u>.  Paragraph 4(e) contains inaccurate and incomplete statements taken out of context.  The statements are select portions of paragraphs of written correspondence between numerous individuals.  Defendants note that the writers are unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 368 (at RC 636)**

> f.   "maybe these idiots will light too many candles again and oops!"  Savad Dec. 2 Ex. 384 (at RC 640)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(f) over the objection, <u>admitted</u> that the quoted language appears in Savad Dec. 2 Ex. 384 (RC 640).  Defendants note that the writer is unidentified, posting on a website anonymously.**

g.    Regarding Tartikov: "what right does this group have to come in and destroy our way of life" and "we have to protect our way of life."  Savad Dec. 2 Ex. 407 and "Tartikov must go".

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(g) over the objection, <u>disputed</u>.  Paragraph 4(g) contains inaccurate and incomplete statements taken out of context.  The statements are select portions of paragraphs of written correspondence between numerous individuals.  Defendants note that the correct quote is:  "what right does this group have to come in and destroy *this community*?" (emphasis added) and "Tartikov must go.  Now it's up to the courts to decide."  Defendants further dispute that the quote "we have to protect our way of life," appears in Savad Dec. Ex. 407.  The cited testimony does not support the purported statement of fact.**

h.    "We need to take back our community" and "today Ramapo; tomorrow Rockland; the next day the 'ganser velt'" (regarding proposed yeshiva on Burgess Meredith property) Savad Dec. 2 Ex. 370 (at RC 1720)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(h) over the objection, <u>admitted in part; disputed in part</u>.  Admitted that the quoted language appears in Savad Dec. 2 Ex. 370 (RC 1720).  Otherwise, disputed.  Paragraph 4(h) contains incomplete statements taken out of context.  The statements are select portions of paragraphs of written correspondence between numerous individuals.  Defendants note that the writers are unidentified, posting on a website anonymously.  Savad Dec. 2 Ex. 368 (at RC 636)**

i.    "just what the (orthodox) doctor ordered: another Rabbinical college in Rockland, ... this tiny village of Pomona" and "will the last Non-Israelite leaving Rockland County besides Jerry Seinfeld please turn off the lights?"  Savad Dec. 2 Ex. 371 (at RC 633)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(i) over the objection, <u>admitted</u> that the quoted language appears in Savad Dec. 2 Ex. 371 (at RC 633).  Defendants note that the writer is unidentified, posting on a website anonymously.**

        j.      Mel Cook Letter to Editor Journal News "we all have our opinions as to the motivation of the people involved with the rabbinical college.  To me if it looks like a duck, walks like a duck and quacks like a duck, it's an ultra-Orthodox housing project."  Savad Dec. 2 Ex. 372 (at RC 1730)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants object to the factual proposition contained in Paragraph 4(j) on the basis that it is inadmissible under Federal Rule of Evidence 402 and 403 as Melvin Cook was not a Village official at the time of the passage of the laws at issue in this action, rendering this statement irrelevant.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(j) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 372 (at RC 1730) contains the quoted language.**

        k.      "I have written to [our federal representatives] about our community's concern regarding the application of RLUIPA for the purpose of building a rabbinical college." Savad Dec. 2 Ex. 372 (at RC 1729)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(k) over the objection, <u>disputed</u>.  Paragraph 4(k) is an inaccurate and incomplete statement taken out of context.  Defendants note that the writer identifies himself as a Valley Cottage, not a Pomona, resident. Savad Dec. 2 Ex. 372 (at RC 1729)**

        l.      "maintain your spine, and continue to rigorously review, and reject, phoney applications by the Hasidic schemers for "religious property" :free rides now, band into the 23rd Century" Savad Dec. 2 Ex. 373 (at RC 630)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(l) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 373 (at RC 630) contains the quoted language. Defendants note that the writer is unidentified, posting on a website anonymously.**

        m.    "all these Dark Hatted Orthodox Men prancing around Pomona, to prepare for a religious decision-making in the Rockland County suburbs" and "Tartikov's tax defeat by Ramapo is a great Civic victory fo[r] the non-Hasidic people" Savad Dec. 2 Ex. 374 (at RC 930)

<u>**Objection:**</u>  **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(m) over the objection, <u>disputed.</u> Paragraph 4(m) contains inaccurate and incomplete statements taken out of context. The statements are select portions of paragraphs of written correspondence between numerous individuals. Defendants note that the writers are unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 374 (at RC 930)**

        n.    Journal News Letter to Editor by Robert Prol (directed to Michael Tauber) "I have not one single person in Pomona who supports your poorly conceived plan, and the vast majority will encourage our village leadership to fight you all the way to the Supreme Court... My wife and I bought our home in good faith that the zoning ordinances established by the Pomona village board are great planning, and will preserve the lifestyle we ultimately invested in." Savad Dec. 2 Ex. 375 (RC 1736)

<u>**Objection:**</u>  **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(n) over the objection, <u>disputed.</u> Paragraph 4(n) contains inaccurate and incomplete statements. Defendants dispute the argumentative characterization that the Journal News Letter to the Editor was "directed" to Michael Tauber. Savad Dec. 2 Ex. 375 (RC1736) specifies: "This letter is in response to Michael Tauber's June 27 Community View." Savad Dec. 2 Ex. 375 (RC 1736).**

o.   "liag" posted on Journal News storychat "As usual, you have a group that thinks that the law does not apply to them" Savad Dec. 2 Ex. 376 (RC 1749)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(o) over the objection, <u>disputed</u>. Paragraph 4(o) contains inaccurate and incomplete statements taken out of context. Defendants note that the quoted language in Paragraph 4(o) was not posted by "liag." The cited testimony does not support the purported statement of fact. Defendants also note that the writer is unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 376 (RC 1749).**

p.   "Why and how do you think they are literally taking over the County. It's only a matter of time before they merge Monroe, Middletown, and Rockland County into one Hasidic nation; and then they will secede from the 'U.S.A." Savad Dec. 2 Ex. 377 (at RC 1751)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(p) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 377 (at RC 1751) contains the quoted language. Defendants note that the writer is unidentified, posting on a website anonymously.**

q.   "Everyone knows that lives in Rockland that Hasidics contribute NOTHING to society." Savad Dec. 2 Ex, 377 (at RC 1751)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(q) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 377 (at RC 1751) contains the quoted language. Defendants note that the writer is unidentified, posting on a website anonymously.**

r.      "Bob Prol" posted to Tartikov attorney Paul Savad "you seem to forget that the Constitution was written for (all) of us, not just money grubbing anti-Goyim semites." Savad Dec. 2 Ex. 378 (at RC 678)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(r) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 378 (at RC 678) contains the quoted language.**

s.      "hasidics are just simply not very nice to other people... They are filthy and neglect their properties" and "and please don't forget that the fact that we have allowed the Hasidic community to come and settle here in the first place is proof that we are open to all religions, all lifestyles and all people. but i think we have been too nice for too long. i say it's time we say NO. Now our real concern will be to protect OUR way of life and OUR people and OUR homes.". (supports preserve Ramapo) Protect our way of life Savad Dec. 2 Ex. 379 (at RC 701)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(s) over the objection, <u>disputed</u>. The cited testimony does not support the purported statement of fact. Savad Dec. 2 Ex. 379 (at RC 701). Defendants note that the writers are unidentified, posting on a website anonymously.**

t.      "the article in Rockland Magazine stated that Hasids don't care about pretty lawns and that is obvious. The fact is that New Square and most of Monsey are complete dumps." Savad Dec. 2 Ex. 379 (at RC 702)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(t) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 379 (at RC 702) contains the quoted**

language. **Defendants note that the writer is unidentified, posting on a website anonymously.**

> u.    "the Hasids are a cancer on Rockland the terminal kind" Savad Dec. 2 Ex. 379 (at RC 704)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(u) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 379 (at RC 704) contains the quoted language. Defendants note that the writer is unidentified, posting on a website anonymously.**

> v.    You know what it insensitive?  <u>Those people</u> blasting their music behind my house in a freak parade moving a torah from one house to another Savad Dec. 2 Ex. 380 (at RC 749)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(v) over the objection, <u>disputed</u>. Paragraph 4(v) contains inaccurate statements. Defendants note that the writer is unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 380 (at RC 749)**

> w.    Don't you hate it when you see Hasids rummaging through all those shirts (at Wal-Mart)? RC Savad Dec. 2 Ex. 408 (at RC 857)

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(w) over the objection, <u>disputed</u>. Paragraph 4(w) contains inaccurate statements. Defendants note that the writer is unidentified, posting on a website anonymously. RC Savad Dec. 2 Ex. 408 (at RC 857).**

x.     it's going to stink in that heat with the body odor Savad Dec. 2 Ex. 409 (at RC 860)

**Objection: Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(x) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 409 (at RC 860) contains the quoted language. Defendants note that the writer is unidentified, posting on a website anonymously.**

y.     Ramapo will turn into a slum Look at Monsey, New Squre, Kiryos Joel Savad Dec. 2 Ex. 410 (at RC 925)

**Objection: Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(y) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 410 (at RC 925) contains the language. Defendants note that the writer is unidentified, posting on a website anonymously.**

z.     "personally, I am sick of paying taxes that go to support people who claim exemptions from the ridiculous tax burden that the rest of us have to shoulder for religious reasons, contribute nothing to the community except overpopulation, shady politics, making our county look trashy, and demanding preferential treatment. I'm sick of the antisemitism crap too. I guess if having, a problem with a group of inconsiderate people who care nothing about anyone but themselves coming in and trashing my town and driving my taxes through the roof because they manipulate the system makes me antisemetic then I guess that is a problem for those who feel slighted by my opinion." Savad Dec. 2 Ex. 411 (at RC 659)

**Objection: Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(z) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 411 (at RC 659) contains the quoted**

language.  **Defendants note that, subsequent to the quoted language, the writer states: "I couldn't care less what religion you are." Defendants also note that the writer is unidentified, posting on a website anonymously. Savad Dec. 2 Ex. 411 (at RC 659)**

        aa.    "I'd like to see who will be blamed when Rockland turns into a ghetto ....
               It may be time to go- Tartikov is coming" Savad Dec. 2 Ex. 412 (RC 689)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(aa) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 412 (RC 689) contains the quoted language.  Defendants note that the writer is unidentified, posting on a website anonymously.**

        bb.    "how anyone who is not religious can be happy with the retrogression of
               this area, needs to have their head examined" and "let the religions create
               their own ghetto slum."  Savad Dec. 2 Ex. 410 (at RC 923)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(bb) over the objection, <u>admitted in part; disputed in part</u>.  Admitted that Savad Dec. 2 Ex. 410 (at RC 923) contains the quoted language "how anyone who is not religious can be happy with the retrogression of this area, needs to have their head examined."  Defendants note that the writer is unidentified, posting on a website anonymously.  Otherwise, disputed. The cited testimony does not support the purported statement of fact:  The second quoted statement is not found in Savad Dec. 2 Ex. 410 (at RC 923).**

        cc.    "most hasids are arrogant, condescending, manipulating and down right
               rude." and "Ramapo will turn into a slum...  Look at New Square,
               Monsey, Kiros Joel" Savad Dec. 2 Ex. 410 (at RC 925)

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants further assert that this Paragraph is supported only by inadmissible evidence.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(cc) over the objection, <u>admitted in part; disputed in part</u>. Admitted that Savad Dec. 2 Ex. 410 (at RC 925) contains the quoted language. Otherwise, disputed. Paragraph 4(ee) contains incomplete statements taken out of context. The statements are select portions of paragraphs of written correspondence between numerous individuals. Defendants note that the writer is unidentified, posting on a website anonymously. Defendants also note that the second quoted language contained in Paragraph 4(cc) is repetitive of Paragraph 4(y).**

        dd.    Lynn Yagel stated "The real discrimination comes more from the Hasidic communities who do not welcome or respect other faiths and want to keep out anyone who is not part of their community." Savad Dec. 2 Ex. 406

**Objection: Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(dd) over the objection, <u>admitted</u> that Savad Dec. 2 Ex. 406 contains the quoted language. Defendants note that, previous to the quoted language, the writer stated: "I was brought up that everyone is welcome to the table and be open to all individuals. I have found that the residents in any area welcome new neighbors as long as they simply abide by the laws, respect their neighbors, pay their share of taxes, are good citizens, and strive to live in harmony with other faiths and ethnic backgrounds." Savad Dec. 2 Ex. 406**

        ee.    Hasidic residents of Tartikov would be on Medicaid.  Savad Dec. 2 Ex. 381 (at RC 1724)

**Objection: Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 4(ee) over the objection, <u>disputed</u>. Paragraph 4(ee) contains inaccurate and incomplete statements. Savad Dec. 2 Ex. 381 (at RC 1724)**

    5.    Mayor Marshall stated "zero population growth should be a major plan objective." Savad Dec. 2 Ex. 369.

**<u>RESPONSE:</u>**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 5 over the objection, <u>admitted in part; disputed in part</u>. Admitted that Mayor Marshall wrote such in regard to the Ramapo Comprehensive Plan. Disputed that Mayor Marshall wrote such in relation to Tartikov. The cited testimony is an incomplete statement taken out of context. Specifically, prior to the statement contained in Paragraph 5, Mayor Marshall stated: "If you want affordable higher density housing, stabilize the population by increasing open space and greenways in the outlying areas, and centralize density where it already exists. Develop it along controlled corridors where major infrastructure improvements can be concentrated to mitigate the negative effects of development, at the expense of infrastructure in outer areas where greenspace can be substituted for instructure." Savad Dec. 2 Ex. 369.

6.      As set forth in a separate request to move for sanctions for spoliation of evidence, Plaintiffs' counsel was just this week made aware that Defendants Louie and Yagel conspired to remove and presumably destroy an on-line post which revealed Louie's anti-Hasidic animus and also withheld and partially destroyed the correspondence regarding such. Savad Dec. 2 Exs. 365, 365(A)-(11).

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants also object as this statement is a conclusion of law, not a factual statement.

To the extent the Court chooses to consider the statements contained in Paragraph 6 over the objection, <u>admitted in part; disputed in part</u>. Admitted that it appears Rita Louie removed an on-line Facebook post. Otherwise, disputed. Defendants further dispute Plaintiffs' argumentative characterization of Paragraph 6 (i.e. "conspired," "destroy," "revealed Louie's anti-Hasidic animus," and "withheld and partially destroyed") Savad Dec. 2 Exs. 365, 365(A)-(11).

7.    Tartikov's intent to provide housing for married students is not unique or

extraordinary.  Savad Dec. Ex. 34 at 14:25-15:13.  Even the website of the educational institution

that employs Defendants' counsel states "Married kollel members may apply for rental housing

in the Laurel Hill apartments."  Rabbi Isaac Elchanan Theological Seminary, available at

http://www.yu.edu/kiets/apply/ (accessed Mar. 1, 2015); *Mosdos Chofetz Chaim, Inc. v. RBS*

*Citizens, N.A.,* 14 F. Supp. 3d 191, 196 (S.D.N.Y. 2014) ("Mosdos intended to use this land 'for

the purposes of creating an adult religious studies institution and student housing [(]commonly

referred to as a 'Kollel') for adult students, their spouses and children in a campus-like

environment.'"); Savad Dec. Ex. 36 at 18:21-194; 52:8-53:2.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial**
**challenge.  Defendants also object as this statement is a conclusion of fact, not a factual**
**statement.  Defendants further object to the extent this Paragraph contains multiple factual**
**contentions in violation of Local Rule 56(1)(a).**

**To the extent the Court chooses to consider the statements contained in Paragraph 7 over**
**the objection, <u>admitted in part; disputed in part</u>.  Admitted that Marci Hamilton, one of**
**Defendants' counsel, is employed by Yeshiva University.  Further admitted that the quoted**
**case states as such.  Otherwise, disputed.  The cited testimony does not support the**
**purported statement of fact.  Savad Dec. Ex. 34 at 14:25-15:13; Savad Dec. Ex. 36 at 18:21-**
**194; 52:8-53:2.  The citation of http://www.yu.edu/kiets/apply/ (accessed Mar. 1, 2015) is**
**not a viable internet citation (attempted accessed on April 19, 2015 returns Yeshiva**
**University error of "Page Not Found").**

8.    A large portion of Preserve Ramapo's website, located at

hup://www.preserveramapo.com, contains statements and republished articles focused on and

critical of the Hasidic community in the Town of Ramapo and elsewhere.  Savad Dec. 2 Exs.

389-394.

**RESPONSE:**

<u>Objection:</u>  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.  Defendants also object as this statement offers opinion as facts.

To the extent the Court chooses to consider the statements contained in Paragraph 8 over the objection, <u>disputed.</u>  Disputed as to the characterization that the statements and republished articles are focused on and critical of the Hasidic community.  Savad Dec. 2 Exs. 389-394.  Defendants note that the cited articles are from http://www.preserveramapo.org, not hup://www.preserveramapo.com.  Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

9.      Preserve Ramapo published an article on its website titled "Hasidic Community's bloc vote is a far cry from democracy," and further compares the residents of Kaser and New Square are to "Saddam Hussein's Iraq and Joseph Stalin's Soviet Union."  Savad Dec. 2 Ex. 392 at 1.

**RESPONSE:**

<u>Objection:</u>  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 9 over the objection, <u>admitted in part; disputed in part.</u>  Admitted that Savad Dec. 2 Ex. 392 is an article titled "Hasidic Community's bloc vote is a far cry from democracy."  Further admitted that Savad Dec. 2 Ex. 392 contains the quoted language.  Disputed that there is proof that the speaker stated such in relation to Tartikov.  The cited testimony is an incomplete statement taken out of context.  The speaker stated his concern *about local political elections.*  Defendants note that the writer identifies himself as a Nyack, not a Pomona, resident. Savad Dec. 2 Ex. 392.  Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

10.     The "Hasidic Community's bloc vote is a far cry from democracy" article

published on the Preserve Ramapo website also states: "How do those village families with four,

live and six kids exist?  Is it a self-imposed poverty or are they victims of an unsympathetic

economy?" Savad Dec. 2 Ex. 392 at 2.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 10 over
the objection, admitted in part; disputed in part.  Admitted that Savad Dec. 2 Ex. 392 is an
article titled "Hasidic Community's bloc vote is a far cry from democracy."  Further
admitted that Savad Dec. 2 Ex. 392 contains the quoted language.  Disputed that there is
proof that the speaker stated such in relation to Tartikov.  Defendants note that the writer
identifies himself as a Nyack, not a Pomona, resident. Savad Dec. 2 Ex. 392 .  Defendants
further note that Preserve Ramapo is not under the purview of the Village of Pomona and
any publications found on its website are not publications of the Village.**

11.     The "Hasidic Community's bloc vote is a far cry from democracy" article

published on the Preserve Ramapo website also states: "I say to the accusers, if I am anti-Semitic

and a 'self-hating Jew' then so are millions of Israeli Jews who resent the 'haredim's' (Hebrew

word for ultra-Orthodox) perversion of their democracy."  Savad Dec. 2 Ex. 392 at 2.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 11 over
the objection, admitted in part; disputed in part.  Admitted that Savad Dec. 2 Ex. 392 is an
article titled "Hasidic Community's bloc vote is a far cry from democracy."  Further
admitted that Savad Dec. 2 Ex. 392 contains the quoted language.  Disputed that there is
proof that the writer stated such in relation to Tartikov.  The cited testimony is an
incomplete statement taken out of context.  The speaker stated his concern *about local
political elections*.  Defendants note that the writer identifies himself as a Nyack, not a**

**Pomona, resident. Savad Dec. 2 Ex. 392. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.**

12.     Preserve Ramapo published an article on its website titled ''Mona's Donors and Sampson's Screw-ups'' regarding the "bloc vote"/"ward system" issue stating that the voices of voters were "<u>overridden by the Hasidic villages</u>.''  Savad Dec. 2 Ex. 393 (emphasis added).

**RESPONSE:**

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 12 over the objection, <u>admitted in part; disputed in part</u>. Admitted that Savad Dec. 2 Ex. 393 is an article titled "Mona's Donors and Sampson's Screw-ups." Further admitted that Savad Dec. 2 Ex. 393 contains the quoted language. Disputed that there is proof that the writer stated such in relation to Tartikov or Pomona. The cited testimony is an incomplete statement taken out of context. The speaker stated his concern *about local political elections in Ramapo*. Savad Dec. 2 Ex. 393. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.**

13.     The "bloc vote" refers to "ultra-Orthodox and Hasidic" Jews.  Savad Dec. 2 Ex. 394 at 66.

**RESPONSE:**

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 13 over the objection, <u>admitted in part; disputed in part</u>. Admitted that Savad Dec. 2 Ex. 394 at 66 refers to the "ultra-Orthodox and Hasidic 'bloc vote.'" Disputed that there is proof that the writer stated such in relation to Tartikov or Pomona. The cited testimony is an incomplete statement taken out of context. The speaker stated his concern *about local political elections in Ramapo*. Savad Dec. 2 Ex. 393.**

14.    Preserve Ramapo published the following statement on its website: "'Jihadis'

enforce obedience to grand rebbe in New Square, residents say." Savad Dec. 2 Ex. 394 at 134.

**RESPONSE:**

**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 14 over the objection, <u>admitted in part; disputed in part</u>. Admitted that Savad Dec. 2 Ex. 394 at 134 contains an article titled "Jihadis' enforce obedience to grand rebbe in New Square, residents say" with a link to the original The Journal News coverage. Disputed that there is proof that the writer stated such in relation to Tartikov or Pomona. Savad Dec. 2 Ex. 394 at 134. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.**

15.    Preserve Ramapo republished an article on its website titled "Hasidim Spark

Backlash in NYC Exurbs That Entangles Cuomo," focused on the Hasidic Jewish population

generally, and states in part "Community groups fighting the growing influence of the ultra-

Orthodox Jewish population in New York City's northwestern exurbs are joining forces to

counter the Hasidic bloc vote in this year's gubernatorial election." Savad Dec. 2 Ex. 390.

**RESPONSE:**
**Objection:** **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 15 over the objection, <u>admitted in part; disputed in part</u>. Admitted that Savad Dec. 2 Ex. 390 is an article titled "Hasidim Spark Backlash in NYC Exurbs that Entangles Cuomo" with a link to the original Bloomberg coverage. Disputed that there is proof that the writer stated such in relation to Tartikov or Pomona. The cited testimony is an incomplete statement taken out of context. The writer stated his concern *about local political elections in New York City's northwestern exurbs generally*. Defendants note that the writer identifies himself as from Albany. Savad Dec. 2 Ex. 390. Defendants further note that Preserve Ramapo is not**

under the purview of the Village of Pomona and any publications found on its website are
not publications of the Village.

16.    Preserve Ramapo published an opinion piece on its website that stated that it was

"wrong" for the "ultra-Orthodox and Hasidic community" to rent the Provident Bank Park for a

private rally. Savad Dec. 2 Ex. 389.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 16 over
the objection, admitted in part; disputed in part.  Admitted that Savad Dec. 2 Ex. 389 is an
article titled "Wrong to use public site to discriminate" originally published in the
Community View section of The Journal News.  Disputed that there is proof that the writer
stated such in relation to Tartikov or Pomona.  The cited testimony is an incomplete
statement taken out of context.  The writer stated her concern *over what she perceived to be
discrimination at a public facility in the Town of Ramapo*.  Defendants note that the writer
identifies herself as from Chestnut Ridge.  Savad Dec. 2 Ex. 389.  Defendants further note
that Preserve Ramapo is not under the purview of the Village of Pomona and any
publications found on its website are not publications of the Village.**

17.    Preserve Ramapo published statements criticizing funding for nonprofits located

in Hasidic communities, including: "According to Preserve Ramapo, and confirmed by

documents obtained by The Journal News through Freedom of Information Law, nearly 80

percent of the town's funding for nonprofits for 2014, or $309,000, have been allocated to

organizations based in the hamlet of Monsey or the villages of New Square and Kaser,

communities that are heavily populated by ultra-Orthodox and Hasidic Jews." Savad Dec. 2 Ex.

394 at 38.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants also object as this statement offers opinion as facts.

To the extent the Court chooses to consider the statements contained in Paragraph 17 over the objection, admitted in part; disputed in part. Admitted that the quoted language appears in Savad Dec. 2 Ex. 394 at 38. Disputed to the extent Paragraph 17 suggests any amount or frequency of publication; the cited testimony does not support the purported statement of fact. Further disputed that the writer stated such in relation to Tartikov or Pomona. Defendants further dispute Plaintiffs' argumentative characterization of the statements as "criticism." Savad Dec. 2 Ex. 394 at 38. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

18. Preserve Ramapo frequently publishes criticism of yeshivas and other

Orthodox/Hasidic educational institutions on its website. Savad Dec. 2 Ex. 394, passim,

http://www.preserveramapo.org.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge. Defendants also object as this statement offers opinion as facts.

To the extent the Court chooses to consider the statements contained in Paragraph 18 over the objection, disputed. Disputed to the extent Paragraph 18 suggests any amount or frequency of publication; the cited testimony does not support the purported statement of fact. Defendants further dispute Plaintiffs' argumentative characterization of the statements as "criticism." Savad Dec. 2 Ex. 394, passim, http://www.preserveramapo.org. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

19. Preserve Ramapo publishes statements concerning Hasidic Jewish demographics,

including "Rockland's Orthodox Jewish villages, Kaser (34%) and New Square (32%), have

seen the region's biggest population increases, as they continue to build more housing to

accommodate growing families there." Savad Dec. 2 Ex. 394 at 149.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 19 over the objection, <u>admitted in part; disputed in part</u>. Admitted that the quoted language appears in Savad Dec. 2 Ex. 394 at 149. Disputed to the extent Paragraph 19 suggests any amount or frequency of publication; the cited testimony does not support the purported statement of fact. Savad Dec. 2 Ex. 394 at 149. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

20.     Preserve Ramapo published a statement concerning "fears from Ramapo residents" caused by a land annex plan for New Square, a Hasidic community. Savad Dec. 2 Ex. 394 at 88.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 20 over the objection, <u>admitted in part; disputed in part</u>. Admitted that the quoted language appears in Savad Dec. 2 Ex. 394 at 88. Disputed that there is proof that the writer stated such in relation to Tartikov or Pomona. The cited testimony is an incomplete statement taken out of context. The complete quote is: "Land annex plan for New Square sparks *development fears* from Ramapo residents" [emphasis added]. Savad Dec. 2 Ex. 394 at 88. Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.

21.     Preserve Ramapo published various information about Hasidic communities outside of the Town of Ramapo and Rockland County, including the Hasidic community in Bloomingburg, Sullivan County, N.Y., and Kiryas Joel, Orange County, N.Y. Savad Dec. 2 Ex. 394 at 12, 37.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 21 over the objection, <u>disputed</u>.  Disputed to the extent that the articles in Savad Dec. 2 Ex. 394 at 12, 37 are "about Hasidic communities."  Further disputed to the extent Paragraph 21 suggests any amount or frequency of publication; the cited testimony does not support the purported statement of fact.  Savad Dec. 2 Ex. 394 at 12, 37.  Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.**

22.      Preserve Ramapo's Michael Castelluccio stated in an article about Tartikov and

Hasidic Jews "You drive through Monsey now and it's a slum" says Michael Castelluccio of

Preserve Ramapo which according to the article "is why Castelluccio and his allies want to keep

the Tartikov College out of Pomona."" Savad Dec. Ex. 21 at 50:18-54:18; Savad 2 Ex. 407.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 22 over the objection, <u>admitted</u> that the quoted language in Paragraph 22 appears in Savad 2 Ex. 407.  Defendants note that, in regard to the article, Michael Castelluccio testified at his deposition that "[the author] was melding together several things that we saw, and he didn't exactly present them correctly in sequence . . ." Savad Dec. Ex. 21 at 50:18-54:18; Savad 2 Ex. 407.  Defendants further note that Preserve Ramapo is not under the purview of the Village of Pomona and any publications found on its website are not publications of the Village.**

23.      The Village "investigate[d]" the Bobover Yeshiva of Monsey, and "sent a letter to

the town" regarding that application for that land use located outside the Village of Pomona.

The Village "raised certain concerns with respect to the project." Savad Decl. Ex. 14,

Defendants' 30(b)(6) Tr. 987:21-989:7.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 23 over the objection, <u>disputed</u>.  There is no evidence to support this statement.  Savad Decl. Ex. 14, Defendants' 30(b)(6) Tr. 987:21-989:7 is not a citation to the record.  There are only 793 pages of testimony in Savad Decl. Ex. 14.  Defendants further dispute Plaintiffs' argumentative characterization that the Village "investigated" the Bobover Yeshiva of Monsey.  The application for the Bobover Yeshiva of Monsey was sent to the Village of Pomona for comment by the Town of Ramapo.  Savad Dec. 15 at 998:9-998:12.**

24.   The Village requested that the Town of Ramapo delay the hearing of an application by Congregation Khal Torath Chaim, another yeshiva located outside of the Village of Pomona, while it could review and have the opportunity to comment on it.  Savad Decl. Ex. 14 at 991:7-992:11.

**RESPONSE:**

**<u>Admitted in part; Disputed in part</u>.  Disputed to the extent Paragraph 24 suggests that the Village "delayed" the application process or hearing.  Defendants note that Plaintiffs fail to point out that the cited testimony shows that the reason Village counsel requested that the hearing be "adjourned" (not "delayed") was because the Village had not received the application as required for GML review in a timely manner. Savad Decl. Ex. 15 at 991:7-992:11.**

25.   The Village Attorney was "going to seek comments from the Board" of Trustees of the Village of Pomona regarding Masifta Beth Shraga, another yeshiva also located outside the Village of Pomona, and the Hebrew Academy for Special Children.  Savad Decl. Ex. 14 at 993:9-994:10.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

30

**To the extent the Court chooses to consider the statement contained in Paragraph 25 over the objection, <u>disputed.</u>  Savad Decl. Ex. 14 at 993:9-994:10 is not a citation to the record. There are only 795 pages of testimony in Savad Decl. Ex. 14.  Defendants note that Mesifta Beth Shraga was a proposed project on the border of the Village of Pomona with dormitories and four separate houses on a seven-acre property with a historic building. Savad Decl. Ex. 15 at 993:23-993:19.**

26.     When the humane society/animal hospital applied for land use approvals to

increase the size of this use, the Village granted such permission, instead of passing laws

targeting it.  Savad Dec. Ex. 15 at 1001:18-21.

<u>**RESPONSE:**</u>

<u>**Objection:**</u>  **Defendants object as this statement is a conclusion of law, not a factual statement.**

**To the extent the Court chooses to consider the statement contained in Paragraph 26 over the objection, <u>admitted in part; disputed in part.</u>  Defendants dispute Plaintiffs' argumentative characterization of this purported statement of fact, i.e., the phrase "instead of passing laws targeting it."  Admitted that the humane society's application was approved by the Village. Savad Dec. Ex. 15 at 1001:3-21.**

27.     As part of the environmental review of the Halley Estates II application, the

Village's planners, Frederick P. Clark Associates, Inc., its attorney Doris Ulman, the Village

Engineer P.J. Corless, the Rockland County Planning Department, the Town of Haverstraw, and

others provided various comments to the Village's Planning Board regarding the application and

plans submitted by that developer.  Savad Dec. 2 Ex. 366 at 1 -3; Savad Dec. 2 Ex. 395 at 1-16;

Savad Dec. 2 Ex. 367 at X-5 - X-7; Savad Dec. 2 Ex. 367 at X-38 - X-39; Savad Dec. 2 Ex. 367

at X-69 - X-70.

31

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 27 over the objection, <u>admitted</u>.**

28.     The Village's concerns about drainage and Hooding with respect to the Halley Estates II development are addressed ("drainage [was] clearly the biggest issue with regard to the project" (Savad Dec. 2 Ex. 367 at X-62)), in addition to the drainage study submitted by the applicant, with a recommendation of a meeting involving various different agencies "so that an approach acceptable to all could be determined."  Savad Dec. 2 Ex. 366 at 2.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 28 over the objection<u>, admitted in part; disputed in part</u>.  The cited evidence does not support the purported statement of fact.  The evidence shows that Frederick P. Clark Associates, Inc. recommended in a memorandum to the Village Planning Board that a meeting be held. Savad Dec. 2 Ex. 366 at 2.  Admitted that a meeting was held.**

29.     With respect to water quality and stormwater management, onsite stormwater management systems (designed to meet the concerns of the Rockland County Drainage Agency, the Village, and the Town of Haverstraw) would result in a "zero rate of runoff increase."  Savad Dec. 2 Ex. 367 at IX-5, X-14- X-15, X-22, X-31- X-37.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 29 over the objection, <u>admitted</u> that the Final Environmental Impact Statement for the Development of the Halley Estates II Residential Subdivision states as such.**

30.    Rockland County Drainage Agency itself and engineers for the Town of Haverstraw provided very specific comments regarding hydrologic analysis, drainage patterns, study of the stream network, detention basin, etc., for the Halley Estates II development.  Savad Dec. 2 Ex. 367 at X-26- X-28, X-40- X-44.

**RESPONSE:**

**<u>Objection:</u>  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 30 over the objection, <u>admitted</u>.**

31.    The Village of Pomona's Engineer stated that "The applicant will have to respond to the various storm water management comments on the report and plans.  These changes will have to be incorporated into revised plans and report."  Savad Dec. 2 Ex. 367 at X-69.

**RESPONSE:**

**<u>Objection:</u>  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 31 over the objection, <u>admitted</u>.**

32.    The Halley Estates II developer was required to provide a soil and erosion control plan that met New York State guidelines.  Savad Dec. 2 Ex. 367 at X-22.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 32 over the objection, **admitted.**

33.     Other comments regarding the Halley Estates II development included requiring new trees to be planted to replace ones removed, Savad Dec. 2 Ex. 395 at 6, requiring the planting of street trees, presumably to enhance community character, Sava Dec. 2 Ex. 395 at 6, modifications to the stormwater management proposal, Savad Dec. 2 Ex. 395 at 6-7, conservation area and buffer being submitted and approved by the Village attorney and Planning Board, Savad Dec. 2 Ex. 395 at II, details regarding traffic flow Savad Dec. 2 Ex. 395 at 11, specifications and details of the retention grading and landscaping plan, Savad Dec. 2 Ex. 395 at 13-14, and sewer service permit must be obtained.  Savad Dec. 2 Ex. 367 at X-22.

**RESPONSE:**

**Objection:** Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.

To the extent the Court chooses to consider the statements contained in Paragraph 33 over the objection, **admitted in part; disputed in part.  Disputed** as to the argumentative characterization that the statements were "presumably to enhance community character." Further disputed to the extent the cited information is an incomplete statement taken out of context.  Otherwise, admitted that such comments were made by Frederick P. Clark Associates Inc.,  the Village Engineer P.J. Corless PE, and County of Rockland Department of Planning.  Savad Dec. 2 Ex. 395 at 6.

34.     The Final Environmental Impact Statement for the Halley Estates II project states in relevant part:

34

The subdivision plans tor the proposed Halley Estates II Subdivision has been revised in response to the comments and concerns raised by the Village of Pomona, and by residents in the community. . . . [T]here are somewhat more severe environmental impacts than is desirable. The Average Density Subdivision plan was arrived at through extensive evaluation of the reduction in environmental impacts to the site and surrounding areas ....

Savad Dec. 2 Ex. 367 at IX-3 (emphases added).

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 34 over the objection, admitted.**

35.     The Halley Estates II development area contains the headwaters of a NYSDEC class B stream, was entirely wooded and has steep slopes between 10 percent to 20 percent slope.

Savad Dec. 2 Ex. 367 at IX-4.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 35 over the objection, admitted.**

36.     Approximately 28 acres (42%) of the wooded area of the Halley Estates II subdivision was to be cleared for the development.  Savad Dec. 2 Ex. 367 at IX-4.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 36 over the objection, <u>admitted</u>.**

37.    Visual impacts of the Halley Estates II development were reduced through a native woodland buffer and conservation areas, and "could be mitigated through appropriate landscaping provided throughout the proposed development." Savad Dec. 2 Ex. 367 at X-39, IX-5 - IX-6.

**<u>RESPONSE:</u>**

**<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 37 over the objection, <u>admitted</u>.**

38.    With respect to the Halley Estates II development, Village Planners suggested "a more naturalistic design of the retention [pond], plantings within the retention area as appropriate, and vegetative screening around the perimeter of it." Savad Dec. 2 Ex. 367 at X-6.

**<u>RESPONSE:</u>**

**<u>Objection:</u> Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 38 over the objection, <u>admitted</u>.**

39.      Despite the significant environmental impacts, the Halley Estates II plan was

"developed in conjunction with the Village consultants and the Planning Board ...."  Savad Dec.

2 Ex. 367 at IX-4.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 39 over
the objection, admitted in part; disputed in part.  Admitted that the quoted language
appears in Savad Dec. 2 Ex. 367 at IX-4.  Otherwise, disputed.  Paragraph 39 contains
incomplete statements taken out of context.  Defendants note that the Halley Estate II plan
was proposed by the developer and *reviewed* by the Village Planning Board and Village
consultants.  Savad Dec. 2 Ex. 367.**

40.      The Village's Planner stated that leaving large undisturbed areas in the Halley

Estates II development was an "important mitigation measure."  Savad Dec. 2 Ex. 367 at X-5.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 40 over
the objection, admitted.**

41.      Village Planners noted that the Halley Estates II developer could use deed

restrictions to protect areas.  Savad Dec. 2 Ex. 367 at X-5.

**RESPONSE:**

**Objection:  Defendants assert that this Paragraph is immaterial/irrelevant in this facial
challenge.**

To the extent the Court chooses to consider the statements contained in Paragraph 41 over the objection, <u>admitted</u>.

42.     Traffic issues related to the Halley Estates II development were addressed by various governmental entities, including the Rockland County Highway Department and the Town of Haverstraw, and permits would have to be issued by the former.  Savad Dec. 2 Ex. 367 at X-8- X-9, X-22, X-39.

<u>RESPONSE:</u>

<u>Objection:</u>  **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 42 over the objection, <u>admitted</u>.  Defendants note that the cited documents state:  "Any permits required by the Rockland County Highway Department shall be obtained prior to construction on this site."  Savad Dec. 2 Ex. 367 at X-22.**

43.     The Village of Pomona's Planning Board approved the Halley Estates II development in 2006, subject to various conditions.  Savad Dec 2 Ex. 396 at 1-4.

<u>RESPONSE:</u>

<u>Objection:</u>  **Defendants assert that this Paragraph is immaterial/irrelevant in this facial challenge.**

**To the extent the Court chooses to consider the statements contained in Paragraph 43 over the objection, <u>disputed</u>.  The cited evidence does not support the purported statement of fact.  The cited exhibits show that the development received only preliminary approval. Savad Dec 2 Ex. 396 at 1-4.**

Respectfully submitted by,

DEFENDANTS

VILLAGE OF POMONA, NY; BOARD OF
TRUSTEES OF THE VILLAGE OF
POMONA, NY; NICHOLAS
SANDERSON AS MAYOR; IAN BANKS
AS TRUSTEE AND IN HIS OFFICIAL
CAPACITY; ALMA SANDERS ROMAN
AS TRUSTEE AND IN HER OFFICIAL
CAPACITY, RITA LOUIE AS TRUSTEE
AND IN HER OFFICIAL CAPACITY;
AND BRETT YAGEL AS TRUSTEE IN
HIS OFFICIAL CAPACITY


By____*/s/ Marci A. Hamilton*____
    Marci A. Hamilton (*pro hac vice*)
    36 Timber Knoll Drive
    Washington Crossing, PA 18977
    Tel. No.:  (215) 353-8984
    Fax No.:  (215) 493-1094
    hamilton.marci@gmail.com

    John F. X. Peloso, Jr. (JP6110)
    Andrea Donovan Napp (AN1978)
    Amanda E. Gordon (*pro hac vice*)
    Robinson & Cole LLP
    1055 Washington Blvd.
    Stamford, CT 06901
    Tel. No.  (203) 462-7503
    Fax. No.  (203 462-7599
    jpeloso@rc.com
    anapp@rc.com
    agordon@rc.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 21, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

*/s/ Andrea Donovan Napp*
Andrea Donovan Napp