## PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW

1. Plaintiffs have standing to challenge (1) the accreditation requirement of Local Law No. 4 of 2004, (2) the "[s]ingle-family, two-family and/or multifamily dwelling units" prohibition of Local Law No. 4 of 2004, and (3) the "separate cooking, dining or housekeeping facilities" prohibition of Local Law No. 4 of 2004 codified at Village Code § 130-4; (4) the "one dormitory building" limitation of Local Law No. 4 of 2004, and (5) the "dormitory building shall not occupy more than 20% of the total square footage of all buildings" limitation of Local Law No. 1 of 2007, the (6) "maximum height" limitation, and the (7) 10% building coverage and (8) 20% floor area limitation of Local Law No. 1 of 2001, codified at Village Code § 130-10(F)(12); and the (9) "100 feet" buffer provision of Local Law No. 5 of 2007, codified at Village Code § 126-3(A).[1] *Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona* ("*Tartikov I*"), 915 F. Supp. 2d 574, 588-93 (S.D.N.Y. 2013); *Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona* ("*Tartikov II*"), 138 F. Supp. 3d 352, 380-84 (S.D.N.Y. 2015); *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000).

2. Plaintiffs' facial challenges to the Challenged Laws are ripe, as facial challenges to laws are ripe from the moment such laws are passed. *Tartikov I* at 595; *Tartikov II* at 384-85; *Suitum v. Tahoe Reg'l Planning Agency,* 520 U.S. 725, 736 n.10 (1997); *S. Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme,* 539 F. Supp. 2d 524, 536 (D. Conn. 2008); *Ecogen, LLC v. Town of Italy,* 438 F. Supp. 2d 149, 155 (W.D.N.Y. 2006).

---

[1] Together, these Village Code provisions are referred to herein as the "Challenged Laws."

3.      Plaintiffs need not exhaust administrative remedies for their remaining claims. *Tartikov II* at 446-47; *Oestereich v. Selective Serv. Bd.,* 393 U.S. 233, 234 (1968); *Kraebel v. N.Y. City Dep't of Hous. Pres. and Dev.,* 959 F.2d 395, 404 (2d Cir. 1992); *MacDonald v. Safir,* 206 F.3d 183, 189 (2d Cir. 2000); *Lamar Advert. of Penn, LLC v. Town of Orchard Park,* 356 F.3d 365, 374 (2d Cir. 2004).

4.      Plaintiffs need not prove that no set of circumstances exists under which the Challenged Laws would be valid, *i.e.,* that the Challenged Laws are unconstitutional in all of its applications, or that they lack a plainly legitimate sweep. *Tartikov I* at 613 n.18 (addressing the standard of *United States v. Salerno,* 481 U.S. 739 (1987)); *Tartikov II* at 403-07; *United States v. Farhane,* 634 F.3d 127, 138-39 (2d Cir. 2011); *Lerman v. Bd. of Elections,* 232 F.3d 135, 144 (2d Cir. 2000).

5.      The *Salerno* standard is not controlling. *See City of Chicago v. Morales,* 527 U.S. 41, 54 n.2 (1999); *Farrell v. Burke,* 449 F.3d 470, 496 n.12 (2d Cir. 2006); *Doe v. City of Albuquerque,* 667 F.3d 1111, 1124 (10th Cir. 2012); *A Woman's Choice–East Side Women's Clinic v. Newman,* 305 F.3d 684, 687 (7th Cir. 2002).

6.      The *Salerno* standard does not apply to First Amendment claims. *Tartikov II* at 404; *United States v. Farhane,* 634 F.3d 127, 138-39 (2d Cir. 2011); *Lerman,* 232 F.3d at 144.

7.      The *Salerno* standard does not apply to cases "'involv[ing] allegations of discriminatory animus grounded in race or religion.'" *Tartikov II* at 404 (quoting *Tartikov I,* 915 F. Supp. 2d at 613 n.18).

8.      The *Salerno* standard does not apply to Free Exercise claims, which provides a different standard that "government, in pursuit of legitimate interests, cannot in a selective manner

impose burdens on conduct motivated by religious belief." *Tartikov II* at 406 (quoting *Church of the Lukumi Babalu Aye, Inc. v. City Hialeah,* 508 U.S. 520, 543 (1993)).

9.     Plaintiffs' experience is the "backbone" of their facial claims, as "[t]he proper focus of constitutional inquiry is the group for whom the law is a restriction." *Tartikov II* at 406 (quoting *Planned Parenthood of SE Pa. v. Casey,* 505 U.S. 833, 894 (1992)); *Al Falah Ctr. v. Twp. of Bridgewater,* No. 11–CV–2391, Slip Op. at 12-14 (D.N.J. Sept. 30, 2013); *Cty. Concrete Corp. v. Town of Roxbury,* 442 F.3d 159, 167 (3d Cir. 2006).

10.     To prove a violation of the Equal Protection provisions of the United States and New York Constitutions, the Plaintiffs must establish purposeful discrimination by the Defendants, directed at a suspect class, such as a racial group, or a religion. *Tartikov II* at 407; *Pyke v. Cuomo,* 567 F.3d 74, 78 (2d Cir. 2009)); U.S. CONST. amend XIV.

11.     The Equal Protection provision of the New York Constitution is interpreted consistently with the corollary provision in the Federal Constitution. *Tartikov I* at 614 n.19; *People v. Kern,* 75 N.Y.2d 638, 555 N.Y.S.2d 647, 554 N.E.2d 1235, 1240-41 (1990); *People v. McCray,* 57 N.Y.2d 542, 457 N.Y.S.2d 441, 443 N.E.2d 915, 918 (1982).

12.     If Plaintiffs make such a showing, the law at issue is subject to strict judicial scrutiny, such that the law may be upheld only if it furthers a compelling state interest and is narrowly tailored to accomplish that purpose. *Tartikov II* at 418-23; *Pyke,* 567 F.3d at 77; *United States v. Bannister,* 786 F. Supp. 2d 617, 664 (E.D.N.Y. 2011).

13.     A facially neutral law violates the Equal Protection provisions of the United States and New York Constitutions if it has an adverse effect and was motivated by discriminatory animus.  138 F. Supp. 3d at 407; 915 F. Supp. 2d at 613, 615; *United States v. Yonkers Bd. of Educ.,* 837 F.2d 1181, 1216-17 (2d Cir. 1987).

14.     Discriminatory purpose is demonstrated if a governmental decisionmaker selected a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.  *Tartikov II* at 407; *Hayden v. Cty. of Nassau,* 180 F.3d 42, 50 (2d Cir. 1999).

15.     In order to demonstrate discriminatory intent, discriminatory purpose need not be the sole motivating factor for a governmental decisionmaker's particular course of action, but it must be a significant reason for such action.  *Tartikov II* at 407-08; *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 265 (1977).

16.     Discriminatory purpose may be inferred from the totality of relevant facts, including the following circumstantial and direct evidence: (a) the series of events leading up to a land use decision; (b) the context in which the decision was made; (c) whether the decision or decisionmaking process departed from established norms, including the Village's actions with respect to other proposed projects; (d) statements made by the decisionmaking body; (e) statements made by community members; (f) reports issued by the decisionmaking body; (g) whether a discriminatory impact was foreseeable; (h) whether less discriminatory avenues were available; and (i) whether municipal decision-makers were knowingly responsive to community opponents who were motivated by animus.  *Tartikov I* at 616, 619-22; *Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 533 (1993); *Chabad Lubavitch of Litchfield Cy., Inc. v. Litchfield Historic Dist. Comm'n,* 768 F.3d 183, 199 (2d Cir. 2014); *Tsombanidis v. West Haven Fire Dep't,* 352 F.3d 565, 580 (2d Cir. 2003); *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead,* 98 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2000); *LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 425 (2d Cir. 1995); *United States v. Yonkers Bd. of Educ.,* 837 F.2d 1181, 1221 (2d Cir. 1987); *Al Falah Center*

*v. Township of Bridgewater*, Civ. No. 11-2397, slip op. at 13 (D.N.J. Sept. 30, 2013) (Dkt #169-1).

17.     Intentional discrimination need not be motivated by ill will, enmity, or hostility toward Plaintiffs or Orthodox/Hasidic Jews in order to contravene the Equal Protection Clause. Invidious motive is not a necessary element of discriminatory intent.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993); *Floyd v. City of N.Y.*, 959 F. Supp. 2d 540, 662 (S.D.N.Y. 2013); *Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 694 (6th Cir. 2006); *Garza v. County of Los Angeles*, 918 F.2d 763, 778 n.1 (9th Cir. 1990) (Kozinski, J., concurring in part and dissenting in part); *Hassan v. City of N.Y.*, 804 F.3d 277, 297-98 (3d Cir. 2015), *as amended* (Feb. 2, 2016).

18.     Plaintiffs need not demonstrate that there exists a better treated, similarly situated group of individuals in the Village of Pomona in order to prove an Equal Protection, Free Exercise or RLUIPA Nondiscrimination violation.  *Chabad Lubavitch*, 768 F.3d at 199; *Pyke v. Cuomo*, 258 F.3d 107, 110 (2d Cir. 2001).

19.     To prove a violation of the Free Exercise Clause of the United States Constitution, the Plaintiffs must produce prima facie evidence that the object of the Challenged Laws is to infringe upon or restrict practices because of their religious motivation, or that the law's purpose is the suppression of religion or religious conduct.  *Tartikov II* at 423; *Church of the Lukumi Babalu Aye, Inc. v. Hialeah,* 508 U.S. 520, 533 (1993); U.S. CONST. amend I.

20.     If the Plaintiffs produce such evidence, the government bears the burden of persuasion on all elements of the Free Exercise claim.  42 U.S.C. § 2000cc-2(b).

21.     A law whose object is to infringe upon or restrict practices because of their religious motivation, or whose purpose is the suppression of religion or religious conduct, is subject to strict scrutiny review under the federal Free Exercise Clause.  *Lukumi*, 508 U.S. at 546.

22.     Otherwise, a law is subject to rational basis review.  *Tartikov I* at 619; *Tartikov II* at 423; *Emp't. Div., Dep't of Human Res. of Or. v. Smith,* 494 U.S. 872, 890 (1990).

23.     Even if neutral on their face, the Challenged Laws may still run afoul of the federal Free Exercise Clause if they target religious conduct for distinctive treatment through subtle departures from neutrality or covert suppression of particular religious beliefs, which may be demonstrated from the same circumstantial and direct evidence relevant to Equal Protection claims. *Tartikov II* at 423; *Lukumi*, 508 U.S. at 534; *Gillette v. United States,* 401 U.S. 437, 452 (1971); *Bowen v. Roy,* 476 U.S. 693, 703 (1986).

24.     Another measure of a law's object is the temporal proximity between the proposed land use and the adoption of the regulation of that use. *Vision Church v. Vill. of Long Grove,* 468 F.3d 975, 999 (7th Cir. 2006).

25.     The Plaintiffs need not prove that any burden imposed on their religious exercise is "substantial" to demonstrate a violation of the federal Free Exercise Clause. *Brown v. Borough of Mahaffey, Pa.*, 35 F.3d 846, 849 (3d Cir. 1994); *World Outreach Conf. Ctr. v. City of Chicago,* 591 F.3d 531, 534 (7th Cir. 2009).

26.     In determining whether the Challenged Laws violate the Freedom of Worship provision of the New York Constitution, the Court must consider the interest advanced by the Challenged Laws that imposes a burden on religious exercise (including an incidental burden) and then balance the respective interests to determine whether such burden is justified.  N.Y. CONST.

Art. I, § 3; *Tartikov I* at 619 n.20; *Catholic Charities of the Diocese of Albany v. Serio*, 7 N.Y.3d 510 (2006), *cert. denied,* 552 U.S. 816 (2007).

27.     The Plaintiffs need not prove that the burden imposed on their religious exercise is "substantial" to demonstrate a violation of the New York Constitution's Freedom of Worship provision.  *Catholic Charities of the Diocese of Albany v. Serio*, 7 N.Y.3d 510 (2006), *cert. denied,* 552 U.S. 816 (2007).

28.     The Plaintiffs need not establish that the object of the Challenged Laws is to infringe upon or restrict practices because of their religious motivation, or that the law's purpose is the suppression of religion or religious conduct to demonstrate a violation of the New York Constitution's Freedom of Worship provision.  *Tartikov I* at 619 n.20; *Tartikov II* at 445.

29.     To prove a violation of Freedom of Association rights protected by the First Amendment of the United States Constitution and Article 1, Section 9 of the New York Constitution, the Plaintiffs must establish that the Challenged Laws' interference with their association for the purpose of engaging in activities protected by the First Amendment must be direct and substantial, or significant.  *Tartikov II* at 429-30; *Tabbaa v. Chertoff,* 509 F.3d 89, 100 (2d Cir. 2007); *Fighting Finest, Inc. v. Bratton,* 95 F.3d 224, 228 (2d Cir. 1996); *NYC C.L.A.S.H., Inc. v. City of New York*, 315 F. Supp. 2d 461, 472 (S.D.N.Y. 2004); *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984); U.S. CONST. amend I.

30.     If Plaintiffs make such a showing, the law at issue is subject to strict judicial scrutiny, such that the law may be upheld only if it furthers a compelling state interest and is narrowly tailored to accomplish that purpose.  *Roberts*, 468 U.S. at 623; *Tabbaa v. Chertoff*, 509 F.3d 89, 102 (2d Cir. 2007).

31.    A locational burden on Plaintiffs' ability to associate for the purpose of engaging in activities protected by the First Amendment is sufficient to establish a violation of Plaintiffs' Freedom of Association rights.  *Tartikov II* at 430; *LeBlanc-Sternberg v. Fletcher,* 781 F. Supp. 261, 269 (S.D.N.Y. 1991).

32.    The land use provisions of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), are a constitutional exercise of Congress' power. *Tartikov II* at 437-40; *Westchester Day Sch. v. Vill. of Mamaroneck,* 504 F.3d 338, 354-55 (2d Cir. 2007) ("*WDS II*"); *Fortress Bible Church v. Feiner,* 734 F. Supp. 2d 409, 509 (S.D.N.Y. 2010), *aff'd,* 694 F.3d 208 (2d Cir. 2012); *United States v. Maui Cty.,* 298 F. Supp. 2d 1010, 1015 (D. Haw. 2003).

33.    The Village of Pomona is a "government."  [Stipulated]; 42 U.S.C. § 2000cc-5(4).

34.    The Mayor and Trustees of the Village are a "government."  [Stipulated]; 42 U.S.C. § 2000cc-5(4).

35.    Chapter 130 ("Zoning") of the Code of the Village of Pomona is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

36.    Chapter 126 ("Wetlands Protection") of the Code of the Village of Pomona is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

37.    Local Law No. 1 of 2001 is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

38.    Local Law No. 5 of 2004 is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

39.    Local Law No. 1 of 2007 is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

40.     Local Law No. 5 of 2007 is a "land use regulation."  [Stipulated]; 42 U.S.C. § 2000cc-5(5).

41.     The use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose.  42 U.S.C. § 2000cc-5(7).

42.     The use of real property for the purpose of training rabbinical judges constitutes "religious exercise."  42 U.S.C. § 2000cc-5(7); *Tartikov II* at 431.

43.     The act of the individual Plaintiff students raising their children in the Jewish faith constitutes "religious exercise."  42 U.S.C. § 2000cc-5(7); *Tartikov II* at 431.

44.     The provisions of RLUIPA shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of RLUIPA and the Constitution. 42 U.S.C. § 2000cc-3(g).

45.     RLUIPA should be interpreted "'to give effect, if possible, to every clause and word' . . . and to 'avoid statutory interpretations that render provisions superfluous.'"  *United States v. Al Kassar,* 660 F.3d 108, 124-25 (2d Cir. 2011).

46.     The term "religious exercise" includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief.  42 U.S.C. § 2000cc-5(7); *Emp. Div., Dep't of Human Res. of Ore. v. Smith*, 494 U.S. 872, 887 (1990); *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

47.     The Challenged Laws have been "impose[d]" upon Tartikov.  138 F. Supp. 3d at 385; 42 U.S.C. § 2000cc(a),(b); *Elijah Group, Inc. v. City of Leon Valley*, 643 F.3d 419, 422 (5th Cir. 2011).

48.     A substantial burden can be imposed by the mere enactment of legislation. *Tartikov II* at 385; *Elijah Group, Inc. v. City of Leon Valley,* 643 F.3d 419, 422 (5th Cir. 2011); available; *Roman Catholic Diocese of Rockville Ctr., N.Y. v. Inc. Vill. of Old Westbury*, No. 09 CV 5195, 2012 WL 1392365, at *8 (E.D.N.Y. Apr. 23, 2012); *Sisters of St. Francis Health Servs., Inc. v. Morgan Cty., IN*, 397 F. Supp. 2d 1032, 1049 (S.D. Ind. 2005); *Al Falah Center v. Township of Bridgewater,* Civ. No. 11-2397, slip op. (D.N.J. Sept. 30, 2013); *Cent. Rabbinical Cong. of U.S. & Canada v. N.Y. City Dep't of Health & Mental Hygiene*, 763 F.3d 183, 185-86, 187 (2d Cir. 2014).

49.     "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—(A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc(a).

50.     The Substantial Burdens provision of RLUIPA applies where the substantial burden affects, or removal of that substantial burden would affect, interstate commerce.  42 U.S.C. § 2000cc(a)(2)(B).

51.     Building construction is activity affecting interstate commerce.  *Chabad Lubavitch of Litchfield Cy.*, 768 F.3d at 183, 192 n.6 (2d Cir. 2014); *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 354 (2d Cir. 2007).

52.     The Plaintiffs bear the burden of persuasion on whether the Challenged Laws substantially burden their exercise of religion.  42 U.S.C. § 2000cc-2(b).

53.    The Defendants bear the burden of persuasion on all other elements of the Substantial Burdens claim.  42 U.S.C. § 2000cc-2(b).

54.    Plaintiffs' proposed student family housing is inextricably integrated with Plaintiffs' ability to provide religious education and practice.  *Tartikov I* at 629; *Tartikov II* at 425; *Westchester Day Sch. v. Vill. of Mamaroneck,* 417 F. Supp. 2d 477, 545-46 (S.D.N.Y. 2006), *aff'd, WDS*, 504 F.3d 338.

55.    The provision of housing or sleeping accommodations can constitute religious exercise.  *Tartikov I* at 629; *Tartikov II* at 425; *Fifth Ave. Presbyterian Church v. City of N.Y.,* 293 F.3d 570, 574-75 (2d Cir. 2002); *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 869-70 (2d Cir. 1988); *World Outreach Conference Center v. City of Chicago*, 591 F.3d 531, 535 (7th Cir. 2009); *Bikur Cholim v. Village of Suffern*, 664 F. Supp. 2d 267, 276 (S.D.N.Y. 2009); *Candlehouse, Inc. v. Town of Vestal, N.Y.,* No. 11-0093, 2013 WL 1867114, slip op. at *18 (N.D.N.Y. May 3, 2013); *Town of Mount Pleasant v. Legion of Christ, Inc.*, 787 N.Y.S. 2d 681, at *5 (N.Y. Sup. Ct. 2003), *aff'd,* 7 N.Y.3d 122 (2006), *cert. denied,* 549 U.S. 1208 (2007); *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1171 (W.D. Wash. 2015); *Hapletah v. Assessor of Town of Fallsburg*, 79 N.Y.2d 244, 250-51, 590 N.E.2d 1182, 1185 (1992); *Chung Te Buddhist Ass'n of N.Y., Inc. v. Kusterbeck*, No. 104800/2003, 2003 WL 22798826, at *8 (N.Y. Sup. Ct. Sept. 8, 2003); 146 CONG. REC. E1566, E1567 (daily ed. Sept. 22, 2000); *id.* at E1564; *id.* at E1565; 146 CONG. REC. S6689; 146 CONG. REC. S7777.

56.    A burden on religious exercise is "substantial" if it is more than a minimal impact on religious exercise, and there must be a close nexus between the two.  *Tartikov II* at 431; *Fortress Bible Church v. Feiner,* 694 F.3d 208, 219 (2d Cir. 2012).

57.     Zoning laws that significantly lessen the prospect of a religious institution's being able to use its property to further its religious mission substantially burden religious exercise. *Tartikov I* at 630-31; *Tartikov II* at 432; *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 195 (2d Cir. 2014); *Fortress Bible Church*, 694 F.3d at 219; *Guru Nanak Sikh Soc'y of Yuba City v. Sutter Cy.,* 456 F.3d 978, 992 (9th Cir. 2006); *Bethel World Outreach Ministries v. Montgomery County Council*, 706 F.3d 548, 558 (4th Cir. 2013); *Town of Mount Pleasant v. Legion of Christ,* Index No. 14047/97, 2003 WL 23515112, at *5 (N.Y. Sup. Ct. 2003).

58.     Zoning laws that impose conditions on the use of the property, such as limitations on the size of the facilities that can permissibly be used by the religious institution, can impose a substantial burden on religious exercise. *Tartikov I* at 631; *Chabad Lubavitch of Litchfield Cty.,* 768 F.3d at 195.

59.     Zoning laws that impose significant delay, uncertainty, and expense on the ability of a religious institution to use property to further its religious mission substantially burden religious exercise. *Tartikov II* at 417-18, 433; *Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895, 901 (7th Cir. 2005); *WDS II,* 504 F.3d at 349.

60.     A text amendment as discussed herein, is an amendment to an existing law. [Stipulated]; Code § 130-35 *et seq.*

61.     A text amendment is a legislative process.  Code § 130-35 *et seq.*

62.     A Village Board is not required to act on a petition for a text amendment. [Stipulated]; *Matter of Society of N.Y. Hosp. v. Del Vecchio,* 123 A.D.2d 384, 387 (2 Dept. 1986), *aff'd,* 70 N.Y.2d 634 (1987).

63.     A Village Board is not required to state its reasons for denying a petition for text amendment.  N.Y. MUNICIPAL HOME RULE LAW § 20.

64.     A denial of a text amendment is not reviewable by the New York courts in an Article 78 proceeding.  *Zionts v. Town of Amherst*, 2 A.D.3d 1414, 1414, 769 N.Y.S.2d 814, 815 (2003).

65.     Zoning laws that render religious exercise "effectively impracticable" substantially burden religious exercise.  *Westchester Day School,* 417 F. Supp. 2d at 546; *Civil Liberties for Urban Believers v. City of Chicago,* 342 F.3d 752, 761 (7th Cir. 2003).

66.     Zoning laws that are arbitrary, capricious, unlawful, or enacted in bad faith can impose a substantial burden on religious exercise.  *Tartikov I* at 632; *Chabad Lubavitch of Litchfield Cty.,* 768 F.3d at 195; *WDS II*, 504 F.3d at 352; *Fortress Bible Church*, 694 F.3d at 219; *Sts. Constantine and Helen Greek Orthodox Church,* 396 F.3d 895; *Guru Nanak Sikh Soc'y*, 456 F.3d at 989-91.

67.     New York law prohibits zoning laws that are discriminatory or that lack a substantial relationship to public health, safety, welfare or morals.  *Matter of Wolfe v. Town Bd. of Town of Islip,* 519 N.Y.S.2d 744 (2 Dept. 1987); *Town of Huntington v. Park Shore Country Day Camp,* 47 N.Y.2d 61, 416 N.Y.S.2d 774 (2 Dept. 1987); *Matter of Benderson Dev. Co. v. Swiatek,* 162 A.D.2d 1023, 557 N.Y.S.2d 807 (4 Dept. 1990).

68.     A "discriminatory" zoning law in New York means that plaintiff's property was singled out in the zoning district for different zoning limitations.  *Megin Realty v. Baron*, 46 N.Y.2d 891, 893 (1979); *Udell v. Haas*, 21 N.Y.2d 463, 476 (1968); *Rammar Associates Inc. v. Incorporated Village of Westbury,* 59 Misc. 2d 875, 300 N.Y.S.2d 698, 700 (N.Y. Sup. 1969).

69.     Zoning laws can substantially burden religious exercise if a plaintiff had a reasonable expectation of receiving approval when it bought the property. *Chabad Lubavitch of Litchfield Cty.,* 768 F.3d at 195; *Bethel World Outreach Ministries,* 706 F.3d at 558; *Petra Presbyterian Church v. Vill. of Northbrook*, 489 F.3d 846, 851 (7th Cir. 2007).

70.     In order to establish a substantial burden on religious exercise, a plaintiff need not show that there was no other parcel of land on which it could build its facility. *Tartikov II* at 433; *Sts. Constantine & Helen,* 396 F.3d at 899-900.

71.     In order to establish a substantial burden on religious exercise, a plaintiff need not establish that a zoning law was motivated by religious animus or that it was targeted by the governmental entity.  42 U.S.C. § 2000cc(a)(2)(B); *Tartikov I* at 632; *Tartikov II* at 433.

72.     In order to establish a substantial burden on religious exercise, a Plaintiff need not establish that its religious use of property was completely denied. *Tartikov I* at 632; *Cathedral Church of Intercessor v. Inc. Vill. of Malverne*, No. CV 02-2989, 2006 WL 572855, *8 (E.D.N.Y. Mar. 6, 2006); *see also Sts. Constantine & Helen,* 396 F.3d at 899–900; *Westchester Day Sch. v. Village of Mamaroneck,* 379 F. Supp. 2d 550, 556–57 (S.D.N.Y. 2005); *Fortress Bible,* 694 F.3d at 219.

73.     In order to establish a substantial burden on religious exercise, a Plaintiff need not establish that it cannot engage in alternative means of practicing religion. *Tartikov II* at 434; *Holt v. Hobbs,* 135 S. Ct. 853, 862-63 (2015)*, Fifth Ave. Presbyterian Church v. City of N.Y.*, Civ. No. 01-11493, 2004 WL 2471406, at *3 (S.D.N.Y. Oct. 29, 2004), *aff'd*, 177 F. App'x 198 (2d Cir. 2006); *Thomas v. Review Bd. of Indiana Employment Security Div.,* 450 U.S. 707, 715-716 (1981); *Fifth Ave. Presbyterian Church v. City of New York,* 293 F.3d 570, 574 (2d Cir. 2002)); *Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872, 887 (1990);

*Hernandez v. Commissioner*, 490, U.S. 680, 699 (1989); *Morris v. Debruyn*, No. 3:95-CV-227, 1996 WL 441860, at *7 (N.D. Ind. July 15, 1996); *Lebaron v. O'Brien*, No. 15-00275, 2016 WL 5415484, at *5 (Mass. Super. June 15, 2016); *Muslim v. Frame*, 897 F. Supp. 215, 217 (E.D. Pa. 1995).

74.     "No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution."  42 U.S.C. § 2000cc(b)(1).

75.     To prove a violation of RLUIPA's Equal Terms provision, the Plaintiffs must produce prima facie evidence that (1) the plaintiff must be a religious institution; (2) subject to a land use regulation; that (3) treats the religious institution on less than equal terms; with (4) a nonreligious institution.  *Tartikov I* at 634; *Tartikov II* at 441; *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty.,* 450 F.3d 1295, 1307 (11th Cir. 2006); *Chabad Lubavitch,* 768 F.3d at 197.

76.     If the Plaintiffs produce such evidence, the Village bears the burden of persuasion on all elements of the Equal Terms claim.  42 U.S.C. § 2000cc-2(b).

77.     An Equal Terms violation is subject to a strict liability standard.  *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 269 (3d Cir. 2007)

78.     A zoning law violates the Equal Terms provision if it facially differentiates between the religious assembly or institution at issue and a nonreligious assembly or institution.  *Tartikov II* at 441; *Primera,* 450 F.3d at 1308; *Vision Church,* 468 F.3d at 1003; *Church of Scientology of Ga., Inc. v. City of Sandy Springs,* 843 F. Supp. 2d 1328, 1361 (N.D. Ga. 2012); *Covenant Christian Ministries, Inc. v. City of Marietta,* No. 06-CV-1994, 2008 WL 8866408, at *13 (N.D. Ga. Mar. 31, 2008); *Family Life Church v. City of Elgin,* 561 F. Supp. 2d 978, 989 (N.D. Ill. 2008)

79.     Plaintiffs need not demonstrate that there exists a better treated, similarly situated nonreligious assembly or institutional use in the Village of Pomona in order to prove an Equal Terms violation.  *Tartikov II* at 442; *Lukumi,* 508 U.S. at 535.

80.     A facially neutral zoning law violates the Equal Terms provision if it is gerrymandered to place a burden solely on religious, as opposed to secular, assemblies or institutions.  *Tartikov I* at 636; *Tartikov II* at 441-42; *Primera,* 450 F.3d at 1308; *Vision Church,* 468 F.3d at 1003; *Church of Scientology of Ga., Inc. v. City of Sandy Springs,* 843 F. Supp. 2d 1328, 1361 (N.D. Ga. 2012); *Covenant Christian Ministries, Inc. v. City of Marietta,* No. 06–CV–1994, 2008 WL 8866408, at *13 (N.D. Ga. Mar. 31, 2008); *Family Life Church v. City of Elgin,* 561 F. Supp. 2d 978, 989 (N.D. Ill. 2008).

81.     A zoning law treats the religious institution on less than equal terms as a nonreligious institution if the impact of the forbidden use would not cause greater harm to the regulatory objectives, or the regulatory criteria, than the impact of the allowed use.  *Third Church of Christ, Scientist, of N.Y. City v. City of N.Y.*, 626 F.3d 667, 670 (2d Cir. 2010).

82.     The Plaintiffs' proposed land use is a religious assembly and institution.  42 U.S.C. § 2000cc(b)(1).

83.     Accredited nonreligious educational institutions are nonreligious assemblies and institutions.  42 U.S.C. § 2000cc(b)(1).

84.     Libraries are nonreligious "institutions."  42 U.S.C. § 2000cc(b)(1).

85.     Museums are nonreligious "institutions."  42 U.S.C. § 2000cc(b)(1).

86.     "No government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination."  42 U.S.C. § 2000cc(b)(2).

87.     To prove a violation of RLUIPA's Nondiscrimination provision, the Plaintiffs must produce prima facie evidence demonstrating purposeful discrimination by the Defendants directed at religion or religious denomination.  *Tartikov I* at 636; *Tartikov II* at 442; *Chabad Lubavitch*, 768 F.3d at 198.

88.     If the Plaintiffs produce such evidence, the Village bears the burden of persuasion on all elements of the Nondiscrimination claim.  42 U.S.C. § 2000cc-2(b).

89.     A Nondiscrimination violation is subject to a strict liability standard.  42 U.S.C. § 2000cc(b)(2).

90.     Discriminatory purpose may be inferred from the totality of relevant facts, including the following circumstantial and direct evidence: (a) the series of events leading up to a land use decision; (b) the context in which the decision was made; (c) whether the decision or decisionmaking process departed from established norms, including the Village's actions with respect to other proposed projects; (d) statements made by the decisionmaking body and community members; (e) reports issued by the decisionmaking body; (f) whether a discriminatory impact was foreseeable; (g) whether less discriminatory avenues were available; and (h) whether municipal decision-makers were knowingly responsive to community opponents who were motivated by animus.  *Tartikov I* at 616, 619-22, 636; *Tartikov II* at 442; *Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 533 (1993); *Chabad Lubavitch of Litchfield Cy., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 199 (2d Cir. 2014); *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead,* 98 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2000); *LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 425 (2d Cir. 1995); *United States v. Yonkers Bd. of Educ.,* 837 F.2d 1181,

1221 (2d Cir. 1987); *Al Falah Center v. Township of Bridgewater*, Civ. No. 11-2397, slip op. at

13 (D.N.J. Sept. 30, 2013) (Dkt #169-1).

91.     Plaintiffs need not demonstrate that there exists a better treated, similarly situated

group of individuals in the Village of Pomona in order to prove a Nondiscrimination violation.

*Tartikov I* at 636; *Tartikov II* at 442; *Chabad Lubavitch*, 768 F.3d at 199.

92.     "No government shall impose or implement a land use regulation that-- . . . totally

excludes religious assemblies from a jurisdiction; . . . ."  42 U.S.C. § 2000cc(b)(3)(A).

93.     To prove a violation of RLUIPA's Total Exclusion provision, the Plaintiffs must

produce prima facie evidence demonstrating that the Challenged Laws completely exclude the

Plaintiffs from the Village.  *Tartikov I* at 637; *Tartikov II* at 442.

94.     If the Plaintiffs produce such evidence, the Village bears the burden of persuasion

on all elements of the Total Exclusion claim.  42 U.S.C. § 2000cc-2(b).

95.     Plaintiffs' religious assembly is totally excluded from the Village if the Challenged

Laws prevent Plaintiffs from building the rabbinical college on the Subject Property or anywhere

in Pomona.  *Vision Church v. Village of Long Grove*, 468 F.3d 975, 989 (7th Cir. 2006); *First

Korean Church of New York v. Cheltenham Twp. Zoning Hearing Bd.*, No. 05-6389, 2012 WL

645986, at *16 (E.D. Pa. Feb. 29, 2012); *Adhi Parasakthi Charitable, Med., Educ., & Cultural

Soc. v. Township of West Pikeland*, 721 F. Supp. 2d 361, 386 (E.D. Pa. 2010).

96.     A Total Exclusion violation is subject to a strict liability standard.  42 U.S.C.

§ 2000cc(b)(3)(A).

97.     "No government shall impose or implement a land use regulation that-- . . .

unreasonably limits religious assemblies, institutions, or structures within a jurisdiction."  42

U.S.C. § 2000cc(b)(3)(B).

98.     To prove a violation of RLUIPA's Unreasonable Limitations provision, the Plaintiffs must produce prima facie evidence demonstrating that the Challenged Laws have the effect of depriving Plaintiffs or any rabbinical college of reasonable opportunities to practice their religion, including the use and construction of structures, within the Village.  *Rocky Mountain Christian Church v. Board of County Com'rs*, 613 F.3d 1229, 1238 (10th Cir. 2010); *Bethel World Outreach Ministries*, 706 F.3d at 560; *Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am.*, 721 F. Supp. 2d at 387; *Chabad of Nova, Inc. v. City of Cooper City,* 575 F. Supp. 2d 1280, 1290 (S.D. Fla. 2008).

99.     If the Plaintiffs produce such evidence, the Village bears the burden of persuasion on all elements of the Unreasonable Limitations claim.  42 U.S.C. § 2000cc-2(b).

100.    For purposes of an Unreasonable Limitations claim, what is reasonable must be determined in light of all the facts, including the actual availability of land.  146 CONG. REC. E1563 (daily ed. Sept. 22, 2000) (statement of Rep. Canady).

101.    Plaintiffs need not demonstrate that their religious assembly be totally excluded from the Village in order to prove an Unreasonable Limitations violation.  *Tartikov I* at 637; *Rocky Mountain Christian Church v. Board of County Com'rs*, 613 F.3d at 1238.

102.    Plaintiffs cannot obtain a special permit for their proposed use.  *Tartikov II* at 414.

103.    Plaintiffs cannot obtain a variance for their proposed use.  *Tartikov I* at 633; Code § 130-28(D)(1).

104.    The Challenged Laws do not survive strict scrutiny review.  *Tartikov II* at 418, 420.

105.    A compelling state interest involves some substantial threat to public safety, peace, or order and includes only interests of the highest order and the gravest abuses.  *Tartikov II* at 418; *WDS II*, 504 F.3d at 353; *Sherbert v. Verner,* 374 U.S. 398, 403 (1963).

106.   A "generalized interest" is not a compelling state interest, as a government must establish that prohibiting the particular use at issue is necessary to protect the public health and safety.  *Gonzales v. O Centro Espirita Beneficence Uniao do Vegetal,* 546 U.S. 418, 432, 438 (2006); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 521 (1993).

107.   Strict scrutiny review requires the Court to scrutinize the asserted harm of granting specific exemptions to particular religious claimants and to look to the marginal interest in enforcing the Challenged Laws in that particular context.  *Gonzales v. O Centro Espirita Beneficence Uniao do Vegetal*, 546 U.S. 418, 431 (2006).

108.   "Community character" "and "aesthetics" are not compelling state interests. *Tartikov II* at 418-19; *Westchester Day Sch. v. Vill. of Mamaroneck,* 417 F. Supp. 2d 477, 554 (S.D.N.Y. 2006), *aff'd,* 504 F.3d 338 (2d Cir. 2007); *Clear Channel Outdoor, Inc. v. Town Bd. of Town of Windham,* 352 F. Supp. 2d 297, 304 (N.D.N.Y. 2005); *XXL of Ohio, Inc. v. City of Broadview Heights,* 341 F. Supp. 2d 765, 789–90 (N.D. Ohio 2004); *Cottonwood Christian Ctr. v. Cypress Redevelopment Agency,* 218 F. Supp. 2d 1203, 1227-28 (C.D. Cal. 2002); *Knoeffler v. Town of Mamakating,* 87 F. Supp. 2d 322, 330 (S.D.N.Y. 2000).

109.   "Traffic" is not a compelling state interest if the defendants present no evidence that any traffic concerns actually exist.  *Congregation Etz Chaim v. City of L.A.,* Civ. No. 10-1587, 2011 WL 12472550, at *7 (C.D. Cal. July 11, 2011).

110.   Under strict scrutiny review, a challenged law must be narrowly tailored to serve a compelling state interest.  42 U.S.C. § 2000cc(a)(1)(B); *Lukumi*, 508 U.S. at 531-32.

111.   A law is not narrowly tailored if the proffered objectives are not pursued with respect to analogous nonreligious conduct, or they leave appreciable damage to the supposedly

vital interest unprohibited.  *Tartikov II* at 420; *Lukumi,* 508 U.S. at 546; *Jana-Rock Constr., Inc. v. N.Y.S. Dep't of Econ. Dev.,* 438 F.3d 195, 210 (2d Cir. 2006)).

112.   The burden of persuasion is on the Village on all of issues related to strict scrutiny review.  42 U.S.C. § 2000cc-2(b).

113.   Expert witnesses may engage in "policy analysis" and use "legal jargon, or reference to laws that govern" land use or environmental protection.  *Tartikov II* at 400.

114.   Expert witnesses may testify about the relevant statutory or regulatory framework. *Tartikov II* at 397 n.31; *United States v. Bilzerian,* 926 F.2d 1285, 1294-95 (2d Cir. 1991); *In re Fosamax Prods. Liab. Litig.,* 645 F. Supp. 2d 164, 190-91 (S.D.N.Y. 2009).

115.   A regulatory "taking" of property occurs when a regulation limits the uses of private property to such a degree that the regulation effectively deprives the property owner of economically reasonable use or value of their property to such an extent that it deprives them of utility or value of that property, even though the regulation does not formally divest them of title to it.  *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992).

116.   Tartikov could not establish that the Challenged Laws have deprived it of economically reasonable use or value of the Subject Property, as it may be developed with single family residences.  [Stipulated]; Code § 130-9.

117.   The Fair Housing Act prohibits implementing or enforcing housing policies in a discriminatory manner.  42 U.S.C. § 3604(a) (Fair Housing Act § 804(a)); *Tsombanidis v. West Haven Fire Dep't, First Fire Dist.,* 352 F.3d 565, 573 (2d Cir. 2003) (Fair Housing Amendments Act "prohibit[s] governmental entities from implementing or enforcing housing policies in a discriminatory manner"); *Tartikov II* at 443 (S.D.N.Y. 2015) ("The FHA prohibits governmental agencies from implementing or enforcing housing policies in a discriminatory manner.  Under the

FHA, it shall be unlawful [t]o . . . make unavailable . . . a dwelling to any person because of race [or] color") (citations and internal quotation marks omitted); *United States v. Yonkers Branch-NAACP*, 624 F. Supp. 1276, 1291 n.9 (S.D.N.Y. 1985) (citing Act).

118.   It is unlawful for Defendants to make unavailable or deny, a dwelling to any person because of religion.  42 U.S.C. § 3604.

119.   Plaintiffs' proposed student family housing would constitute a "dwelling" under the Fair Housing Act because it would constitute a "building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof."  42 U.S.C. § 3602.

120.   Under the Fair Housing Act, "the plaintiff[s] must first establish a prima facie case. Adapted to this situation, the prima facie case elements are: (1) plaintiff[s'] rights are protected under the FHA; and (2) as a result of the defendant[s'] discriminatory conduct, plaintiff[s] ha[ve] suffered a distinct and palpable injury."  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999); *Leblanc-Sternberg v. Fletcher*, 67 F.3d 412, 424 (2d Cir. 1995); *Hack v. President and Fellows of Yale College*, 237 F.3d 81 (2d Cir. 2000).

121.   If the Court finds that Plaintiffs have made this prima facie showing, the Defendants are obliged to articulate a legitimate, nondiscriminatory reason for their actions.  *Harris*, 183 F.3d at 1051; *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 302 (2d Cir. 1998).

122.   If the Defendants have articulated a legitimate, nondiscriminatory reason for their actions, then the Plaintiffs must rebut that justification through evidence showing that they have been victimized by intentional discrimination, "either directly by persuading the [C]ourt that a discriminatory reason more likely motivated the [defendant] or indirectly by showing that the

[Defendants'] proffered explanation is unworthy of credence." *Harris*, 183 F.3d at 1051; 788 F.3d 31, 40 n.11 (2d Cir. 2015) (discussing *McDonnell Douglas* burden-shifting in disparate impact cases); *Hack*, 237 F.3d at 101-102.

123.    The Fair Housing Act prohibits facially neutral laws that have a disproportionate adverse impact against any group based on religion.  *Tartikov II* at 443; *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2525 (2015) ("The Court holds that disparate-impact claims are cognizable under the Fair Housing Act"); *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 302 (2d Cir. 1998).

124.    Defendants are prohibited from engaging in retaliatory acts that "coerce, intimidate, threaten, or interfere with" any person in the exercise of their rights under the Fair Housing Act, or "on account having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of," rights protected under the Fair Housing Act.  42 U.S.C. § 3617.

125.    The Plaintiffs can establish a claim under *Berenson v. Town of Castle* by proving that the challenged ordinance does not provide a properly balanced and well-ordered plan for the community or was enacted without giving proper regard to both local and regional housing needs. *Berenson v. Town of Castle*, 341 N.E.2d 236, 241 (N.Y. 1975); *Robert E. Kurzius, Inc. v. Inc. Vill. of Upper Brookville*, 414 N.E.2d 680, 683 (App. Div. 1980).

126.    In the alternative, Plaintiffs can establish a claim under *Berenson v. Town of Castle* by establishing that the challenged ordinances were enacted with the improper purpose of discriminating against Orthodox Hasidic Jews by excluding them from the Village of Pomona. *Berenson v. Town of Castle*, 341 N.E.2d 236, 241 (N.Y. 1975); *Robert E. Kurzius, Inc. v. Inc. Vill. of Upper Brookville*, 414 N.E.2d 680, 683 (App. Div. 1980).

127.    The Defendants have the affirmative duty to demonstrate that it met its requirement to prove that the Village considered local and regional housing needs at the formative stage of enacting its zoning plan and local laws. *Tartikov II* at 444 (and cases cited therein).

128.    An ordinance that is part of a zoning plan that eliminates multi-family zoning districts is exclusionary on its face, and thus cannot provide a properly balanced and well-ordered housing plan. *Land Master Montg I, LLC v. Town of Montgomery*, 13 Misc. 3d 870, 878, 821 N.Y.S.2d 432 (Orange Cty. Sup. Ct.  2006) ("By consolidating these districts into RA-.5 and RA-2 [residential agricultural] designations, the Town eliminated any specifically dedicated multi-family zoning districts. For this reason the Orange County Planning Department, with its more global view of regional needs, expressed serious concerns about the Comprehensive Plan and expressly disapproved of Local Law No. 4. On its face, this zoning scheme is exclusionary"), *aff'd,* 2008 N.Y. Slip Op. 06643 (2 Dept. 2008).