UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONGREGATION RABBINICAL COLLEGE
OF TARTIKOV, INC., et. al.,

    Plaintiffs,

V.

VILLAGE OF POMONA, NY, et. al.,

    Defendants.

CIVIL NO. 07:CV 6304 (KMK)

APRIL 28, 2017

## DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

### Ripeness and Standing

1. All of Plaintiffs' claims are not ripe, because they have availed themselves of federal court without pursuing any local land use relief and have received no final decision on an application from the local land use authorities *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 186 (1985); *See also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005); *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429 (3d Cir. 2003); *Eide v. Sarasota County*, 908 F.2d 716, 726 n.17 (11th Cir. 1990), *cert. denied*, 498 U.S. 1120 (1991) ("[Z]oning is a delicate area where a county's power should not be usurped without giving the county an opportunity to consider concrete facts on the merits prior to a court suit."). There is no futility exception to the final decision requirement. *Goldfine v. Kelly*, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000); *Kittay v. Giuliana*, 112 F. Supp. 2d 342, 349 (S.D.N.Y. 2000); *Ecogen, LLC v. Town of Italy*, 438 F. Supp. 2d 149, 161 (W.D.N.Y. 2006).

2. The Plaintiffs lack standing, because there is no injury in fact, no causal connection between actions of the Defendants and injury, and no redress possible where the

Plaintiffs have refused to participate in the local land use process. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Friends of Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

**First Cause of Action: First Amendment, Free Exercise**

1. Plaintiffs allege that in enacting the Local Laws Defendants violated the Free Exercise Clause of the First Amendment to the United States Constitution. Because they never applied for any land use relief of any kind, they challenge the Local Laws under the Free Exercise Clause only as a facial matter.

2. To prevail in a constitutional facial challenge, a plaintiff must prove that the challenged law is unconstitutional in every application. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Gonzales v. Carhart* 550 U.S. 124, 126 (2007). This principle applies to local land use laws. *Ecogen,* 438 F. Supp. 2d at 157; *Suitum v. Tahoe Req'l Planning Agency*, 520 U.S. 725, 736 n.10 (1997).

3. Constitutional facial challenges are disfavored as a matter of law. *Sabri v. United States*, 541 U.S. 600, 609 (2004) (internal quotation marks and brackets omitted). Federal courts are required to desist from facial challenges because they threaten the democratic process; " '[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'" *Ayotte v. Planned Parenthood of Northern New Eng.*, 546 U.S. 320, 329 (2006).

4. Therefore, to prevail on their Free Exercise facial challenge, Plaintiffs must show that the Local Laws are unconstitutional in every application under free exercise law. As a matter of law, the evidence to prove a violation in a facial challenge is not Plaintiff-specific. *Gonzales v. Carhart*, 550 US 124 (2007).

5. Defendants' "subjective motivation" in enacting the Four Local Laws is irrelevant to a facial challenge. *Ecogen*, 438 F. Supp. 2d at 157.

6. To prove that the Local Laws are unconstitutional, Plaintiffs must show as a threshold matter that the enactment of the Local Laws imposed a substantial burden on their religious exercise. *Employment Div. v. Smith*, 494 U.S. 872, 894 (1990); *Sherbert v. Verner*, 374 U.S. 398, 407 (1963).

7. The phrase "exercise of religion" includes religious beliefs, as well as conduct flowing from religious beliefs that is central to the underlying religious beliefs. However, Free Exercise protections are limited to protecting religious exercise, not secular, commercial activity. *See Jimmy Swaggart Ministries v. Bd. of Equalization of Cal.*, 493 U.S. 378, 392 (1990).

8. Housing is not religious exercise. *Greater Bible Way Temple of Jackson v. City of Jackson*, 478 Mich. 373, 391 (2007).

9. The Free Exercise Clause of the First Amendment accords rationality review to laws that are neutral and generally applicable. *Smith*, 494 U.S. at 878; *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 531 (1993). A law that is neutral and generally applicable need not be justified by an important or compelling governmental interest even if the law has the incidental effect of substantially burdening the exercise of religion. *United States v. Lee*, 455 U.S. 252 (1982); *Smith*, 494 U.S. at 878. Thus, even if Plaintiffs prove the Local Laws impose a substantial burden, the Laws must be upheld if they have a rational basis.

10. The Village's zoning laws, like zoning laws generally, are neutral laws of general applicability. *See Petra Presbyterian Church v. Vill. of Northbrook*, 2004 WL 442630, at *3 (N.D. Ill. Mar. 8, 2004) (citing *Greene v. Town of Blooming Grove*, 879 F.2d 1061, 1063 (2d Cir. 1989)), *aff'd Petra Presbyterian Church v. Vill. of Northbrook*, 489 F.3d 846 (7th Cir.

2007); *Lighthouse v. City of Long Branch*, 510 F.3d 253, 273 (3d. Cir. 2007); *Vill. of Belle Terre v. Boraas*, 416 U.S. 1, 8 (1974). The plaintiff "has the heavy burden to negative every conceivable basis which might support" the ordinance. *Id.* (citing *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

11. Thus to prove that the Local Laws are unconstitutional, Plaintiffs must prove that they are not neutral or generally applicable.

12. A law lacks facial neutrality if it refers to a religious practice without a secular meaning discernible from the language or context. *Lukumi,* 508 U.S. at 533.

13. Each of the four Local Laws is facially neutral and has a secular meaning discernible from the language and context.

14. A law is not generally applicable, if it is crafted to be solely applicable to a particular person or institution and no other land use applicant. *Lukumi*, 508 U.S. at 535.

15. Each of the Local Laws is generally applicable because, (1) a secular, neutral discernible meaning is clear from its language and context; (2) each is not solely applicable to the Plaintiffs. *Lukumi*, 508 U.S. at 535.

16. Because the Local Laws are facially neutral and generally applicable, rational basis review applies, and they are not unconstitutional in every context.

17. A law that is not neutral or not generally applicable must be justified by a compelling governmental interest even if the law has the incidental effect of substantially burdening the exercise of religion. *Lukumi*, 508 U.S. at 531.

18. If Plaintiffs prove by a preponderance of the evidence that Local Laws substantially burden Plaintiffs' exercise of religion, then they must still prove the Local Laws are unconstitutional in every context. If Defendants show it is constitutional in even one context--

whether rationality or strict scrutiny is applied--the law is constitutional. Each of the four Local Laws is plainly constitutional in numerous contexts and in application to numerous land use owners.

19.     Plaintiffs have failed to establish that the Local Laws are unconstitutional in every context which includes a failure to establish that any of the subject Local Laws are solely applicable to the Plaintiffs. While the laws may incidentally burden Plaintiffs in that they cannot build the rabbinical college that they want, the evidence shows that Plaintiffs can exercise their religion by building a rabbinical college.

**Third Cause of Action: First Amendment, Free Association**

1.      Plaintiffs allege that the subject Local Laws violate their right to freedom of association under the First Amendment. Because they never applied for any land use relief of any kind, they challenge the Local Laws under a theory of the freedom of association only as a facial matter.

2.      To prevail in a facial challenge to a law, a plaintiff must prove that the law is unconstitutional in every application. *Salerno*, 481 U.S. at 745; *Gonzales*, 550 U.S. at 126. This principle applies to local land use laws. *Ecogen*, 438 F. Supp. 2d at 157; *Suitum*, 520 U.S. at 736 n.10.

3.      Therefore, to prevail on their freedom of association claim, Plaintiffs must show that the Local Laws are unconstitutional in every application under free association law. *Gonzales*, 550 U.S. at 127. As a matter of law, the evidence to prove a violation in a facial challenge is not Plaintiff-specific.

4.  The First Amendment protects the freedom of association. *See Baird v. State Bar of Ariz.*, 401 U.S. 1, 6 (1971); *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000).

5.  To succeed in showing the Four Local Laws are unconstitutional in every application, Plaintiffs have the burden of showing by a preponderance of the evidence that in every application the subject Local Laws interfere with Plaintiffs' constitutional right to associate and that such interference is direct and substantial or significant, rather than just making association more difficult. If the interference simply makes it more difficult for Plaintiffs to exercise their freedom of association, then a rational basis review applies. If the interference is found to be direct and substantial or significant, then strict scrutiny applies. *Dale*, 530 U.S. at 659.

6.  Plaintiffs have failed to present sufficient evidence to show that any interference in Plaintiffs' freedom to associate caused by the subject Local Laws is substantial or significant, or that they are unconstitutional in every application. While the subject Local Laws may not permit Plaintiffs to build the rabbinical college they want, Plaintiffs still have the ability to associate, for significant periods of time, both on and off the proposed campus.

**Fourth Cause of Action: Fourteenth Amendment, Equal Protection**

1.  Plaintiffs allege that Defendants have violated the Equal Protection Clause of the Fourteenth Amendment as a facial matter. The Equal Protection Clause "is essentially a direction that all persons similarly situated shall be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, a plaintiff must allege that, compared with similarly situated entities, "it has been selectively treated, and that the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as religion, to punish or inhibit the exercise of

6

constitutional rights, or by a malicious or bad faith intent to injure." *Cathedral Church of the Intercessor v. Vill. of Malverne*, 2006 U.S. Dist. LEXIS 12842, at *11 (E.D.N.Y. Mar. 6, 2006). Because they never applied for any land use relief of any kind, Plaintiffs challenge the Local Laws under a theory of equal protection only as a facial matter.

2. To prevail in a facial constitutional challenge to a law, the Plaintiffs must prove that the law is unconstitutional in every application. *Salerno*, 481 U.S. at 745; *Gonzales*, 550 U.S. at 126. This principle applies to local land use laws. *Ecogen*, 438 F. Supp. at 157; *Suitum*, 520 U.S. at 736 n.10. As a matter of law, the evidence to prove a violation in a facial challenge is not Plaintiff-specific.

3. Therefore, for Plaintiffs to prevail on their Equal Protection claim, they must show that the Local Laws are unconstitutional in every application.

4. To succeed in its showing that the laws are unconstitutional in every application under equal protection Plaintiffs must show, by a preponderance of the evidence, that the four Local Laws are not facially neutral, that they impose an adverse effect on religious exercise and that they were motivated by discriminatory animus. *Pyke v. Cuomo*, 258 F.3d 107, 110 (2d Cir. 2001); *Jana-Rock Constr., Inc. v. New York State Dep't of Econ. Dev.*, 438 F.3d 195, 204 (2d Cir. 2006). "Discriminatory purpose implies that the decision maker ... selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Hayden v. City of Nassau*, 180 F.3d 42, 50 (2d Cir. 1999). If Plaintiffs fail to make such a showing, a rational basis review applies.

5. If Plaintiffs show that the Local Laws are not facially neutral, that they impose an adverse effect on religious exercise and were enacted for a discriminatory purpose, the burden

7

shifts to the Defendants to show that they would have enacted the same Local Laws absent the discriminatory motive.

6. In this regard, Plaintiffs must show invidious discrimination in every application and that invidious discrimination was a significant reason for the Local Laws. If such a showing is made with respect to every application of each Local Law, Defendants must show a compelling governmental interest and that the local laws were narrowly tailored to advance that interest (strict scrutiny). *Pyke v. Cuomo*, 567 F. 3d 74, 78 (2d Cir. 2009).

7. The statements of random private citizens are not attributable to the government, including the Village, as a matter of law. *See Corp. of Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos*, 483 U.S. 327, 337 (1987); *Simmons v. Philadelphia*, 947 F.2d 1042, 1061 (3d Cir. 1991)

8. Plaintiffs have failed to prove that the Local Laws violate Equal Protection in every application, and, do not meet their burden of proof that any of the subject Local Laws were enacted with a discriminatory purpose and have a discriminatory effect. The evidence adduced at trial shows that the Local Laws were enacted to serve neutral, secular ends. The Village Board enacted each of the subject Local Laws for a neutral purpose and without a discriminatory purpose. Plaintiffs have also failed to present sufficient evidence to show that the subject Local Laws have a discriminatory effect. The evidence shows the subject Local Laws are facially neutral and while Plaintiffs may not be able to build the exact rabbinical college they want, the evidence shows that Plaintiffs are being treated the same as similarly situated landowners. Given the above, Plaintiffs lack the evidence to prove the four Local Laws are in violation of the Equal Protection Clause in every application, strict scrutiny analysis is unnecessary, and the laws easily pass rationality review.

**Fifth Cause of Action: RLUIPA, Substantial Burden**

1. RLUIPA protects a religious exercise from any land use regulation that imposes a substantial burden. Under RLUIPA, a substantial burden may only be imposed in the implementation of a land use regulation. 42 U.S.C.A. § 2000cc(a)(2)(C).

2. As a matter of law, RLUIPA requires religious landowners to apply for land use and zoning just as secular landowners must. RLUIPA does not create immunity from land use or zoning law. "RLUIPA does not provide religious institutions with immunity from land use regulation, nor does it relieve religious institutions from applying for variances, special permits or exceptions, hardship approval, or other relief provisions in land use regulations where available without discrimination and unfair delay." 146 Cong. Rec. S7774, 7776 (daily ed. July 27, 2000) (legislative history for RLUIPA); *see also Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 139; *San Jose Christian Coll. v. City of Morgan Hill*, No. C01-20857, 2001 WL 1862224, at *3 (N.D. Cal. Nov. 14, 2001), *aff'd San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024 (9th Cir. 2004); *Vision Church, United Methodist v. Vill of Long Grove*, 397 F. Supp. 2d 917, 929 (N.D. Ill. 2005), *aff'd sub nom. Vision Church v. Vill of Long Grove*, 468 F.3d 975 (7th Cir. 2006).

3. Plaintiffs cannot properly invoke a substantial burden claim because the subject Local Laws have not been implemented against Plaintiffs because they have not applied for any land use or zoning relief. Therefore, under the facts of this case, the Plaintiffs may not raise a substantial burden claim.

4. Even if Plaintiffs could bring a substantial burden claim, their claim would not succeed.

(a) If this Court permits Plaintiffs to avoid altogether the land use and zoning laws that apply to every other landowner, the federal government has impermissibly interfered with local land use determinations. *Congregation Kol Ami,* 309 F.3d at 136 (*citing Belle Terre,* 416 U.S. at 9). *See also, Lakewood, Oh. Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood,* 699 F.2d 303 (6th Cir. 1983).

(b) If this Court permits Plaintiffs to avoid the land use and zoning laws that apply to every other landowner, the federal government has violated the Establishment Clause by creating a special class of landowners identified by their religious status. *Texas Monthly, Inc. v. Bullock,* 489 U.S. 1, 14 (1989); *Larkin v. Grendel's Den,* 459 U.S. 116, 120 (1982); *Lemon v. Kurtzman,* 403 U.S. 602 (1971). *See also Bronx Household of Faith v. Bd. of Educ.,* 750 F.3d 184, 207-09 (2d Cir. 2014).

(c) If the local law were implemented or imposed, RLUIPA's substantial burden provision imposes a threshold requirement on the Plaintiffs to prove that the Local Laws impose a substantial burden on their religious practice.

(d) Plaintiffs cannot prove that the Local Laws impose a substantial burden on their religious practice because they never participated in the land use process. *New Milford,* 402 F.3d at 351. To prove a substantial burden on their religious practice they would need to show that they made a good faith effort to find other properties in the area (not just this jurisdiction), whether they were available for sale or not. The local government cannot be held responsible for creating opportunities in the marketplace for any landowner. *Congreg. Kol Ami,* 309 F.3d at 136.

(e) As a matter of law, it is not the government's responsibility to ensure that a piece of property in the marketplace is available for a religious landowner.

(f) Where there are alternative locations, Plaintiffs cannot show a substantial burden. *Al Falah Center v. Bridgewater*, 2013 U.S. Dist. Lexis 190076, at *13 (D. N.J. Sept. 30, 2013).

(g) If RLUIPA were held to be applicable in the absence of any participation in the land use process, and if the Plaintiffs were to succeed in proving that there is a substantial burden on religious practice, the burden would then shift to the government to prove each Local Law serves a compelling interest and that it does so with the least restrictive means. *WDS 1*, 386 F.3d at 189; *see also Fortress Bible v. Feiner*, 694 F.3d 208, 218-219 (2d Cir. 2012).

(h) Plaintiffs claim that Defendants violated the RLUIPA substantial burden provision because the enactment of the Local Laws imposes a substantial burden on their religious practice. If the Local Laws had been imposed or implemented, to succeed on their substantial burden claim, Plaintiffs must show that the subject Local Laws place a substantial burden on Plaintiffs' ability to exercise their religion. A substantial burden exists if the subject Local Laws directly coerce the Plaintiffs to change their religious behavior, which includes a finding that the Local Laws prevent Plaintiffs from building any rabbinical college. *Westchester Day School*, 504 F. 3d at 349.

(i) If Plaintiffs succeeded in proving a substantial burden on religious exercise, the burden shifts to Defendants to establish a compelling governmental interest advanced in the least restrictive manner (super strict scrutiny). If the subject Local Laws are merely facially neutral zoning requirements or still permit Plaintiffs to exercise their religious beliefs (even if not in the *exact* manner desired), no substantial burden exists. *See Fortress Bible*, 694 F. 3d at 221.

11

5. "RLUIPA does not guarantee that a religious organization may build a complex as large as that organization desires. A municipality can control growth and expansion within its city limits." *Vision Church*, 397 F. Supp. 2d at 929, *aff'd sub nom. Vision Church v. Vill. of Long Grove*, 468 F.3d 975 (7th Cir. 2006). Plaintiffs have provided insufficient evidence to show that any of the subject Local Laws substantially burden Plaintiffs' ability to exercise their religion. The evidence shows that, contrary to Plaintiffs' assertions, Plaintiffs can apply to build a rabbinical college, a rabbinical college can be built on the site, and students can be housed both on the site and in the vicinity of the college. Therefore, their religious exercise is not substantially burdened.

**Sixth Cause of Action: RLUIPA Non-Discrimination**

1. Plaintiffs claim that Defendants have violated RLUIPA's non-discrimination provision. To succeed on a RLUIPA non-discrimination claim, Plaintiffs must provide the same proof as required under an Equal Protection claim.

2. To succeed on this claim Plaintiffs must present sufficient evidence to show that the subject Local Laws constitute a religious gerrymander in that the Plaintiffs are the only affected group. Plaintiffs must make the same showing as required under their Fourteenth Amendment Equal Protection claim.

3. Plaintiffs have failed to meet their burden of proof that any of the subject Local Laws were enacted with a discriminatory purpose or in such a way to constitute a religious gerrymander.

4. Plaintiffs have failed to present sufficient evidence to prove that any of the subject Local Laws were enacted with a discriminatory purpose. Plaintiffs have also failed to present sufficient evidence to show that the subject Local Laws, which are facially neutral, have a discriminatory effect. While Plaintiffs may not have the ability to build the exact rabbinical

college that they want, which includes both a rabbinical college and multi-family housing, they can still apply to build a rabbinical college.

**Seventh Cause of Action: RLUIPA Equal Terms**

1.  RLUIPA's equal terms provision states that "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b)(1). This "statutory command 'requires equal treatment of secular and religious assemblies and allows courts to determine whether a particular system of classifications adopted by a city subtly or covertly departs from requirements of neutrality and general applicability.'" *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty.*, 450 F.3d 1295, 1307 (11th Cir. 2006) (brackets omitted) (emphasis in original) (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1232 (11th Cir. 2004)). This provision "require[s] a plaintiff to do something more than identify *any* nonreligious assembly or institution that enjoys better terms under the land-use regulation. [It] require[s] a secular comparator that is similarly situated as to the regulatory purpose of the regulation in question." *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 264 (3d Cir. 2007), *cert. denied*, 553 U.S. 1065 (2008).

2.  Plaintiffs claim that Defendants have violated RLUIPA's equal terms provision.

3.  Plaintiffs have no evidence that the Local Laws treat religious assemblies different than nonreligious assemblies. *Lighthouse*, 510 F.3d at 270.

4. Plaintiffs have also failed to present sufficient evidence to show that the subject Local Laws have a discriminatory effect. As previously discussed, the subject Local Laws are facially neutral and neutral in effect.

Further, while Plaintiffs may not be able to build the exact rabbinical college they desire, which includes a rabbinical college and multi-family housing, they can still build a rabbinical college.

**Ninth Cause of Action: RLUIPA, Exclusion and Limits**

1. RLUIPA's exclusion and limits provision states that "[n]o government shall impose or implement a land use regulation that (A) totally excludes religious assemblies from a jurisdiction; or (B) unreasonably limits religious assemblies, institutions, or structures within a jurisdiction." 42 U.S.C. § 2000cc(b)(3). The purpose of this provision "is not to examine the restrictions placed on individual landowners, but to prevent municipalities from broadly limiting where religious entities can locate." *Adhi Parasakthi Charitable Med., Edu., and Cultural Soc'v. Twp of West Pikeland*, 721 F. Supp. 2d 361, 387 (E.D.Pa. 2010); a*ccord Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229, 1238 (10th Cir. 2010) (emphasis added).

2. Under RLUIPA, "total exclusion" requires "the complete and total exclusion of activity or expression protected by the First Amendment." *Eagle Cove Camp & Conf. Ctr., Inc. v. Town of Woodboro*, 734 F.3d 673, 678 (7th Cir. 2013), *cert denied*, 134 S. Ct. 2160 (2014), (*citing Vision Church v. Vill. of Long Grove,* 468 F.3d 975, 989 (7th Cir. 2006), *cert. denied*, 552 U.S. 940 (2007)).

3.  Plaintiffs claim that Defendants have violated RLUIPA's exclusion and limits provision.

4.  To succeed on this claim, Plaintiffs must show that the subject Local Laws completely exclude religious assemblies from the Village. The evidence at trial shows that none of the subject Local Laws completely exclude religious assemblies from the Village.

**Twelfth Cause of Action: Fair Housing Act**

1.  The Fair Housing Act "prohibits governmental agencies from implementing or enforcing housing policies in a discriminatory manner." *Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003). Under the FHA, "it shall be unlawful to … make unavailable … a dwelling to any person because of race [or] color." 42 U.S.C. § 3604(a); *see also Orange Lake Assocs., Inc. v. Kirkpatrick*, 21 F.3d 1214, 1227 (2d Cir. 1994).

2.  Plaintiffs claim that Defendants have violated the Fair Housing Act. To succeed on this claim, Plaintiffs must show that the Village implemented or enforced housing policies in a discriminatory manner or that the enactment of the subject Local Laws resulted in disparate impact or disparate treatment. Plaintiffs must show that the laws prevent the rabbinical college from being built.

3.  Plaintiffs have failed to present sufficient evidence to show that the Village implemented or enforced any housing policies in a discriminatory manner. Further, the subject Local Laws, which are facially neutral, do not result in a disparate impact or disparate treatment.

**Fourteenth Cause of Action: Berenson Doctrine**

1.  In *Berenson v. Town of New Castle*, 341 N.E. 2d 236, 241 (NY 1975), the court held that "[i]n determining the validity of an ordinance excluding multifamily housing as a

permitted use, [the court] must consider the general purposes which the concept of zoning seeks to serve. The primary goal of a zoning ordinance must be to provide for the development of a balanced, cohesive community which will make efficient use of the town's available land." *Berenson,* 341 N.E.2d at 241. Accordingly, "a zoning ordinance enacted for a statutorily permitted purpose will be invalidated only if it is demonstrated that it actually was enacted for an improper purpose *or* if it was enacted without giving proper regard to local and regional housing needs and has an exclusionary effect." *Robert E. Kurzius, Inc. v. Inc. Vill. of Upper Brookville,* 414 N.E. 2d 680, 683 (AD 1980).

2. Plaintiffs claim that Defendants have violated the Berenson Doctrine.

3. To succeed on this claim, Plaintiffs must show that the subject Local Laws were enacted for an improper purpose or without regard to regional housing needs and that they have had an exclusionary effect. *Berenson v. Town of New Castle,* 38 N.Y.2d 102, 106, 100 (1975).

4. Plaintiffs have failed to present sufficient evidence to establish that the subject Local Laws were enacted for an improper purpose. Plaintiffs have also failed to show that in enacting the Local Laws the Defendants did not consider regional housing needs. Further the evidence shows that the subject Local Laws do not have an exclusionary effect and that the regional housing needs they claim have been fulfilled.

**Tenth Cause of Action, New York State Constitution – Article 1, 3, 9 and 11**

5. Plaintiffs' claims under Articles 3, 8, 9 and 11 claims are to be analyzed and resolved under the same criteria as the corollary Federal provisions discussed and determined in the preceding paragraphs.

6. In determining whether the Challenged Laws violate the Freedom of Worship provision of the NY Constitution, the Court must balance the interest of the believer in "religious profession and worship" against the interest of the government. The New York Constitution does not require the super strict scrutiny required by RLUIPA.

Defendants expressly reserve the right to modify these proposed conclusions of law as appropriate.

Dated: April 28, 2017

                                      DEFENDANTS

                              By: */s/ Andrea Donovan Napp*
                                 John F. X. Peloso, Jr. (JP6110)
                                 Andrea Donovan Napp (AN1978)
                                 Karla Chaffee *pro hac vice*
                                 Robinson & Cole LLP
                                 1055 Washington Blvd.
                                 Stamford, CT 06901
                                 Tel. No.  (203) 462-7503
                                 Fax. No.  (203 462-7599
                                 jpeloso@rc.com
                                 anapp@rc.com
                                 kchaffee@rc.com

                                 Marci A. Hamilton (*pro hac vice*)
                                 36 Timber Knoll Drive
                                 Washington Crossing, PA 18977
                                 Tel. No.:  (215) 353-8984
                                 Fax No.:  (215) 493-1094
                                 hamilton.marci@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

*/s/ Andrea Donovan Napp*
Andrea Donovan Napp
