UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
CONGREGATION RABBINICAL COLLEGE OF　　　　Case No. 07-CV6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI MEILECH MENCZER,
RABBI JACOB HERSHKOWITZ, RABBI CHAIM
ROSENBERG, and RABBI DAVID A. MENCZER,

　　　　　　　　　　　　　　　　　　　　Plaintiffs,

-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

　　　　　　　　　　　　　　　　　　　　Defendants.
-----------------------------------------------------------------------------X

## JUDGMENT AND MANDATORY INJUNCTION

This matter came on for a bench trial before the Court and for the reasons stated in the Opinion and Order dated December 7, 2017 (Dkt. #333), which are incorporated herein, granting Plaintiffs' claims in part, it is hereby:

ORDERED AND ADJUDGED:

That judgment is entered in favor of Plaintiffs Congregation Rabbinical College of Tartikov, Inc., Rabbi Mordechai Babad, Rabbi Wolf Brief, Rabbi Hermen Kahana, Rabbi Meir Margulis, Rabbi Meilech Menczer, Rabbi Jacob Hershkowitz, Rabbi Chaim Rosenberg, and Rabbi David A. Menczer (collectively "Plaintiffs") against the Defendants Village of Pomona, N.Y., the Board of Trustees of the Village of Pomona, Brett Yagel, as Trustee and in his official capacity, Nicholas Sanderson, as Trustee and in his official capacity, Ian Banks, as Trustee and in his official capacity, Alma Sanders Roman, as Trustee and in her official capacity, and Rita Louie as Trustee and in her official capacity (collectively "Defendants") on Counts I, III, IV, V, VI, X (Art. I §§ 3, 9, 11 of the New York State Constitution), XII and XIII of the Second Amended Complaint (Dkt. Nos. 28 and 28-2); and it is further:

ORDERED that the Court finds and declares that, despite the facial neutrality of the texts of Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007, each is facially unconstitutional under the Free Exercise Clause and freedom of association doctrine of the First Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, sections 3, 9, and 11 of the New York State Constitution, and violate the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc(a) and (b)(2), and the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617 for the reasons set forth in the Court's Opinion & Order dated December 7, 2017 (Dkt. #333); and it is further:

ORDERED that Defendants are directed to process any and all applications, including for site plan approval, variances, architectural review, or other land use applications hereinafter filed by the Plaintiff Congregation Rabbinical College of Tartikov, Inc., to the appropriate body without reference to the provisions of Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and/or Local Law No. 5 of 2007 without undue delay or religious discrimination; and it is further:

ORDERED that Plaintiff's proposed non-accredited rabbinical college with student family housing is a permitted use and therefore Tartikov shall not be required to apply for a special permit. Where feasible, Defendants will concurrently process any applications filed by the Plaintiff Congregation Rabbinical College of Tartikov, Inc.; and it is further:

ORDERED that Plaintiff Congregation Rabbinical College of Tartikov, Inc.'s proposed non-accredited rabbinical college with student family housing on the Subject Property that it owns in the Village of Pomona, New York is deemed to be permitted use in the R-40 zoning district and shall not require a use variance or a text or map amendment; and it is further:

ORDERED that any application, including for site plan approval, variances, architectural review, or other land use application shall be subject to the following provisions of the Village Code:

> A. The bulk regulations for the R-40 zoning district, as described in the section 130-12 of the Village Code; and
>
> B. The requirements of chapter 119 of the Village Code ("Site Development Plan Review");

and it is further:

ORDERED that the Defendants are enjoined from applying the provisions of Local Law No. of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007, and Local Law No. 5 of 2007 to the Subject Property owned by Plaintiff Congregation Rabbinical College of Tartikov, Inc. in the Village of Pomona, New York. Such provisions include, but are not limited to the following:

> A. The 10% maximum building coverage requirement, adopted in Local Law No. 1 of 2001 and codified at section 130-10(F)(2)(a) of the Village Code;
>
> B. The 20% floor area ratio limitation, adopted in Local Law No. 1 of 2001 and codified at section 130-10(F)(2)(b) of the Village Code;

C. The application of a "net lot" calculation for purposes of calculating the building coverage and floor area restrictions, adopted in Local Law No. 1 of 2001 and codified at section 130-10(F)(1) of the Village Code;

D. The 25% maximum impervious surface limitation, adopted in Local Law No. 1 of 2001 and codified at section 130-10(F)(2)(c) of the Village Code;

E. The requirement that the applicant must be accredited by the New York Education Department or similar other recognized accrediting agency, adopted in Local Law No. 5 of 2004 and codified at section 130-4 of the Village Code;

F. The designation of "dormitories" as an "accessory use" to an educational use, adopted in Local Law No. 5 of 2004 and codified at sections 130-4 and 130-10(F)(12) of the Village Code;

G. The Village of Pomona's regulation of "dormitories," including the definition that requires that (1) dormitory rooms shall not contain separate cooking, dining or housekeeping facilities, (2) single family, two-family and/or multi-family dwelling units shall not be considered to be dormitories or part of dormitories, (3) dormitories are limited to administrative staff, faculty and students, (4) a dormitory building be on the same lot as the school, and (5) not more than one communal dining room shall be provided in any building used for dormitory purposes, adopted in Local Law No. 5 of 2004 and codified at sections 130-4 and 130-10(F)(12) of the Village Code;

H. The limitation of "dormitories" to only one building on a lot, adopted in Local Law No. 5 of 2004 and codified at section 130-10(F)(12) of the Village Code;

I. The limitation of maximum height of "dormitories" to two stories or 25 feet, whichever is less, adopted in Local Law No. 5 of 2004 and codified at section 130-10(F)(12)(c) of the Village Code;

J. The application of a net lot calculation for Educational Institutions, adopted in Local Law No. 1 of 2007 and codified at section 130-10(F)(1) of the Village Code;

K. The limitation of dormitory building to occupy not more than twenty percent of the total square footage of all buildings on the lot, adopted in Local Law No. 1 of 2007 and codified at section 130-10(F)(12) of the Village Code; and

L. The "Wetlands Protection Law," adopted in Local Law No. 5 of 2007 and codified at chapter 126 of the Village Code;

and it is further:

ORDERED that Plaintiff Congregation Rabbinical College of Tartikov, Inc. shall be permitted to apply for area variances for its proposed non-accredited rabbinical college with student family housing pursuant to New York State Village Law § 7-712-b(3) and subject to the applicable case law, and it is further:

ORDERED that Defendants shall expeditiously process any and all applications including those for site plan approval, variances, architectural review, or other land use applications submitted by the Plaintiff Congregation Rabbinical College of Tartikov, Inc. for its proposed non-accredited rabbinical college with student family housing pursuant to the applicable provisions of the Village Code as modified by the terms of this Judgment and Mandatory Injunction; and it is further:

ORDERED that Defendants shall comply with the deadlines set forth in the New York State Village Law and herein in processing Plaintiffs' applications, including but not limited to:

> A. Defendants shall conduct a public hearing on Plaintiffs' site plan application within sixty-two (62) days from the day an application is received (N.Y. Village Law § 7-725-a(8));
>
> B. Defendants shall close such public hearing within sixty (60) days after it has been opened;
>
> C. Defendants shall make a decision on the site plan application within sixty-two (62) days after such hearing (N.Y. Village Law § 7-725-a(8)); and it is further:

ORDERED that no more than one board, agency or other body of the Defendant Village is permitted to request to be the Lead Agency under the New York State Environmental Quality Review Act ("SEQRA"); and it is further:

ORDERED that the Lead Agency shall perform a segmented review for the first phase of the rabbinical college application (6 NYCCR § 617.3(g)) because such a review will be more protective of the environment; and it is further:

ORDERED that Defendants shall comply with the deadlines set forth in SEQRA, related regulations and herein, including but not limited to:

> A. Defendants shall establish the Lead Agency within thirty (30) days of the filing of the application for site plan (6 NYCRR 617.6(b)(3)(i));
>
> B. After Plaintiffs provide a draft scoping document pursuant to 6 NYCRR 617.8, Defendants shall provide a final written scoping document within sixty (60) days (6 NYCRR 617.8(f));
>
> C. Defendants will determine whether to accept the Draft Environmental Impact Statement ("DEIS") as adequate with respect to its scope and content for the purpose of commencing public review within forty-five (45 days) of the filing of the same (6 NYCRR 617.9(a)(2));

  D. Defendants will determine the adequacy of a re-submitted DEIS within thirty (30) days of the filing of the same (6 NYCRR 617.9(a)(2)(ii));

  E. The public comment period shall be limited to no more than forty-five (45) days;

  F. If Defendants decides to hold a public hearing pursuant to 6 NYCRR 617.9(a)(4), they shall hold such public hearing concurrently with the first public hearing conducted by the Board of Trustees or Planning Board on the application herein, and such hearing shall commence no more than sixty (60) days after the filing of the notice of completion of the DEIS (6 NYCRR 617.9(a)(4)(ii)) and conclude no more than seventy-five (75) days after the filing of the notice of completion of the DEIS;

  G. Defendants shall prepare or cause to be prepared the Final Environmental Impact Statement ("FEIS") within forty-five (45) calendar days after the close of any hearing or within sixty (60) calendar days after the filing of the DEIS, whichever occurs later (6 NYCRR 617.9(a)(5)), which shall not be extended; and

  H. Defendants shall file their written findings statement and decision on whether or not to approve within thirty (30) days after the filing of the FEIS (6 NYCRR 617.11(b));

and it is further:

ORDERED that if Defendants determine that the draft EIS is inadequate, they shall issue a complete list all deficiencies within forty-five (45) days of receipt of the draft EIS (6 NYCRR 617.9(a)(2)(i)), and shall not issue successive lists of deficiencies not previously addressed; additionally, such deficiencies shall not expand upon the scoping document; and it is further:

ORDERED that if Defendants determine that a supplemental EIS is required (6 NYCRR 617.9(a)(2)(i)), all such specific significant adverse environmental impacts that Defendants determine were not addressed or inadequately addressed in the draft EIS shall be completely listed in such supplemental EIS and Defendants shall not require any successive supplemental environmental impact statements beyond the draft and supplemental EIS not previously addressed; additionally, such supplemental EIS shall not expand upon the scoping document; and it is further:

ORDERED that Defendants are enjoined from enacting provisions similar to Local Law No. 1 of 2001, Local Law No. 5 of 2004, Local Law No. 1 of 2007 and Local Law No. 5 of 2007; and it is further:

ORDERED that Plaintiffs are entitled to an award of attorney's fees and taxable costs to be determined by the Court (as set forth below) and shall have 30 days from the date this Judgment is entered or until April 11, 2018, whichever comes later, to submit such application; Defendants shall have 45 days from the date of Plaintiffs' application to respond; and Plaintiffs shall have 21 days from the date of Defendants' response to reply; and it is further:

     ORDERED that the Court reserves jurisdiction over the amount of any award for Plaintiffs' attorney's fees and taxable costs but orders herein that any such award shall accrue post-judgment interest at the legal rate established by 28 U.S.C. § 1961; and it is further:

     ORDERED that the Court reserves jurisdiction over any and all additional remedies sought by Plaintiffs consistent with this Judgment and Mandatory Injunction; and

     ORDERED, ADJUDGED and DECREED that this Judgment and Mandatory Injunction is entered in accordance with the Court's Opinion and Order dated December 7, 2017 and the Clerk is directed to close this case.

Dated at White Plains, New York, this 20th day of March, 2018

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE