UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CONGREGATION RABBINICAL COLLEGE OF                    Case No. 07-CV6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI MEILECH MENCZER,
RABBI JACOB HERSHKOWITZ, RABBI
CHAIM ROSENBERG, and RABBI DAVID A.
MENCZER,

                                                      Plaintiffs,

-against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

                                                      Defendants.
-------------------------------------------------------------------------------X

## JUDGMENT

This matter came on for a bench trial before this Court and an Opinion and Order, dated

December 7, 2017 (Dkt. #333) was issued. Judgment was entered on March 1, 2018 (Dkt. #356).

The Judgment was appealed to the U.S. Court of Appeals for the Second Circuit, which issued a

decision (Dkt. #386) affirming in part, reversing in part and remanding certain claims to this

Court. The Court of Appeals issued its mandate on February 13, 2020 (Dkt. #387). In

accordance with the decision and the judgment of the Court of Appeals, it is hereby

ORDERED AND ADJUDGED

That Plaintiffs' First Cause of Action, free exercise of religion under the United States

Constitution; Second Cause of Action, free speech under the United States Constitution; Third

20406347-v2

Cause of Action, free association under the United States Constitution; Fifth Cause of Action, substantial burden under the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc(2)(a)); Seventh Cause of Action, equal terms under the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc(2)(b)(1); Eighth Cause of Action, exclusion and limits under the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc(2)(b)(3)(A)); Ninth Cause of Action, exclusion and limits under the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc(2)(b)(3)(B)); Tenth Cause of Action, freedom of worship, freedom of speech and right to assemble under the New York State Constitution; Twelfth Cause of Action under the Fair Housing Act (42 U.S.C. § 3604); Thirteenth Cause of Action under the Fair Housing Act (42 U.S.C. § 3617); and Fourteenth Cause of Action under New York common law (Berenson doctrine) are dismissed. And, except as to the claim for discrimination under New York Constitution, Article 1, § 11, Plaintiffs' Tenth Cause of Action is dismissed.

Dated at White Plains, New York
this 19th day of March, 2020.

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE