UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

CONGREGATION RABBINICAL COLLEGE OF                    Case No. 07-CV-6304(KMK)
TARTIKOV, INC., RABBI MORDECHAI BABAD,
RABBI WOLF BRIEF, RABBI HERMEN KAHANA,
RABBI MEIR MARGULIS, RABBI MEILECH MENCZER,
RABBI JACOB HERSHKOWITZ, RABBI                        **DECLARATION OF**
CHAIM ROSENBERG, and RABBI DAVID A.                   **JOSEPH A. CHURGIN**
MENCZER,

                                        Plaintiffs,

          -against-

VILLAGE OF POMONA, NY; BOARD OF TRUSTEES OF
THE VILLAGE OF POMONA, NY; NICHOLAS SANDERSON,
AS MAYOR; IAN BANKS as Trustee and in his official capacity,
ALMA SANDERS ROMAN as Trustee and in her official capacity,
RITA LOUIE as Trustee and in her official capacity,
and BRETT YAGEL, as Trustee and in his official capacity,

                                        Defendants.

----------------------------------------------------------------------------X

          JOSEPH A. CHURGIN declares as follows, pursuant to 28 U.S.C. §1746:

          1.      I am a member of Savad Churgin LLP, and I am duly admitted to practice law in

the courts of the State of New York and New Jersey, the United States District Courts for the

Southern and Eastern Districts of New York and the U.S. Court of Appeals for the Second

Circuit.  Savad Churgin LLP is the successor in interest to Savad Churgin, which is the successor

to Paul Savad & Associates (collectively "Savad Churgin").

          2.      I represent Plaintiffs Congregation Rabbinical College of Tartikov, Inc.

("Tartikov" or the "Rabbinical College"), Rabbi Mordechai Babad, Rabbi Wolf Brief, Rabbi

Hermen Kahana, Rabbi Meir Margulis, Rabbi Meilech Menczer, Rabbi Jacob Hershkowitz,

Rabbi Chaim Rosenberg, and Rabbi David A. Menczer (collectively "Plaintiffs").  I make this

1

Declaration in support of Plaintiffs' application to recover legal fees and costs against

Defendants Village of Pomona, N.Y., the Board of Trustees of the Village of Pomona, N.Y.,

Nicholas Sanderson, Ian Banks, Alma Sanders Roman, Rita Louie and Brett Yagel (collectively

"Defendants") as set forth in the Final Judgment in this case, entered on March 20, 2018 (Docket

No. 356), as affirmed by the decision and mandate of the U.S. Court of Appeals for the Second

Circuit (Docket Nos. 386 and 387), and pursuant to  this Court's Order of March 30, 2020

(Docket No. 393).  This Declaration is based on my own personal knowledge and based upon

reviewing office files and client files.

3.      I graduated from Pace Law School in 1993 and was admitted to practice law in

New York State in February, 1994.

4.      I practiced law since 1993 at the predecessor to this law firm, Bring Savad and

Fein from 1993 to 1995.  In 1995, I went to work for the law firm of Herzfeld and Rubin,

became a member there and remained until 2008 when I rejoined Paul Savad in this law firm

which would become Savad Churgin, LLP.

5.      Paul Savad passed away on April 23, 2020.  I have reviewed the declaration that

he submitted in support of Plaintiffs' previously submitted motion for attorneys' fees (Doc. No.

362) and I certify and represent to the Court that Mr. Savad's declaration is a true and accurate

business record of Savad Churgin and that the statements therein regarding Savad Churgin are

true and correct.

6.      I have worked on the Tartikov litigation since 2009.  My primary responsibilities

were to supervise work being done on the case and to work on discrete tasks as needed during

the post motion to dismiss stage.   I often did not bill for my work, especially my supervisory

work.

**Savad Churgin's Attorneys' Rates and Time Records Through Judgment**

7.      Savad Churgin has extensive experience in complex federal and state litigation as well as zoning and land use law and is Tartikov's local land use law firm.  Savad Churgin was the primary firm responsible for case strategy, reviewing discovery, synthesizing that information and proving the factual points at trial.

8.      Savad Churgin's records from the inception of this case through judgment are attached hereto as **Exhibit A**, which time records were made contemporaneously with rendering of legal services and incurring disbursements.

9.      Services rendered are recorded daily, and entries in the computer time slips program are made weekly.  The computer time slips serve as our original business record.

10.      Plaintiffs are not seeking reimbursements for Tartikov time entries which were not directly in furtherance of the litigation, including transactional work for Tartikov, entries which contain descriptions that could reveal attorney/ client privilege or work product and entries which were previously submitted in Tartikov's application for attorneys' fees in conjunction with the spoliation motion.  Additionally, Plaintiffs are not seeking attorneys' fees for preparing this attorneys' fees motion. [1]  We have whited out or blackened the time entries for which Plaintiffs are not seeking reimbursement.

11.      I do hereby certify and represent to the Court that all of the time records submitted by my firm set forth in Exhibit A are true and accurate, and were incurred in respect to providing legal services only for this case for the period of time of June 13, 2005 through March 1, 2018.

---

[1] Plaintiffs are seeking fees for the previous motion for attorney's fees in connection with the 2015 spoliation motion, which were not sought at that time.  However, for ease of submissions, Plaintiffs are not seeking any fees for making the post-judgment motion for attorneys' fees.

12.      From the inception of this case through judgment, each of the Savad Churgin

attorneys billed the following number of hours at the following rates:

**Joseph Churgin, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $375 (2009-2015) | 64 | $24,187.50 |
| $400 (2016) | 1.5 | $600.00 |

**Susan Cooper, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $300 (2005) | 16.5 | $4950.00 |
| $350 (2006-October, 2007) | 87 | $30,450.00 |
| $375 (November, 2007-2015) | 278.75 | $104,531.25 |
| $400 (2016) | 1 | $400.00 |
| $420 (2017- present) | 5.5 | $2310.00 |

**Laura Kraemer (now Catina), Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $300 (3/5/07- 10/18/07) | 223.5 | $67,050.00 |
| $375 (10/23/07- 1/25/09) | 302.25 | $113,343.75 |

**Beth Pacun, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $300 (2007) | 27.5 | $8250.00 |

| $375 (2008) | 100.5 | $37,687.50 |
| $350 (2013-2014)[2] | 72 | $25,200.00 |
| $325 (2014) | 58 | $18,850.00 |

**Terry Rice, Esq.[3]:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
| --- | --- | --- |
| $375 (2007- 2009) | 89.5 | $33,562.50 |

**Paul Savad, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
| --- | --- | --- |
| $375 (2006-2015) | 380.5 | $142,687.50 |
| $400 (2016) | 10.5 | $4200.00 |
| $420 (2017- present) | 200 | $84,000.00 |

**Donna Sobel, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
| --- | --- | --- |
| $375 (2013-2015) | 2827.75 | $1,060,406.25 |
| $400 (2016) | 595.75 | $238,300.00 |
| $420 (2017- present) | 944 | $396,480.00 |

Ex. A.

---

[2] Ms. Pacun served as an outside contractor during 2013 and 2014 and was not billed out as part of the blended rate of $375, but was billed out at $325 and $350.

[3] Mr. Rice billed his hours as part of Savad Churgin from 2007 through 2009 and billed Tartikov directly beginning in 2017.  Mr. Rice is submitting a separate declaration herewith for his hours beginning in 2017.

13.     Plaintiffs are also seeking reimbursement for fees for work performed by legal assistants.  The work was billed out at a rate of $50-$300, depending on the level of expertise and the task required.

| Legal Assistant / Law Clerk Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $50 | 331.25 | $16,562.50 |
| $100 | 1 | $100 |
| $110 | 3.75 | $412.50 |
| $200 | 131.5 | $26,300.00 |
| $300 | 46.5 | $14,250.00 |

Ex. A.

14.     In Defendants' opposition to Plaintiffs' earlier-submitted motion for attorneys' fees, Defendants claimed that there was a discrepancy in Exhibit A in the amount of $35,465.05. We reviewed our submissions and have determined that, due to clerical errors, some redacted entries were inadvertently included in the final calculation. We have therefore reduced our requested fees by the amount of $35,465.05, as requested by Defendants.  That reduction is reflected in **Exhibit C**, which is a summary of all the fees, costs, and disbursements sought by Plaintiffs.

15.     We also reviewed Defendants' objections to our initial submissions.  We have accepted their objections to some of the entries.  As a result, as reflected in Exhibit C, we are reducing our originally requested feed by a total of $31,096.25 to reflect removing the fees charged in the following entries from our requested relief:

-   2/8/07, Savad, 187.50

-   8/30/07, Kraemer, $1500.00

- 8/30/07, Rice, $937.50

- 3/10/08, Kraemer, $375.00

- 6/17/08, Kraemer, $468.75

- 7/2/08, Cooper, $1,125.00

- 7/2/08, Kraemer, $750.00

- 7/16/08, Kraemer, $281.25

- 10/14/08, Kraemer, $93.75

- 3/20/09, Cooper, $1,125.00

- 3/23/09, Churgin, $1,218.75

- 4/6/09, Churgin, $750.00

- 4/14/09, Churgin, $187.50

- 2/8/10, Churgin, $1,031.25

- 5/28/10, Cooper, $843.75

- 6/2/10, Cooper, $281.25

- 6/4/10, Cooper, $375.00

- 7/26,10, Churgin, $937.50

- 9/2/10, Savad, $281.25

- 9/8/10, Savad, $468.75

- 9/13/10, Churgin, $750.00

- 4/22/13, Sobel, $937.50

- 9/23/13, Sobel, $843.75

- 12/9/13, Sobel, $750.00

- 1/2/14, Churgin, $187.50

- 1/27/14, Sobel, $1031.25

- 3/7/14, Savad, $562.50

- 3/24/14, Sobel, $750.00

- 6/23/14, Sobel, $750.00

- 8/25/14, Sobel, $750.00

- 2/23/15, Sobel, $750.00

- 4/11/16, Sobel, $1200.00

- 6/13/16, Sobel, $1400.00

- 10/13/16, Sobel, $600.00

- 1/8/18, Sobel, $1050.00

- 2/21/18, Savad, $525.00

- 2/22/18, Sobel, $945.00

- 2/25/18, Sobel, $2,205.00

- 2/26/18, Sobel, $945.00

- 2/26/18, Sobel, $945.00

16.     As a result of the above reductions to the originally requested fee (reducing the request by $35,465.05 and $31,096.25), the request for Savad Churgin's fees from inception of the case through judgment is $2,388,509.95.  Ex. C.

17.     Plaintiffs are also seeking reimbursement for costs in this litigation for the period from inception through judgment.  Savad Churgin's records are attached hereto as **Exhibit B** are included in itemized statements and are of the type usually billed in addition to an attorney's hourly rates.  I do hereby certify and represent to the Court that all of the disbursement records submitted by my firm set forth in Exhibit B are true and accurate, and were incurred in

connection with providing legal services only for this case for the period of time of June 13, 2005 through March 1, 2018.

**Savad Churgin's Attorneys' Rates and Time Records on Appeal**

18.     Savad Churgin's records for work done in conjunction with the appeal are attached hereto as **Exhibit D**, which time records were made contemporaneously with rendering of legal services and incurring disbursements.

19.     I do hereby certify and represent to the Court that all of the time records submitted by my firm set forth in Exhibit D are true and accurate, and were incurred in respect to providing legal services only for this case for the period of time of March 28, 2018 through April 19, 2019.

20.     Donna Sobel was the primary Savad Churgin attorney working on the appeal.  I performed supervisory work, much of which I did not charge for, and Susan Cooper and I performed some small discrete research or tasks.

21.     For work on the appeal, each of the Savad Churgin attorneys billed the following number of hours at the following rates:

**Joseph Churgin, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $420 | 2 | $    840.00 |

**Susan Cooper, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
|---|---|---|
| $420 | 10 | $    4,200.00 |

**Donna Sobel, Esq.:**

| Hourly Billable Rate | Number of Hours Billed | Total Fees |
| --- | --- | --- |
| $420 | 443 | $ 186,060.00 |

Ex. D.

**My Rates and Time Records**

22.     My personal services in the *Tartikov* litigation were billed out between $375 and $420 per hour, over time.   These rates are lower than the $450 hourly rate at which my work has been billed for some other clients in similar type matters.

23.     Throughout the course of this litigation I maintained contemporaneous time records of my services rendered on behalf of Plaintiffs.  I entered billing information at the end of each business week.

24.      My records in connection with my work on the Tartikov litigation through judgment have been submitted as Exhibit A, which time records were made contemporaneously with rendering of legal services and incurring disbursements.   I certify my records in Exhibit A to be accurate and true

25.     My records in connection with my work on the Tartikov litigation on appeal have been submitted as Exhibit D, which time records were made contemporaneously with rendering of legal services and incurring disbursements.   I certify my records in Exhibit D to be accurate and true.

**Defendants' Counsels' Hourly Rates:**

26.     On January 10, 2018, my office sent a FOIL Request to Pomona seeking copies of Defendants' legal bills and retainers in this matter.  We received these documents on March 28, 2018.  A true and correct copy of these bills is attached as **Exhibits E** (Marci Hamilton Bills) **and F** (Robinson & Cole Bills).  My office prepared a summary sheet of the bill totals, attached hereto as **Exhibit G**.

27.     These bills reveal that Defendants' RLUIPA counsel Marci Hamilton billed Defendants' $700 per hour, including for travel time.  Ex. E.

28.     These bills also reveal that Defendants' litigation counsel, Robinson & Cole charged Defendants a blended hourly rate of $375 in 2007 and 2008 and a blended hourly rate of $388 from 2009 through May, 2016.  Ex. F-1-F-10.

29.     Beginning in June, 2016, Robinson & Cole began billing Defendants at a different rate for each attorney, rather than as a blended rate.   Ex. F-10-F-11.

30.     According to Martindale.com, the Robinson & Cole attorneys who performed the greatest amount of work from June, 2016 through the present were admitted to practice in the following years:

| | | |
|---|---|---|
| Thomas Donlon | 1978 | Ex. H |
| John Peloso | 1989 | Ex. I |
| Andrea Napp | 2004 | Ex. J |
| Karla Chaffee | 2009 | Ex. K |
| Amanda Gordon (now Screiber) | 2011 | Ex. L |

31.     According to Martindale.com, Marci Hamilton was admitted to practice in 1989. Ex. M.

32.     From May through December, 2016, the four attorneys from Robinson & Cole who performed the greatest amount of work billed Defendants at the following hourly rates:

| | |
|---|---|
| John Peloso (admitted 1989) | $490 |
| Andrea Napp (admitted 2004) | $440 |
| Karla Chaffee (admitted 2009) | $330 |
| Amanda Gordon (admitted 2011) | $290 |

Ex. F-10.

33.     In 2017, the four attorneys from Robinson & Cole who performed the greatest amount of work billed Defendants at the following hourly rates:

| | |
|---|---|
| John Peloso (admitted 1989) | $505 |
| Thomas Donlon (admitted 1978) | $465 |
| Andrea Napp (admitted 2004) | $455 |
| Karla Chaffee (admitted 2009) | $355 |

Ex. F-11.

**Defendants Paid Their Attorneys $5,110,134.29 For Legal Fees and Costs Through Judgment:**

34.     My office sent a FOIL request to Pomona on January 10, 2018 seeking "[c]opies of all payments to all law firms and attorneys regarding or relating to Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona, et. al., 07-CV-6304 from 2007-present, including but not limited to Robinson & Cole, Marci Hamilton, Esq., Doris Ulman, Esq. and Jan Ulman, Esq."

35.     On May 9, 2018, my office received Quickbook Statements from the Village which showed payments from the Village of Pomona to Robinson & Cole and Marci Hamilton,

Esq. regarding Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona, et. al., 07-CV-6304 (the "Tartikov litigation") from 2007- February 26, 2018.  A copy of those documents is attached hereto as **Exhibit N**.

36.     My office also received bills from Doris Ulman and Jan Ulman.  A copy of those documents are attached hereto as **Exhibit O** (Doris Ulman) and **Exhibit P** (Jan Ulman).  We were advised that the entries with check marks were for the Tartikov litigation.

37.     My office prepared an Excel spreadsheet summary of the entries from Doris Ulman's and Jan Ulman's bill which related to the Tartikov litigation s.  A copy of the Excel spreadsheet summary is attached hereto as **Exhibit Q**.

38.     The Village paid Robinson & Cole $4,544,307.76 for legal fees and costs for the Tartikov litigation from 2007 through February 26. 2018.  Ex. N page 1.

39.     The Village paid Marci Hamilton, Esq. $410,237.78 for legal fees and costs for the Tartikov litigation from 2007 through November 2. 2017.  Ex. N, page 2.

40.     The Village paid Doris Ulman $152,112.50 related to the Tartikov litigation from July 19, 2007 through January 31, 2018.  Exs. O and Q.

41.     The Village paid Jan Ulman $3,476.25 related to the Tartikov litigation from May 29, 2014 through March 30, 2018.  Exs. P and Q.

42.     The Village paid a total of $5,110,134.29 for legal fees and costs for all attorneys for the Tartikov litigation from inception of the case through judgment.[4]  Exs. N, O, P and Q.

---

[4] On April 1, 2020 my office served a FOIL request for fees paid by the Village since December 7, 2018.  We have not yet received a response to that FOIL request, so we do not yet have the information regarding the amount that Defendants paid for legal fees post-judgment.

**BILLING RECORDS AND SUBMITTED BILLS FOR ALL OF PLAINTIFFS'
COUNSEL**

43.     From the inception of this litigation through judgment, Plaintiffs are seeking the

total sum of $5,130.528.48 for all of the fees incurred by the law firms of Savad Churgin,

Stepanovich PLC, Storzer & Greene, P.L.L.C. and Terry Rice in connection with the Tartikov

litigation  as set forth in Exhibit C.  *See also* Ex. A hereto; Stepanovich Dec. Ex. A; Storzer Dec.

Ex. A; Rice Dec. Ex. A.

44.     These fees were incurred for 14,223.72 total hours of legal services invoiced at

the agreed contractual rate of $175-$420 per hour for all firms, which hourly rates are fair,

reasonable, and less than prevailing hourly rates of lawyers in the Southern District of New York

in similar cases with similar experience over the time-period of this case.  Ex. A; Ex. C;

Stepanovich Dec. Ex. A; Storzer Dec. Ex. A; Rice Dec. Ex. A.

45.     For appeal, Plaintiffs are seeking the total sum of $495,182.58 for all of the fees

incurred by the law firms of Savad Churgin, Stepanovich PLC and Storzer & Greene, P.L.L.C. in

connection with the Tartikov litigation, as set forth in Exhibit C.  *See also* Ex. D hereto;

Stepanovich Dec. Ex. B; Storzer Dec. Ex. B.

46.     These fees were incurred for 1263.10 total hours of legal services invoiced at the

agreed contractual rate of $210-$420 per hour for all three firms, which hourly rates are fair,

reasonable, and less than prevailing hourly rates of lawyers in the Southern District of New York

in similar cases with similar experience over the time-period of this case.  Ex. C; Ex. D;

Stepanovich Dec. Ex. B; Storzer Dec. Ex. B.

47.     The total fees sought by Plaintiff for the litigation from inception of this case

through appeal is $5,625,711.06.  Ex. C.

48.     From the inception of the case through judgment, Plaintiffs are seeking $145,207.15 for disbursements billed in connection with this litigation.  Ex. B; Ex. C; Stepanovich Dec. Ex. A; Storzer Dec. Ex. A.  These costs were and are of the type usually billed in addition to an attorney's hourly rates.  We did not submit costs for travel, hotels and meals, other than for deposition, trial and court appearances.

49.     Plaintiffs are seeking the total of $5,770,918.21 for all fees and disbursements in this case.   *See* ¶¶43, 45 and 48 herein; Exhibit C hereto.

50.     Attached hereto as **Exhibit R** is a true and correct copy of the summary judgment hearing in this case on July 7, 2015.

51.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:          Nanuet, New York
                May 13, 2020


                                        _/s/ Joseph A. Churgin_
                                        JOSEPH A. CHURGIN